The Honorable James L. Robart

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

| | |
|---|---|
| John Doe, Jane Doe, Jack Doe, Jason Doe, Julia Doe, Joseph Doe and James Doe, individually, and on behalf of all others similarly situated; the Episcopal Diocese of Olympia, and the Council on American Islamic Relations-Washington,<br><br>                              Plaintiffs,<br><br>        v.<br><br>Donald Trump, President of The United States; U.S. Department of State; Rex Tillerson, Secretary of State; U.S. Department of Homeland Security; John Kelly, Secretary of Homeland Security; U.S. Customs and Border Protection; Kevin McAleenan, Acting Commissioner of U.S. Customs and Border Protection; and Michele James, Field Director of the Seattle Field Office of U.S. Customs and Border Protection,<br><br>                              Defendants. | No. 2:17-cv-00178-JLR<br><br>MOTION FOR CLASS CERTIFICATION<br><br>NOTING DATE: BY STIPULATION[1]<br><br>ORAL ARGUMENT REQUESTED |

---

[1] The parties have stipulated, and the Court has ordered, that Defendants shall file a response to this motion within fourteen (14) days of the Ninth Circuit's ruling in *Hawai'i v. Trump,* and that Plaintiffs shall file a reply in support of class certification within seven (7) days after Defendants file their response. *See* Dkt. No. 18.

MOTION FOR CLASS
CERTIFICATION
(2:17-cv-00178-JLR) i

**AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION**
901 Fifth Avenue, Suite 630
Seattle, Washington 98164
TELEPHONE: (206) 624-2184

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (`206) 623-3384

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

II.   PROPOSED CLASS DEFINITIONS ................................................................ 2

III.  FACTUAL BACKGROUND .............................................................................. 3

      A.    Executive Order 13769 (EO-1) ................................................................ 3

      B.    Executive Order 13780 (EO-2) ................................................................ 4

      C.    Proposed Class Representatives ............................................................... 5

            1.    Non-Immigrant Class: Plaintiffs' Factual Backgrounds ........................ 5

            2.    Refugee Class: Plaintiffs' Factual Claims ............................................. 6

IV.   ARGUMENT ...................................................................................................... 7

      A.    Legal Standard ......................................................................................... 7

      B.    Plaintiffs' Action Satisfies the Requirements of Rule 23(a). ..................... 7

            1.    The Proposed Classes Are So Numerous That Joinder Is
                  Impracticable. .................................................................................... 7

            2.    Plaintiffs' Claims Present Common Questions of Law and
                  Fact. ................................................................................................ 12

            3.    The Claims of the Class Plaintiffs Are Typical of the
                  Claims of the Members of the Proposed Classes. ................................ 16

            4.    The Class Plaintiffs Will Adequately Protect the Interests
                  of the Proposed Class Members, and Counsel Are Qualified
                  to Litigate this Action. ..................................................................... 18

                  a.    Class Plaintiffs ......................................................................... 18

                  b.    Class Counsel .......................................................................... 19

      C.    Plaintiffs' Action Satisfies the Requirements of Rule 23(b)(2). ...................... 20

      D.    Plaintiffs' Action Satisfies the Requirements of Rule 23(b)(1). ...................... 23

V.    CONCLUSION ................................................................................................ 23

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
901 Fifth Avenue, Suite 630
Seattle, Washington 98164
TELEPHONE: (206) 624-2184

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (´206) 623-3384

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.D. v. T-Mobile USA, Inc.,*
   No. 15-180, 2016 WL 3882919 (W.D. Wash. July 18, 2016) ................................ 23

*Amchem Prod. Inc., v. Windsor,*
   521 U.S. 591 (1997) ................................................................................ 1, 20

*Amgen Inc. v. Connecticut Ret. Plans & Trust Funds,*
   133 S.Ct. 1184 (2013) ................................................................................ 11

*Armstrong v. Davis,*
   275 F.3d 849 (9th Cir. 2001), *abrogated on other grounds by Johnson v.*
   *California,* 543 U.S. 499 (2005) .......................................................... 15, 17

*Aziz v. Trump,*
   No. 17-116, 2017 WL 580855 (E.D. Va. Feb. 13, 2017) ............................ 3

*Baby Neal for & by Kanter v. Casey,*
   43 F.3d 48 (3d Cir. 1994) ................................................................ 21

*Bustamante v. Mukasey,*
   531 F.3d 1059 (9th Cir. 2008) ........................................................ 13

*In re Cooper Co. Inc., Sec. Litig.,*
   254 F.R.D. 628 (C.D. Cal. 2009) .................................................... 8

*Crawford v. Marion County Election Bd.,*
   533 U.S. 181 (2008) ........................................................................ 9

*Ellis v. Costco Wholesale Corp.,*
   657 F.3d 970 (9th Cir. 2011) .......................................................... 11

*Erickson v. Bartell Drug Co.,*
   141 F. Supp. 2d 1266 (W.D. Wash. 2001) .................................... 19

*Evon v. Law Offices of Sidney Mickell,*
   688 F.3d 1015 (9th Cir. 2012) .................................................. 12, 18

*Hanlon v. Chrysler Corp.,*
   150 F.3d 1011 (9th Cir.1998) ........................................................ 12

MOTION FOR CLASS
CERTIFICATION
(2:17-cv-00178-JLR) ii

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
901 Fifth Avenue, Suite 630
Seattle, Washington 98164
TELEPHONE: (206) 624-2184

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (`206) 623-3384

*Harris v. Palm Springs Alpine Est., Inc.*,
  329 F.2d 909 (9th Cir. 1964) ...................................................................................8

*Hawai'i v. Trump*,
  No. 17–50, 2017 WL 1167383 (D. Hi. Mar. 15, 2017).......................................4, 5

*Hickey v. City of Seattle*,
  236 F.R.D. 659 (W.D. Wash. 2006).........................................................................15

*Int'l Refugee Assistance Project v. Trump*,
  No. 17-361, 2017 WL 1018235 (D. Md. Mar. 16, 2017)..........................................4

*Jordan v. Cnty. of Los Angeles*,
  669 F.2d 1311 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982) ..............8, 18

*Just Film, Inc. v. Buono*,
  847 F.3d 1108 (9th Cir. 2017) .................................................................................16

*Khoury v. Asher*,
  3 F. Supp. 3d 877 (W.D. Wash. 2014) .....................................................................21

*Krzesniak v. Cendant Corp.*,
  No. C 05-5156, 2007 WL 1795703 (N.D. Cal. June 20, 2007) ...............................17

*LaDuke v. Nelson*,
  762 F.2d 1318 (9th Cir. 1985), amended, 796 F.2d 309 (9th Cir. 1986) ................17

*Lynch v. Rank*,
  604 F. Supp. 30 (N.D. Cal. 1984), *aff'd*, 747 F.2d 528 (9th Cir. 1984), *opinion amended on reh'g*, 763 F.2d 1098 (9th Cir. 1985)....................................................8

*Mazza v. Am. Honda Motor Co., Inc.*,
  666 F.3d 581 (9th Cir. 2012) ...................................................................................12

*McCluskey v. Trs. Of Red Dot Corp. Employee Stock Ownership Plan & Trust*,
  268 F.R.D. 670 (W.D. Wash. 2010)...........................................................................8

*Michery v. Ford Motor Co.*,
  650 F. App'x 338 (9th Cir. 2016) ...............................................................................9

*Nw. Immigrant Rights Project v. United States Citizenship & Immigration Servs.*,
  No. C15-0813, 2016 WL 5817078 (W.D. Wash. Oct. 5, 2016) ................................8

*Parsons v. Ryan*,
  754 F.3d 657 (9th Cir. 2014) ..........................................................................*passim*

MOTION FOR CLASS
CERTIFICATION
(2:17-cv-00178-JLR) iii

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
901 Fifth Avenue, Suite 630
Seattle, Washington 98164
TELEPHONE: (206) 624-2184

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (´206) 623-3384

*Perez-Funez v. Dist. Director, Immigration & Naturalization Serv.*,
  611 F. Supp. 990 (C.D. Cal. 1984)...................................................................................8, 19

*Reyes v. Fircrest Sch.*,
  No. C11-0778, 2012 WL 5878243 (W.D. Wash. Nov. 21, 2012) ...........................................9

*Rodriguez v. Hayes*,
  591 F.3d 1105 (9th Cir. 2010) .......................................................... 12, 16, 20, 21

*Rollins v. Traylor Bros.*,
  No. 14-1414, 2016 WL 258523 (W.D. Wash. Jan. 21, 2016) .............................................10

*Smith v. Univ. of Wash. Law Sch.*,
  2 F. Supp. 2d 1324 (W.D. Wash. 1998) .....................................................................17

*Stewart v. Associates Consumer Discount Co.*,
  183 F.R.D. 189 (E.D. Pa. 1998)...............................................................................10

*Stockwell v. City & Cnty. of San Francisco*,
  749 F.3d 1107 (9th Cir. 2014) ...............................................................................12

*Tanedo v. E. Baton Rouge Par. Sch. Bd.*,
  No. 10-1172, 2011 WL 7095434 (C.D. Cal. Dec. 12, 2011).............................................10

*Torres v. Mercer Canyons Inc.*,
  835 F.3d 1125 (9th Cir. 2016) ...............................................................................12

*Unthaksinkun v. Porter*,
  No. C11-588, 2011 WL4502050 (W.D. Wash. Sept. 28, 2011)..........................................22

*Wal-Mart Stores, Inc. v. Dukes, et al.*,
  131 S.Ct. 2541, 2551 (U.S. 2011) .......................................................... 12, 16, 21

*Walters v. Reno*,
  145 F.3d 1032 (9th Cir. 1998) ..............................................................2, 7, 21

*Wang v. Chinese Daily News, Inc.*,
  737 F.3d 538 (9th Cir. 2013) ...............................................................................12

*Washington v. Trump*,
  847 F.3d 1151 (9th Cir. 2017), *reconsideration en banc denied*, 2017 WL
  992527 (9th Cir. Mar. 15, 2017) ...........................................................................4, 13

**Statutes**

Administrative Procedure Act ...............................................................................13, 14

MOTION FOR CLASS
CERTIFICATION
(2:17-cv-00178-JLR) iv

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
901 Fifth Avenue, Suite 630
Seattle, Washington 98164
TELEPHONE: (206) 624-2184

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (´206) 623-3384

Civil Rights Act Title VII................................................................................19

INA § 212(a)(3)(C)(iii) ...................................................................................14

Religious Freedom Restoration Act ..........................................................13, 14

**Other Authorities**

82 Fed. Reg. 8977 (Feb. 1, 2017) .....................................................................1

82 Fed. Reg. 13209 (Mar. 9, 2017) ..........................................................*passim*

Fed. R. Civ. P. 23 ............................................................... 1, 7, 11, 21

Fed. R. Civ. P. 23(a)................................................................. *passim*

Fed. R. Civ. P. 23(b) ................................................................*passim*

Fed. R. Civ. P. 23(c)(1) .................................................................10

Fed. R. Evid. 201 ............................................................................9

Wright & Miller, 7AA Fed. Prac. & Proc. Civ. § 1766 (3d ed.).........................13, 21

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
901 Fifth Avenue, Suite 630
Seattle, Washington 98164
TELEPHONE: (206) 624-2184

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (´206) 623-3384

# I.    INTRODUCTION

Plaintiffs move for class certification in their action challenging Executive Order 13780, titled "Protecting the Nation from Foreign Terrorist Entry into the United States," 82 Fed. Reg. 13209 (Mar. 9, 2017) ("EO-2"). EO-2 is in substance and design the same as President Trump's first Executive Order [Executive Order 13769, also titled "Protecting the Nation from Foreign Terrorist Entry into the United States," 82 Fed. Reg. 8977 (Feb. 1, 2017)] ("EO-1"). And it is part and parcel of President Donald Trump's unwarranted and unprecedented attempt to use his executive power to implement a Muslim ban by categorically banning nationals of six predominantly Muslim countries[2] ("Designated Countries") and refugees and their families from entering the United States in violation of the Constitution and federal law.

Caught in the crosshairs of Defendants' attempt to fulfill President Trump's campaign promises to "ban Muslims" sit (1) Jack Doe, Jason Doe, and Julia Doe, who are students or researchers from the Designated Countries who reside in the United States and fear they will not be allowed back into the United States if they visit family abroad or attend professional conferences; and (2) Joseph Doe and James Doe, who are refugees who fled torture and war but cannot reunite with their spouses and children, who have passed all clearances to join them but are now left in limbo due to EO-2. These Plaintiffs seek to protect themselves and others similarly situated to them.

Civil rights cases such as this one involving claims of "unlawful, class-based discrimination are prime examples [of Rule 23 class actions]." *Amchem Prod. Inc., v. Windsor*, 521 U.S. 591, 614 (1997). Specifically, "[Rule] 23(b)(2) was adopted in order to permit the

---

[2] The six countries singled out by EO-2 are Iran, Libya, Somalia, Sudan, Syria, and Yemen.

MOTION FOR CLASS
CERTIFICATION
(2:17-cv-00178-JLR) 1

**AMERICAN CIVIL LIBERTIES UNION**
**OF WASHINGTON FOUNDATION**
901 Fifth Avenue, Suite 630
Seattle, Washington 98164
TELEPHONE: (206) 624-2184

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (´206) 623-3384

prosecution of civil rights actions." *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998) (citing the Advisory Committee Notes for Fed. R. Civ. P. 23). Further, challenges to a uniform policy on immigration such as EO-2 are the type of challenge that the Ninth Circuit has held to be properly certified under Rule 23(b)(2). *Id.* (affirming certification of Rule 23(b)(2) class challenging immigration procedures). Because this case presents the classic situation for class certification under Rule 23(b)(2) or (b)(1) and Plaintiffs will be able to meet all the requirements of Rule 23(a), their motion should be granted.

## II.     PROPOSED CLASS DEFINITIONS

Plaintiffs seek to certify two classes for declaratory and injunctive relief pursuant to Federal Rules of Civil Procedure 23(b)(2) or 23(b)(1) and request that Jack Doe, Jason Doe, Julia Doe, Joseph Doe and James Doe (collectively "Class Plaintiffs")[3] be appointed as class representatives as follows:

### 1.     Non-Immigrant Class

Plaintiffs request that Jack Doe, Jason Doe, and Julia Doe be appointed as class representatives for a class consisting of: All Washington residents who are nationals of the Designated Countries who entered the United States on a non-immigrant visa and who do not have unexpired multiple-entry visas; and

### 2.     Refugee Class

Plaintiffs request that Joseph Doe and James Doe be appointed as class representatives for a class consisting of: All refugees and asylees, including those who have since adjusted their status to Lawful Permanent Resident, who now reside in Washington, and who have filed I-730 petitions

---

[3] Plaintiffs Jane Doe, John Doe, the Episcopal Diocese of Olympia, and the Council on American Islamic Relations-Washington do not seek appointment as class representatives but, rather, bring their claims on their own behalves.

MOTION FOR CLASS
CERTIFICATION
(2:17-cv-00178-JLR)  2

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
901 Fifth Avenue, Suite 630
Seattle, Washington 98164
TELEPHONE: (206) 624-2184

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (´206) 623-3384

for and await the arrival of their family members who have completed and cleared their final security screenings.

### III.    FACTUAL BACKGROUND

This Court is no stranger to EO-2 and its short but storied history. But a brief discussion of the Order and its predecessor is integral to evaluating classwide treatment of Plaintiffs' claims.

### A.    Executive Order 13769 (EO-1)

Donald Trump's campaign unequivocally called for "a total and complete shutdown of Muslims entering the United States," First Amended Complaint ("FAC") ¶ 153 (ECF Doc. No. 10) and he made the Muslim ban "a centerpiece of [his] campaign for months." *Aziz v. Trump*, No. 17-116, 2017 WL 580855, at *8 (E.D. Va. Feb. 13, 2017). On January 27, 2017, President Trump signed EO-1, officially establishing his promised Muslim ban. *See generally,* FAC, § IV.A.3. After reading the title of the Original Order when signing it, Defendant Trump said, "We all know what that means." FAC ¶ 159. The same day he signed EO-1, Defendant Trump gave an interview in which he decried how "unfair" it was that "[i]f you were a Muslim you could come in, but if you were a Christian, it was almost impossible." *Id.* at ¶ 160. The next day, a senior advisor to Trump confirmed that Defendant Trump sought out his advice on "the right way" to implement a Muslim ban. *Id.* at ¶ 164.

Days after EO-1 sent the nation's airports into chaos and upended thousands of lives, this Court enjoined the Order, thus recognizing the irreparable harm the policy had on those caught in its grasp. *See Washington v. Trump*, No. 2:17-cv-141, Dkt. 52 (W.D. Wash. Feb. 3, 2017). Defendant Trump filed a notice of appeal and emergency motion to stay this Court's order which

MOTION FOR CLASS
CERTIFICATION
(2:17-cv-00178-JLR) 3

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
901 Fifth Avenue, Suite 630
Seattle, Washington 98164
TELEPHONE: (206) 624-2184

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (`206) 623-3384

was denied. *Washington v. Trump*, 847 F.3d 1151, 2017 (9th Cir. 2017), *reconsideration en banc denied*, 2017 WL 992527 (9th Cir. Mar. 15, 2017).

### B.   Executive Order 13780 (EO-2)

Despite public statements insisting on his authority to carry out the actions outlined in the Order and vowing to fight ("SEE YOU IN COURT, THE SECURITY OF OUR NATION IS AT STAKE!", FAC ¶ 235), Defendant Trump revoked EO-1 and issued a new Executive Order. Although EO-2-purported to remove all concerns of illegality, Defendant Trump's Senior Advisor admitted that the new order would still offer "the same basic policy outcome for the country" and "those policies are still going to be in effect." *Id.* at ¶ 170.

Despite the supposed urgent threat to the United States from the foreign nationals pouring into the country,[4] Defendant Trump postponed signing EO-2 until March 6, 2017, FAC ¶¶ 171-173, and then delayed the effective date by an additional 10 days to March 16, 2017. FAC ¶ 178. As cables from Defendant Tillerson to consular officials around the world made clear, a uniform set of instructions was also issued to all embassies to implement EO-2.[5] *See* Exhibits 2 and 3A-D to Declaration of Tana Lin ("Lin Decl.").

On March 15, 2017, a district court in Hawai'i granted a temporary restraining order ("TRO") preventing Sections 2 and 6 of EO-2 from taking effect, *Hawai'i v. Trump*, No. 17–50, 2017 WL 1167383 (D. Hi. Mar. 15, 2017), and a Maryland court granted a TRO enjoining section 6 of EO-2 the next day. *Int'l Refugee Assistance Project v. Trump*, No. 17-361, 2017 WL 1018235

---

[4] Defendant Trump proclaimed: "our country [is] in such peril… People pouring in. Bad!", "THE SECURITY OF OUR NATION IS AT STAKE!", -and "'77% of refugees allowed into U.S. since travel reprieve hail from seven suspect countries.' (WT) [sic] SO DANGEROUS!" FAC ¶ 235.

[5] Yeganeh Torbati, Mica Rosenberg, & Arshad Mohammed, Exclusive: *U.S. Embassies Ordered to Identify Population Groups for Tougher Visa Screening*, Reuters (Mar. 23, 2017), *available at* http://www.reuters.com/article/us-usa-immigration-visas-exclusive-idUSKBN16U12X (last accessed Apr. 6, 2017).

MOTION FOR CLASS
CERTIFICATION
(2:17-cv-00178-JLR) 4

**AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION**
901 Fifth Avenue, Suite 630
Seattle, Washington 98164
T E L E P H O N E : (206) 624-2184

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
T E L E P H O N E : (206) 623-1900
F A C S I M I L E : (`206) 623-3384

(D. Md. Mar. 16, 2017). Two weeks later, the Hawaiʻi court granted a preliminary injunction against EO-2. *Hawaiʻi v. Trump*, No. 17–50, 2017 WL 1167383 (D. Hi. Mar. 29, 2017). Despite the alleged "peril" caused by the courts enjoining the executive orders,[6] Defendants have agreed to case schedules in the appeals of the Hawaiʻi and Maryland orders that will not be heard until early May 2017.[7]

The cosmetic changes to the second executive order provide no relief to Plaintiffs and class members. As Defendant Trump admitted while decrying the Hawaiʻi TRO at a rally the day after it was issued, EO-2 was just a "watered-down version" of his original order.[8] The intent behind EO-2 remains the same as EO-1: it is a ban on travel for nationals of six Muslim-majority countries: Iran, Libya, Somalia, Sudan, Syria, and Yemen. EO-2 also, like EO-1, completely blocks the entry of refugees for 120 days.

**C.    Proposed Class Representatives**

**1.    Non-Immigrant Class: Plaintiffs' Factual Backgrounds**

Plaintiffs Jason Doe, Jack Doe, and Julia Doe seek to represent the Non-Immigrant Class. Each of them is a citizen of one of the Designated Countries, and each came to the United States to pursue graduate education and related practical training. *See* Declaration of Jason Doe ("Jason Decl.") ¶¶ 2-5, 7; Declaration of Jack Doe ("Jack Decl.") ¶¶ 2-4; Declaration of Julia Doe ("Julia

---

[6] After the TRO entered by this Court with regard to EO-1, Defendant Trump tweeted, "Just cannot believe a judge would put our country in such peril. If something happens blame him and court system. People pouring in. Bad!" FAC ¶ 235.

[7] *Hawaiʻi v. Trump*, No. 17–50, Dkt. 278 (D. Hi. Apr. 3, 2017) and *Int'l Refugee Assistance Project v. Trump*, No. 17-361, Dkt. 169 (D. Md. Mar. 22, 2017).

[8] Matt Zapotosky, Kalani Takase, & Marla Sacchetti, *Federal Judge in Hawaii Freezes President Trump's New Entry Ban*, Washington Post (Mar. 16, 2017), *available at* https://www.washingtonpost.com/local/social-issues/lawyers-face-off-on-trump-travel-ban-in-md-court-wednesday-morning/2017/03/14/b2d24636-090c-11e7-93dc-00f9bdd74ed1_story.html?utm_term=.8440582c7835&wpisrc=nl_buzz&wpmm=1 (last accessed Apr. 4, 2017).

MOTION FOR CLASS CERTIFICATION (2:17-cv-00178-JLR) 5

AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON FOUNDATION
901 Fifth Avenue, Suite 630
Seattle, Washington 98164
TELEPHONE: (206) 624-2184

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (´206) 623-3384

Decl.") ¶¶ 2-3, 6-7. After completing the rigorous visa application process, each of these Plaintiffs obtained and used a single-entry or now expired multiple-entry non-immigrant visa to enter the United States to begin his or her graduate training. Jason Decl. ¶ 6; Jack Decl. ¶ 5; Julia Decl. ¶ 4. The issuance of EO-2, however, leaves these Plaintiffs fearful that, if they leave the United States to attend professional conferences or visit family (as their visas allow), they will not be permitted to return to the United States, their studies or work in Washington State, and/or their family members here. Jason Decl. ¶¶ 7-9; Jack Decl. ¶ 8;  Julia Decl. ¶ 6. These Plaintiffs' research and careers have suffered and will continue to suffer for as long as EO-2 is in place. Jason Decl. ¶ 7; Jack Decl. ¶¶ 9-10; Julia Decl. ¶ 7. In addition, each of these Plaintiffs brings this action under a pseudonym because s/he fears retaliation. Jason Decl. ¶ 18; Jack Decl. ¶ 19; Julia Decl. ¶ 16.

### 2.    Refugee Class: Plaintiffs' Factual Claims

Plaintiffs Joseph Doe and James Doe seek to represent the Refugee Class. Plaintiffs Joseph Doe and James Doe and members of the Class are refugees or asylees, including those who have since adjusted their status to Lawful Permanent Resident, and who reside in Washington. *See* Declaration of Joseph Doe ("Joseph Decl.") ¶¶ 2-9; Declaration of James Doe ("James Decl.") ¶¶ 2-9. Each has filed I-730 "follow-to-join" relative petitions and now awaits the arrival of family members who have completed and cleared every required screening—including the extensive and thorough security screenings conducted by Defendants. Joseph Decl. ¶¶ 8, 10; and James Decl. ¶¶ 8, 10. Although their family members' applications have been approved and they are essentially only waiting for final travel arrangements to be made, Joseph Doe and James Doe are fearful that EO-2 will indefinitely delay their families' arrivals: even if their travel is scheduled after the 120-day delay, the refugee "cap" may be reached before their loved ones are admitted. Joseph Decl. ¶¶ 10-12; James Decl. ¶¶ 10-12. In addition, Joseph Doe and James Doe bring this action under

pseudonyms because they fear retaliation against themselves and their family members. Joseph Decl. ¶ 21; James Decl. ¶ 21.

## IV.   ARGUMENT

### A.   Legal Standard

In determining whether to certify a class, the Court must determine whether each proposed class meets the four requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a). In addition to meeting the requirements of Rule 23(a), the class must also satisfy at least one section of Rule 23(b). Class Plaintiffs seek to certify the classes under Rule 23(b)(2) or Rule 23(b)(1)(A). The central question in this case—whether EO-2, which calls for a uniform policy of exclusion that will be implemented against Class Plaintiffs and all others similarly situated, violates the Constitution and federal law—is the paradigmatic question appropriate for class certification. Indeed, EO-2 will be implemented on a nationwide (and worldwide) basis. *Walters*, 145 F.3d at 1032 (affirming certification of Rule 23(b)(2) class challenging immigration procedures as "precisely the sorts of claims that Rule 23(b)(2) was designed to facilitate").

Class Plaintiffs easily satisfy the requirements for certification under Rule 23.

### B.   Plaintiffs' Action Satisfies the Requirements of Rule 23(a).

#### 1.   The Proposed Classes Are So Numerous That Joinder Is Impracticable.

Rule 23(a)(1) requires that the proposed class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). For purposes of the rule, "'impracticability' does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Est., Inc.*, 329 F.2d 909, 913–14 (9th Cir. 1964) (citation omitted). The rule does not set a minimum number of class members to meet Rule 23(a)(1). *See Perez-Funez*

MOTION FOR CLASS
CERTIFICATION
(2:17-cv-00178-JLR) 7

**AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION**
901 Fifth Avenue, Suite 630
Seattle, Washington 98164
TELEPHONE: (206) 624-2184

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (`206) 623-3384

*v. Dist. Director, Immigration & Naturalization Serv.*, 611 F. Supp. 990, 995 (C.D. Cal. 1984). However, classes of just a few dozen class members have been certified, *see, e.g.*, *McCluskey v. Trs. Of Red Dot Corp. Employee Stock Ownership Plan & Trust*, 268 F.R.D. 670, 674–76 (W.D. Wash. 2010) (class of 27 sufficient), and classes with over 40 members are presumptively considered sufficiently numerous. *See In re Cooper Co. Inc., Sec. Litig.*, 254 F.R.D. 628, 634 (C.D. Cal. 2009); *Jordan v. Cnty. of Los Angeles*, 669 F.2d 1311, 1319 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982).

In evaluating numerosity, "a court may draw a reasonable inference of class size from the facts before it." *Lynch v. Rank*, 604 F. Supp. 30, 36 (N.D. Cal. 1984), *aff'd*, 747 F.2d 528 (9th Cir. 1984), *opinion amended on reh'g*, 763 F.2d 1098 (9th Cir. 1985), and a court need not know the exact size of the putative class, "so long as general knowledge and common sense indicate that it is large." *Perez-Funez*, 611 F. Supp. at 995. This Court has found the numerosity requirement satisfied where "general knowledge," and "common sense," show that a class is sufficiently large. *See Nw. Immigrant Rights Project v. United States Citizenship & Immigration Servs.*, No. C15-0813JLR, 2016 WL 5817078, at *18 (W.D. Wash. Oct. 5, 2016) (citing *Perez–Funez*, 611 F. Supp. at 995, and finding evidence of USCIS processing times and application totals sufficient to meet Rule 23(a)(1)).

In this case, publicly available data published by two of the defendants themselves, Defendants Department of State and Department of Homeland Security, as well as other governmental entities, demonstrate that the proposed classes satisfy the numerosity requirement.[9]

---

[9] This Court can take judicial notice of the data, compiled by Defendants and other government agencies, on publicly available websites. *See* Fed. R. Evid. 201 (judicial notice proper where facts are not subject to reasonable dispute due to their ability to be accurately and readily determined from sources beyond question); *see also Crawford v. Marion County Election Bd.*, 533 U.S. 181, 199 n.18 (2008) (taking judicial notice of facts from a

MOTION FOR CLASS
CERTIFICATION
(2:17-cv-00178-JLR) 8

**AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION**
901 Fifth Avenue, Suite 630
Seattle, Washington 98164
TELEPHONE: (206) 624-2184

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (˜206) 623-3384

First, with respect to the Non-Immigrant Class, the facts are sufficient for the Court to reasonably infer that the class is sufficiently numerous. According to the Annual Report of the Visa Office of the U.S. Department of State, in 2016, the United States issued over 53,440 non-immigrant visas to nationals from the Designated Countries.[10] The University of Washington alone currently has 157 students from the Designated Countries, many of whom are on single-entry visas and, therefore, are members of the Non-Immigrant Class. *See* Exhibit 4 to Lin Decl., Fourth Declaration of Asif Chaudhry in *Washington v. Trump*, No. 2:17-cv-141, Dkt. 118-18 (W.D. Wash. Mar. 13, 2017). And other private and public colleges in Washington have similarly situated students.

Plaintiffs' proposed Refugee Class is also sufficiently numerous. Washington is the eighth largest refugee-receiving state.[11] Between 2010 and 2016, the state of Washington welcomed 16,504 refugees from 46 countries.[12] In FY 2015 alone, 2,625 refugees arrived in Washington.[13] In addition, it is likely that hundreds or thousands of individuals who have been granted asylum

---

government website); *Michery v. Ford Motor Co.*, 650 F. App'x 338, 342 n.2 (9th Cir. 2016) (taking judicial notice of publicly available National Highway Traffic Safety Administration data); *Reyes v. Fircrest Sch.*, No. C11-0778JLR, 2012 WL 5878243, at *1 n.1 (W.D. Wash. Nov. 21, 2012).

[10] Report of the Visa Office 2016, *Table XVIII: Nonimmigrant Visas Issued by Nationality*, U.S. Dep't of State – Bureau of Consular Affairs (2015), *available at* https://travel.state.gov/content/dam/visas/Statistics/AnnualReports/FY2016AnnualReport/FY16AnnualReport-TableXVIII.pdf (last accessed Apr. 5, 2017).

[11] Office of Refugee and Immigrant Assistance Data, *Data on Immigrants and Refugees: Seattle Immigrant and Refugee Data Sheet*, Seattle Government (2017), *available at* https://www.seattle.gov/iandraffairs/data#snapshot (last accessed Apr. 4, 2017).

[12] Kara McDermott, *Where Seattle's Refugees Come From and Other Things You Should Know*, KUOW News (Sep. 10, 2016), *available at* http://kuow.org/post/where-seattles-refugees-come-and-other-things-you-should-know (last accessed Apr. 4, 2017).

[13] Office of Refugee Resettlement: *FY 2015 Served Populations by State and County of Origin*, U.S. Dep't of Health & Human Services (Apr. 22, 2016), *available at* https://www.acf.hhs.gov/orr/resource/fy-2015-refugees-by-state-and-country-of-origin-all-served-populations (last accessed Apr. 4, 2017).

MOTION FOR CLASS
CERTIFICATION
(2:17-cv-00178-JLR) 9

**AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION**
901 Fifth Avenue, Suite 630
Seattle, Washington 98164
TELEPHONE: (206) 624-2184

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (`206) 623-3384

live in Washington, as the U.S. government grants asylum to roughly 25,000 people each year.[14] Plaintiffs' proposed Refugee Class is a subset of these Washington residents—refugees and asylees who have filed I-730 petitions and whose families have completed screening—but these data are sufficient for the Court to reasonably infer that the number of individuals in the proposed Refugee Class exceeds the general benchmark of 40 people and satisfies the numerosity requirement.

With likely thousands of non-immigrants hailing from the Designated Countries and as well as refugees and asylees now living in Washington, numerosity is not a close question here; but even were it so, the Court should nonetheless certify the proposed classes. *See Stewart v. Associates Consumer Discount Co.*, 183 F.R.D. 189, 194 (E.D. Pa. 1998) ("[W]here the numerosity question is a close one, the trial court should find that numerosity exists, since the court has the option to decertify the class later pursuant to Rule 23(c)(1).").

In addition, in determining numerosity, "courts also consider whether class members 'may be unwilling to sue [ ] individually out of fear of retaliation,'" *Rollins v. Traylor Bros.*, No. 14-1414, 2016 WL 258523, at *5 (W.D. Wash. Jan. 21, 2016) (citation omitted), because "joinder may be impracticable if potential class members fear retaliation for suing independently." *Tanedo v. E. Baton Rouge Par. Sch. Bd.,* No. 10-1172, 2011 WL 7095434, at *6 (C.D. Cal. Dec. 12, 2011) (citing *Mullen v. Treasure Chest Casino, L.L.C.*, 186 F.3d 620, 625 (5th Cir.1999)). Class Plaintiffs have explained that they are participating in this case under pseudonyms because they fear harassment and retaliation for participating in this lawsuit. *See* Jason Decl. ¶ 18; Jack Decl. ¶ 19;

---

[14] *Yearbook of Immigration Statistics: Table 16. Individuals Granted Asylum Affirmatively or Defensively: Fiscal Years 1990 To 2015.* Dep't of Homeland Security (Dec. 15, 2016), *available at* https://www.dhs.gov/immigration-statistics/yearbook/2015/table16 (last accessed Apr. 4, 2017).

MOTION FOR CLASS
CERTIFICATION
(2:17-cv-00178-JLR) 10

**AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION**
901 Fifth Avenue, Suite 630
Seattle, Washington 98164
TELEPHONE: (206) 624-2184

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Julia Decl. ¶ 16; Joseph Decl. ¶ 21; James Decl. ¶ 21. *See also* Stipulation and Order to Allow Plaintiffs to Proceed Anonymously, ECF. No. 14.

The Plaintiffs' fear of retaliation is justified:  there was widespread publicity concerning Defendant Trump's firing of Acting Attorney General Sally Yates for speaking out against EO-1,[15] and Defendant Trump has consistently engaged in anti-Muslim and anti-immigrant rhetoric, stirring up concerns that "the 'bad' would rush into our country…A lot of bad 'dudes' out there!"[16] After EO-1 was enjoined, Defendant Trump unleashed a torrent of tweets proclaiming that the "THE SECURITY OF OUR NATION IS AT STAKE!"[17] without the travel ban, "[b]ad people are very happy!"[18] and "dangerous people may be pouring into our country."[19] There have also been public reports that certain officers acting at the direction of Defendants have exerted undue pressure on those who were subject to EO-1—including pressuring individuals to waive their rights to reside in the United States and forcibly removing them before courts could rule on their challenges to EO-1.[20] Further, since the issuance of EO-1 and the publicity surrounding the litigation of the order, national news outlets reported on anti-Muslim harassment around the

---

[15] Michael Shear, Mark Landler, Matt Apuzzo, & Eric Lichtblau, *Trump Fires Acting Attorney General Who Defied Him*, N.Y. Times (Jan. 30, 2017), available at https://www.nytimes.com/2017/01/30/us/politics/trump-immigration-ban-memo.html (last accessed Apr. 4, 2017).

[16] Donald J. Trump (@realDonaldTrump, Twitter (Jan. 30, 2017 5:31 AM), https://twitter.com/realdonaldtrump/status/826060143825666051

[17] Donald J. Trump (@realDonaldTrump), Twitter (Feb. 9, 2017, 3:35 PM), https://twitter.com/realDonaldTrump/status/829836231802515457.

[18] Donald J. Trump (@realDonaldTrump), Twitter (Feb. 4, 2017, 4:48 PM), https://twitter.com/realDonaldTrump/status/828042506851934209.

[19] Donald J. Trump (@realDonaldTrump), Twitter (Feb. 4, 2017, 1:44 PM), https://twitter.com/realDonaldTrump/status/827996357252243456.

[20] Oliver Laughland & Joanna Walters, *Immigration officials coerced Yemenis to sign away green cards, suit claims*, The Guardian (Jan. 30, 2017), *available at* https://www.theguardian.com/us-news/2017/jan/30/trump-travel-ban-yemenis-coerced-relinquish-green-card (last accessed Apr. 5, 2017); Matt Zapotosky, *Federal judge orders U.S. to return Iranian who was deported under new order*, Washington Post, Jan. 29, 2017, *available at* https://www.washingtonpost.com/news/post-politics/wp/2017/01/29/banorder/?utm_term=.00ea8aee3144 (last accessed Apr. 5, 2017).

MOTION FOR CLASS CERTIFICATION
(2:17-cv-00178-JLR) 11

**AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON FOUNDATION**
901 Fifth Avenue, Suite 630
Seattle, Washington 98164
TELEPHONE: (206) 624-2184

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (`206) 623-3384

country, including in Washington.[21] Given all these facts, it is objectively reasonable for class members whom Defendant Trump has demonized as "bad people"[22] to be afraid to come forward out of fear of retaliation or harassment by the government or others for participating in this lawsuit. Given Defendants' own statistics regarding the number of non-immigrants and refugees in the United States, other publicly available data regarding the number of class members likely in Washington, and the fact that many class members are likely too afraid to participate in the action out of fear of retaliation or harassment, Plaintiffs readily satisfy the numerosity requirement of Rule 23(a)(1).

## 2.     Plaintiffs' Claims Present Common Questions of Law and Fact.

Rule 23(a)(2) requires that a class action raise "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2).[23] It is not necessary that members of the proposed class "share every fact in common or completely identical legal issues." *Rodriguez v. Hayes*, 591 F.3d 1105, 1122 (9th Cir. 2010). Rather, the "existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the

---

[21] *See e.g.*, Eric Levenson, *911 Calls Reveal the Kansas Suspect Thought He'd Shot 'Two Iranians'*, CNN (Feb. 28, 2017), available at http://www.cnn.com/2017/02/27/us/kansas-olathe-bar-shooting-indian-court (last accessed Apr. 6, 2017); Sandi Doughton, *FBI Aids in Investigation into Shooting of Sikh Man in Kent*, Seattle Times (Mar. 5, 2017), *available at* http://www.seattletimes.com/seattle-news/crime/fbi-aids-in-investigation-into-shooting-of-sikh-man-in-kent/ (last accessed Apr. 6, 2017).

[22] Defendant Trump proclaimed: "The judge opens up our country to potential terrorists and others that do not have our best interests at heart. Bad people are very happy!" FAC ¶ 235.

[23] That Plaintiffs must present common questions is not to say that the Court must agree with their presumed answer. Plaintiffs need not show at the class certification stage that they will prevail on the merits. *See, e.g.*, *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 133 S.Ct. 1184, 1194–95 (2013) ("Although we have cautioned that a court's class-certification analysis must be 'rigorous' and may 'entail some overlap with the merits of the plaintiff's underlying claim,' Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage.") (quoting *Dukes*, 131 S.Ct. at 2551); *Parsons v. Ryan*, 754 F.3d 657, 676 n.19 (9th Cir. 2014); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 n.8 (9th Cir. 2011) (emphasizing that "whether class members could actually prevail on the merits of their claims" is not a proper inquiry in determining "whether common questions exist.").

MOTION FOR CLASS
CERTIFICATION
(2:17-cv-00178-JLR) 12

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
901 Fifth Avenue, Suite 630
Seattle, Washington 98164
TELEPHONE: (206) 624-2184

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (´206) 623-3384

class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir.1998). Because Plaintiffs' claims present common contentions whose truth or falsity can be determined in one stroke, they have satisfied Rule 23's commonality requirement. *See Dukes*, 131 S.Ct. at 2551.

Moreover, the rule does not require that "every question in the case, or even a preponderance of questions, is capable of class wide resolution." *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 544 (9th Cir. 2013) (citation omitted). To satisfy Rule 23(a)(2) commonality, "'even a single [common] question' will do." *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1133 (9th Cir. 2016) (quoting *Dukes*, 564 U.S. at 359); *see also Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 589 (9th Cir. 2012) (stating that "commonality only requires a single significant question of law or fact"); *Parsons v. Ryan*, 754 F.3d 657, 675 (9th Cir. 2014) (reiterating rule). Thus, "[w]here the circumstances of each particular class member vary but retain a common core of factual or legal issues with the rest of the class, commonality exists." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1029 (9th Cir. 2012) (quotation marks and citation omitted).

"To assess whether the putative class members share a common question, the answer to which 'will resolve an issue that is central to the validity of each one of the [class members'] claims,' we must identify the elements of the class members's [sic] case-in-chief." *Stockwell v. City & Cnty. of San Francisco*, 749 F.3d 1107, 1114 (9th Cir. 2014) (quoting *Dukes*, 131 S.Ct. at 2551); *see also Parsons*, 754 F.3d at 676. In the instant case, the proposed class members allege common harms: the unlawful and discriminatory suspension of entry of members of the Non-Immigrant Class, and the unlawful and discriminatory suspension of the entry of refugees and families of refugees and asylees with approved "follow-to-join" petitions. For many class members, these harms are compounded by an interference with their liberty interests in marriage, family life, and child-rearing. *See*, e.g., *Bustamante v. Mukasey*, 531 F.3d 1059, 1062 (9th Cir.

MOTION FOR CLASS
CERTIFICATION
(2:17-cv-00178-JLR) 13

**AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION**
901 Fifth Avenue, Suite 630
Seattle, Washington 98164
TELEPHONE: (206) 624-2184

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (`206) 623-3384

2008) ("Freedom of personal choice in matters of marriage and family life is, of course, one of the liberties protected by the Due Process Clause"); *see also Washington*, 847 F.3d at 1165 ("The procedural protections provided by the Fifth Amendment's Due Process Clause are not limited to citizens" and "'apply to all 'persons' within the United States, including aliens.'") (quoting *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001)). For others, these harms are also accompanied by an interference with their employment prospects and future livelihood.

"[C]lass suits for injunctive or declaratory relief," like this case, "by their very nature often present common questions satisfying Rule 23(a)(2)." 7A WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE § 1763 at 226. Class Plaintiffs here present a number of common questions of law and fact going to the heart of their claims, such as the following:

- For both the Non-Immigrant and Refugee Classes: Whether EO-2 violates their associational, religious exercise, and due process rights under the First and Fifth Amendments; the Religious Freedom Restoration Act; and the Administrative Procedure Act as well as whether EO-2 violates the establishment clause of the First Amendment;

- For both the Non-Immigrant and Refugee Classes: Whether EO-2 has the effect of imposing a special disability on the basis of religious views or religious status, by closing important immigration procedures principally to Muslims on account of their religion in violation of the Religious Freedom Restoration Act;

- For both the Non-Immigrant and Refugee Classes: Whether Defendants other than Defendant Trump fulfilled the procedural and substantive requirements of the Administrative Procedure Act before taking action affecting the substantive rights of the Plaintiffs;

MOTION FOR CLASS
CERTIFICATION
(2:17-cv-00178-JLR) 14

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
901 Fifth Avenue, Suite 630
Seattle, Washington 98164
TELEPHONE: (206) 624-2184

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (`206) 623-3384

- For the Non-Immigrant Class: Whether EO-2 is being or will be enforced so as to bar them from traveling abroad or impose additional burdens upon them such as requiring them to seek a waiver if they seek to travel abroad, in violation of the Fifth Amendment;

- For the Non-Immigrant Class: Whether Defendants have exceeded the scope of their delegated authority because their actions are contrary to INA § 212(a)(3)(C)(iii), which prohibits ideological exclusions like those embodied in Defendants' Order;

- For the Refugee Class: Whether EO-2 is being or will be enforced so as to deprive them of their property interests in their already approved I-730 petitions in violation of the procedural due process guaranteed by the Fifth Amendment; and

- For the Refugee Class: Whether EO-2 is being or will be enforced so as to deprive them of their liberty interest in their marriage and family lives in violation of the substantive due process guaranteed by the Fifth Amendment.

*See* FAC § VI.  Because the answers to each of these questions will be common to one or both of the classes and will wholly resolve the claims of each class, Plaintiffs satisfy Rule 23(a)(2). *See Parsons v. Ryan*, 754 F.3d 657, 674–75 (9th Cir. 2014) ("What matters to class certification ... is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation.") (citing *Dukes*, 131 S. Ct. at 2551).

As the Ninth Circuit has observed, "commonality is satisfied where the lawsuit challenges a system-wide practice or policy that affects all of the putative class members." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499, 504–05 (2005). "In such circumstance, individual factual differences among the individual litigants or groups of litigants will not preclude a finding of commonality."

MOTION FOR CLASS
CERTIFICATION
(2:17-cv-00178-JLR) 15

**AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION**
901 Fifth Avenue, Suite 630
Seattle, Washington 98164
TELEPHONE: (206) 624-2184

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (`206) 623-3384

*Id.*[24] Thus, the common questions of law and fact raised by Plaintiffs' claims will be answered by common evidence regarding Defendants' common conduct, even if each class member may experience the harm resulting from that conduct differently. As to the Non-Immigrant Class, Plaintiffs do not challenge Defendants' individual treatment of any particular visa holder or applicant, but the policy itself. And similarly for the Refugee Class, what is at issue is the policy addressed to all refugees, not conduct aimed at any specific refugee.

Because Defendants' unconstitutional Order serves as the "glue" that holds together the putative class members, whereby EO-2 is unlawful as to every class member or is not, the Court need not determine the effect of the Order upon any individual Plaintiff (or class members) or undertake any other kind of individualized determination. *Parsons*, 754 F.3d at 678. Accordingly, the questions presented by their claims are common.

### 3. The Claims of the Class Plaintiffs Are Typical of the Claims of the Members of the Proposed Classes.

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality under Rule 23(a)(3) is directed to ensuring that plaintiffs are proper parties to proceed with the suit. As the Supreme Court recognized in *Dukes*, Rule 23(a)'s commonality and typicality requirements occasionally merge: "Both serve as guideposts for determining whether under the particular circumstances maintenance

---

[24] *See Parsons*, 754 F.3d at 676 (certifying class of prisoners alleging Eighth Amendment violations where "Complaint does not allege that the care provided on any particular occasion to any particular inmate (or group of inmates) was insufficient … but rather that ADC policies and practices of statewide and systemic application expose all inmates in ADC custody to a substantial risk of serious harm.") (internal citation omitted); *see also Hickey v. City of Seattle*, 236 F.R.D. 659, 665 (W.D. Wash. 2006) (certifying class alleging Fourth Amendment violations after mass arrests without probable cause, noting that Plaintiffs will have to show that the Seattle police acted pursuant to a policy or that a decision maker ratified the actions of the arresting police officers in order to demonstrate Seattle's liability, and that "common factual allegations surrounding each Plaintiff's arrest, as well as these common legal issues justify a finding on the part of this Court that Plaintiffs have satisfied the commonality inquiry.").

MOTION FOR CLASS
CERTIFICATION
(2:17-cv-00178-JLR) 16

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
901 Fifth Avenue, Suite 630
Seattle, Washington 98164
TELEPHONE: (206) 624-2184

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (`206) 623-3384

of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." 131 S.Ct. at 2551 n.5. And as with commonality, the typicality requirement "is permissive, such that 'representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical.'" *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116 (9th Cir. 2017) (quoting *Parsons*, 754 F.3d at 685).

The typicality requirement looks to whether "the claims of the class representatives are typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Rodriguez*, 591 F.3d at 112 (internal quotation marks and citation omitted). Typicality "focuses on the class representative's claim—but not the specific facts from which the claim arose—and ensures that the interest of the class representative 'aligns with the interests of the class.'" *Just Film, Inc.*, 847 F.3d at 1116 (quoting *Hanon*, 976 F.2d at 508).

Here, the Class Plaintiffs as well as all of the proposed class members suffer the same deprivation of their rights due to EO-2. Class Plaintiffs each challenge the legality of EO-2 under constitutional and federal law. Any potential differences in the particular concerns of each Non-Immigrant Class member who wishes to travel, or the length of delay in family reunification for Refugee Class members, are irrelevant for Rule 23(a)(3) purposes. *See Krzesniak v. Cendant Corp.*, No. C 05-05156 MEJ, 2007 WL 1795703, at *8 (N.D. Cal. June 20, 2007) (citing *Hanon*, 976 F.2d at 508) (typicality inquiry goes to "the nature of the claim ... of the class representative, and not to the specific facts from which it arose"). In cases such as the one at bar, where the legality of a uniform policy or practice is at issue, factual differences among class members will not defeat typicality where "the unnamed class members have injuries similar to those of the named plaintiffs

MOTION FOR CLASS
CERTIFICATION
(2:17-cv-00178-JLR) 17

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
901 Fifth Avenue, Suite 630
Seattle, Washington 98164
TELEPHONE: (206) 624-2184

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (´206) 623-3384

and that the injuries result from the same, injurious course of conduct." *Armstrong v. Davis*, 275 F.3d 849, 869 (9th Cir. 2001); *see also LaDuke v. Nelson*, 762 F.2d 1318, 1332 (9th Cir. 1985), amended, 796 F.2d 309 (9th Cir. 1986) ("The minor differences in the manner in which the representative's Fourth Amendment rights were violated does not render their claims atypical of those of the class."); *Smith v. Univ. of Wash. Law Sch.*, 2 F. Supp. 2d 1324, 1342 (W.D. Wash. 1998) ("When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually satisfied, irrespective of varying fact patterns which underlie individual claims.") (citation omitted).

Because Class Plaintiffs and proposed class members have common legal claims and are united in their interest and injury, the element of typicality is met.

### 4. The Class Plaintiffs Will Adequately Protect the Interests of the Proposed Class Members, and Counsel Are Qualified to Litigate this Action.

Rule 23(a)(4) requires that class representatives "fairly and adequately protect the interests of the class" they seek to represent. Fed. R. Civ. P. 23(a)(4). In evaluating the adequacy of representation, "courts must consider two questions: '(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Evon*, 688 F.3d at 1031 (quoting *Hanlon*, 150 F.3d at 1020).

### a. Class Plaintiffs

Class Plaintiffs will fairly and adequately represent the interests of all members of their respective proposed classes. As set forth above, Class Plaintiffs seek relief on behalf of each of their respective classes as a whole, share a common interest in ensuring the protection of their

constitutional rights, and have no interests antagonistic to other members of the classes. The goal of each Class Plaintiff as well as members of their respective classes is to have the Court declare that Sections 2, 3, and 6 of EO-2 are unconstitutional and violate federal law as well as to enjoin Defendants from implementing those same sections. Accordingly, Plaintiffs satisfy the adequacy of representation requirement of Rule 23(a)(4).

### b.    Class Counsel

Class Plaintiffs will also be able to prosecute this matter vigorously as they have selected experienced civil rights attorneys to represent them and their respective classes. Adequacy of counsel can be shown by establishing that counsel is qualified, experienced, and able to conduct litigation. *Jordan*, 669 F.3d at 1323. Courts have specifically recognized the adequacy of "qualified and experienced counsel from such organizations as ... the American Civil Liberties Union." *Perez-Funez*, 611 F. Supp. at 997. Plaintiffs here are represented by counsel at the ACLU of Washington Foundation and Keller Rohrback L.L.P., who collectively have extensive expertise in class action litigation. *See* Declaration of Emily Chiang ("Chiang Decl.") and Lin Decl.

The ACLU of Washington ("ACLU-WA") is the state affiliate of the American Civil Liberties Union Foundation, a national civil rights and civil liberties organization. Chiang Decl. at ¶2. ACLU-WA has significant experience with complex civil litigation, including class actions in federal and state courts. *Id.* ACLU-WA has obtained injunctive relief for class clients in a wide variety of matters, including a number of cases involving constitutional claims. *Id.*

Keller Rohrback L.L.P. ("KR") is a national law firm with a substantial and longstanding footprint in Washington. *See* Exhibit 1 to Lin Decl. KR's nationally recognized Complex Litigation Group includes former United States Department of Justice lawyers (three of whom are litigating this case), Lin Decl. ¶ 2, and has more than 25 years of experience successfully

MOTION FOR CLASS
CERTIFICATION
(2:17-cv-00178-JLR) 19

**AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION**
901 Fifth Avenue, Suite 630
Seattle, Washington 98164
TELEPHONE: (206) 624-2184

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (`206) 623-3384

representing, *inter alia*, consumers and employees nationwide in many of the most complex, cutting-edge class action cases. *Id.* ¶¶ 3-4. KR also has litigated issues of first impression such as *Erickson v. Bartell Drug Co.*, 141 F. Supp. 2d 1266 (W.D. Wash. 2001), which established that an employer violated Title VII of the Civil Rights Act when its otherwise-comprehensive insurance coverage plan failed to cover certain prescriptions vital to women. KR currently represents the Republic of the Marshall Islands in a first of its kind lawsuit against former President Barack Obama and the United States of America for breach of the Treaty on the Non-Proliferation of Nuclear Weapons. *Rep. of the Marshall Islands v. U.S.*, Case No. 15-15636 (9th Cir). Lin Decl. ¶ 5. Furthermore, KR was awarded the Legal Foundation of Washington's 2013 President's Award recognizing exemplary dedication to legal aid. *Id.* ¶ 3.

Class Plaintiffs will adequately protect the interests of the absent class members, and their attorneys should be appointed as Class Counsel.

## C.    Plaintiffs' Action Satisfies the Requirements of Rule 23(b)(2).

Pursuant to Rule 23(b), the Court must determine whether "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Class certification under Rule 23(b)(2) "requires 'that the primary relief sought is declaratory or injunctive.'" *Rodriguez*, 591 F.3d at 1125. "The rule does not require [the court] to examine the viability or bases of class members' claims for declaratory and injunctive relief, but only to look at whether class members seek uniform relief from a practice applicable to all of them." *Id.*

Through EO-2, Defendants have acted—and made it clear they will act—on grounds generally applicable to all members of each proposed class. "Rule 23(b)(2) permits class actions

for declaratory or injunctive relief where 'the party opposing the class has acted or refused to act on grounds generally applicable to the class.' Civil rights cases against parties charged with unlawful, class-based discrimination are prime examples." *Amchem Products, Inc.*, 521 U.S. at 614.

In addition, Class Plaintiffs seek a uniform declaration that EO-2 violates their rights and a permanent injunction enjoining enforcement of Sections 2, 3, and 6 of the Order, precisely the type of "uniform injunctive or declaratory relief from policies or practices that are generally applicable to the class as a whole." *Parsons*, 754 F.3d at 688 (citing *Rodriguez*, 591 F.3d at 1125). Plaintiffs do not ask this Court to adjudicate their individual visa applications or I-730 petitions. Nor do they seek money damages. Rather, Class Plaintiffs' prayer for relief is simple: they ask for a declaration that EO-2 and the manner of its implementation violate the rights of each Class Plaintiff and all members of the Non-Immigrant and Refugee Classes and an injunction barring enforcement of this unlawful executive order against Plaintiffs or any absent class members. Injunctive relief does not leave some class members out in the cold; to the contrary, "the indivisible nature of the injunctive or declaratory remedy warranted" shows that the conduct can be enjoined "only as to all of the class members or as to none of them." *Dukes*, 564 U.S. at 360. Such relief conforms to Rule 23(b)(2) for each proposed class, in that "a single injunction or declaratory judgment would provide relief to each member of the class." *Id.*

"[T]he primary role of [Rule 23(b)(2)] has always been the certification of civil rights class actions." *Parsons*, 754 F.3d at 686; *see also Walters*, 145 F.3d at 1047 ("Rule 23(b)(2) was adopted in order to permit the prosecution of civil rights actions."); *Baby Neal for & by Kanter v. Casey*, 43 F.3d 48, 63 (3d Cir. 1994) ("The writers of Rule 23 intended that subsection (b)(2) foster institutional reform by facilitating suits that challenge widespread rights violations of people who

MOTION FOR CLASS
CERTIFICATION
(2:17-cv-00178-JLR) 21

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
901 Fifth Avenue, Suite 630
Seattle, Washington 98164
TELEPHONE: (206) 624-2184

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (´206) 623-3384

are individually unable to vindicate their own rights."); Wright & Miller, 7AA *Fed. Prac. & Proc. Civ.* § 1776 (3d ed.) ("[S]ubdivision (b)(2) was added to Rule 23 in 1966 in part to make it clear that civil-rights suits for injunctive or declaratory relief can be brought as class actions ... Of course, we do not interpret Rule 23(b)(2) in a manner that would prevent certification of the kinds of civil rights class action suits that it was intended to authorize.").

Both the Ninth Circuit and this Court routinely order the certification of class actions based on claims challenging the adequacy of procedural protections under the immigration laws. *See, e.g.*, *Rodriguez*, 591 F.3d 1105 (reversing district court order denying class certification for class of immigration detainees subject to prolonged detention); *Khoury v. Asher*, 3 F. Supp. 3d 877 (W.D. Wash. 2014) (certifying class and ordering declaratory relief for immigration detainees). That courts routinely certify civil rights classes under Rule 23(b)(2) is unsurprising. Apart from the original intentions of the rule, described above, such cases often involve claims on behalf of class members who would not have the ability to present their claims absent class treatment. That rationale applies with particular force to civil rights suits like this one where the core issues involve questions of law, rather than disparate questions of fact, and therefore are well suited for resolution on a classwide basis. *See, e.g.*, *Unthaksinkun v. Porter*, No. C11-588JLR, 2011 WL4502050, at *9 (W.D. Wash. Sept. 28, 2011) (finding that, because all class members were subject to the same process, the court's ruling as to the legal sufficiency of the process would apply to all).

Defendants' actions in barring entry and re-entry of proposed class members based on their nationality and suspending the entry of refugees and their approved follow-to-join family members demonstrate that Defendants are acting "on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the

class as a whole." Further, Class Plaintiffs seek uniform declaratory and injunctive relief from a government policy that is generally applicable to both classes as a whole. Hence, the requirements of Rule 23(b)(2) are met.

**D.    Plaintiffs' Action Satisfies the Requirements of Rule 23(b)(1).**

A class action may be maintained under Rule 23(b)(1) if "prosecuting separate actions by … individual class members would create a risk of [ ] inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class." Fed. R. Civ. P. 23(b)(1)(A). "A class is appropriately certified under Rule 23(b)(1)(A) 'where the party is obliged by law to treat the members of the class alike (a utility acting toward customers; a government imposing a tax), or where the party must treat all alike as a matter of practical necessity.'" *A.D. v. T-Mobile USA, Inc.*, No. 2:15-180, 2016 WL 3882919, at *3 (W.D. Wash. July 18, 2016) (quoting *Amchem Prod., Inc.*, 521 U.S. at 614).

In the case at hand, if the putative class members pursued separate, individual actions challenging the legality of EO-2 in multiple courts in Washington, disparate rulings from those courts would result in Defendants simultaneously pursuing different courses of conduct as to otherwise identically situated non-immigrants and refugees if those courts reached inconsistent results. This would simply make no sense in light of the purported policy rationale behind EO-2. Accordingly, this case is appropriate for certification pursuant to Rule 23(b)(1)(A).

## V.    CONCLUSION

Plaintiffs respectfully request that the Court grant this Motion and certify this challenge to Defendants' EO-2 as a class action. In addition, Plaintiffs request that Jason Doe, Jack Doe, and Julia Doe be appointed as Class Representatives of the Non-Immigrant Class and that Joseph Doe and James Doe be appointed as Class Representatives of the Refugee Class. Finally, Plaintiffs

MOTION FOR CLASS
CERTIFICATION
(2:17-cv-00178-JLR) 23

**AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION**
901 Fifth Avenue, Suite 630
Seattle, Washington 98164
TELEPHONE: (206) 624-2184

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (`206) 623-3384

1   request that the American Civil Liberties Union of Washington Foundation and Keller Rohrback

2   L.L.P. be appointed as Class Counsel.

3        DATED this 11th day of April, 2017.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MOTION FOR CLASS
CERTIFICATION
(2:17-cv-00178-JLR) 24

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
901 Fifth Avenue, Suite 630
Seattle, Washington 98164
TELEPHONE: (206) 624-2184

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (`206) 623-3384

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION

By: /s/ Emily Chiang
By: /s/ La Rond Baker
    Emily Chiang, WSBA # 50517
    La Rond Baker WSBA # 43610
    901 Fifth Avenue, Suite 630
    Seattle, Washington 98164
    Telephone: (206) 624-2184
    Email: echiang@aclu-wa.org
          lbaker@aclu-wa.org

    ***Attorney for Plaintiffs***

KELLER ROHRBACK L.L.P.

By: /s/ Lynn Lincoln Sarko
By: /s/ Tana Lin
By: /s/ Amy Williams-Derry
By: /s/ Derek W. Loeser
By: /s/ Alison S. Gaffney

    Lynn Lincoln Sarko, WSBA # 16569
    Tana Lin, WSBA # 35271
    Amy Williams-Derry, WSBA #28711
    Derek W. Loeser, WSBA # 24274
    Alison S. Gaffney, WSBA #45565
    1201 Third Avenue, Suite 3200
    Seattle, WA 98101
    Telephone: (206) 623-1900
    Facsimile: (206) 623-3384
    Email: lsarko@kellerrohrback.com
          tlin@kellerrohrback.com
          awilliams-derry@kellerrohrback.com
          dloeser@kellerrohrback.com
          agaffney@kellerrohrback.com

By: /s/ Laurie B. Ashton

    Laurie B. Ashton (*Pro Hac Vice*)
    3101 North Central Avenue, Suite 1400
    Phoenix, Arizona 85012-2600
    Telephone: (602) 248-0088
    Facsimile: (602) 248-2822
    Email: lashton@kellerrohrback.com

By: /s/ Alison Chase

    Alison Chase (*Pro Hac Vice*)
    801 Garden Street, Suite 301
    Santa Barbara, CA 93101
    Telephone: (805) 456-1496
    Facsimile: (805) 456-1497
    Email: achase@kellerrohrback.com

    ***Attorneys for Plaintiffs/Cooperating***
    ***Attorneys for the American Civil Liberties***
    ***Union Of Washington Foundation***

MOTION FOR CLASS
CERTIFICATION
(2:17-cv-00178-JLR) 25

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
901 Fifth Avenue, Suite 630
Seattle, Washington 98164
TELEPHONE: (206) 624-2184

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (´206) 623-3384

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2017, I electronically filed the foregoing Motion for Class Certification, related Declarations and [proposed] Order with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses on the Court's Electronic Mail Notice List.

I further certify that pursuant to Fed. R. Civ. P. 5(b)(E), I caused the foregoing documents to be served on all Defendants by sending an electronic copy via e-mail to Michelle Bennett, counsel for Defendants, at Michelle.Bennett@usdoj.gov on April 11, 2017.

DATED this 11th day of April, 2017.

KELLER ROHRBACK L.L.P.

By: /s/ Tana Lin

Tana Lin, WSBA # 35271
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
Email: tlin@kellerrohrback.com

*Attorney for Plaintiffs/Cooperating Attorney for the American Civil Liberties Union Of Washington Foundation*

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
901 Fifth Avenue, Suite 630
Seattle, Washington 98164
TELEPHONE: (206) 624-2184

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (´206) 623-3384