THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN DOES, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>DONALD TRUMP, et al.,<br><br>        Defendants. | CASE NO. C17-0178JLR<br><br>**JEWISH FAMILY SERVICE PLAINTIFFS' SUPPLEMENTAL BRIEFING ON THE INAPPLICABILITY OF SUPREME COURT STAY ORDERS TO THE PENDING PRELIMINARY INJUNCTION MOTIONS**<br><br>(RELATING TO CASE NO. C17-1707JLR) |
| JEWISH FAMILY SERVICE, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>DONALD TRUMP, et al.,<br><br>        Defendants. | CASE NO. C17-1707JLR |

PLAINTIFFS' SUPPLEMENTAL BRIEF
(No. 17-cv-01707-JLR)

137828647.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

The Supreme Court's December 4 orders (the "Stay Orders") staying preliminary injunctions of portions of Proclamation No. 9,645, 82 Fed. Reg. 45,161 (Sept. 27, 2017) ("EO-3") in *Int'l Refugee Assistance Project v. Trump*, No. TDC-17-0361, 2017 WL 4674314 (D. Md. Oct. 17, 2017) ("*IRAP*") and in *Hawai'i v. Trump*, No. 17-00050 DKW-KSL, 2017 WL 4639560 (D. Haw. Oct. 17, 2017) ("*Hawai'i*"), have no impact on the preliminary injunction motions in these cases. The Supreme Court did not opine on the merits or the equities in issuing the Stay Orders, making it impossible to discern the bases on which they were granted. *See Trump v. Int'l Refugee Assistance Project*, No. 17A560, 2017 WL 5987435 (U.S. Dec. 4, 2017); *Trump v. Hawai'i*, No. 17A550, 2017 WL 5987406 (U.S. Dec. 4, 2017). Such stays do not require the stay applicants to show that they are "more likely than not" to ultimately prevail on the merits. *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011).

In any event, the Stay Orders have no effect here because this case and *IRAP/Hawai'i* challenge different immigration policies, raise different legal and factual claims, and seek different relief on behalf of different sets of parties. *IRAP/Hawai'i* challenge EO-3, the ban on certain immigrant and non-immigrant entry from six Muslim-majority countries plus North Korea and Venezuela, which the President proclaimed to be necessary after the conclusion of a 90-day "worldwide review" of immigration screening and vetting measures. 82 Fed. Reg. 45,161. This case, by contrast, challenges the Refugee Ban set forth in an agency memorandum ("Memorandum"), which continues to suspend portions of the U.S. Refugee Admissions Program ("USRAP"), purportedly so that the agencies can continue a review of the program that was directed by, but apparently not completed under, prior Executive Orders. *See* Exec. Order No. 13,769 ("EO-1"), 82 Fed. Reg. 8,977, 8,979 (Feb. 1, 2017) (suspending the USRAP for 120 days during review); Exec. Order No. 13,780 ("EO-2"), 82 Fed. Reg. 13,209, 13,215 (Mar. 9, 2017) (same). Plaintiffs' challenge differs from those raised in *IRAP/Hawai'i* with respect to every factor of the preliminary injunction inquiry: likelihood of success on the merits, irreparable harm, balance of equities, and public interest. *See* PI Mot. (ECF 42) at 9.

PLAINTIFFS' SUPPLEMENTAL BRIEF
(No. 17-cv-01707-JLR) –1

137828647.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

First, on the merits, Plaintiffs' statutory challenge to the Memorandum differs from *IRAP/Hawai'i*, which challenge the President's claimed authority to issue EO-3 under 8 U.S.C. § 1182(f) and § 1185(a)(1). *See IRAP*, 2017 WL 4674314, at *19; *Hawai'i*, 2017 WL 4639560, at *9. In contrast, here, the President has not invoked either statute. The statutory question in this case is whether *the agencies*, not the President, have the authority to suspend the USRAP for follow-to-join petitioners and for nationals of eleven countries on the Security Advisory Opinion ("SAO") list without rulemaking procedures and without an adequate justification. As the *JFS* Plaintiffs explained for the SAO ban and *Doe* Plaintiffs explained for the FTJ ban, the answer is no. *See* PI Mot. at 17-23; *Doe v. Trump*, PI Mot. (ECF 45) at 9-14.

Moreover, although Plaintiffs' constitutional challenges to the Memorandum are legally similar to those in *IRAP/Hawai'i*, the evidence is different. In addition to the evidence of this Administration's anti-Muslim animus presented in *IRAP/Hawai'i*, Plaintiffs here have submitted evidence establishing that the purpose and the effect of the Refugee Ban in particular is to disfavor Muslim refugees and favor Christian refugees. *See* PI Mot. at 13-17. The Refugee Ban suspends admissions from countries that account for 80 percent of the Muslim refugees entering the United States and prioritizes applications from countries whose refugees have been 70 percent Christian—changing the religious composition of the USRAP in precisely the ways that this Administration promised, both before and after taking office. *See id.* at 7-8, 13-17. This type of religious preference violates every test under the Establishment Clause. *See id.*

Second, with respect to irreparable harm, beyond the injuries that Plaintiffs share with the *IRAP/Hawai'i* plaintiffs, refugees—who, by definition, face serious harm amounting to persecution—suffer additional irreparable injury from being stranded in perilous circumstances. *See Leiva-Perez*, 640 F.3d at 969-70 (recognizing likelihood of physical danger to be irreparable harm). Doe 1, for example, is an Iraqi former translator for the U.S. military who was on the verge of resettling in the United States in early October 2017, but his life remains at risk every day because of the Refugee Ban. Doe 1 Decl. (ECF 52) ¶¶ 3-16. Doe 4 faces such dire threats to

PLAINTIFFS' SUPPLEMENTAL BRIEF
(No. 17-cv-01707-JLR) –2

137828647.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

her safety on a daily basis as a transgender woman in Egypt that the U.S. Embassy expedited processing of her application prior to the Refugee Ban. Doe 4 Decl. (ECF 55) ¶¶ 3-7. Other refugee Plaintiffs, their family members, and clients of the organizational Plaintiffs and their family members are similarly at risk of physical harm because of the Refugee Ban. *See, e.g.*, Doe 2 Decl. (ECF 53) ¶¶ 6, 10; Doe 5 Decl. (ECF 56) ¶¶ 4-6, 9; JFS-S Decl. (ECF 50) ¶¶ 21, 35; JFS-SV Decl. (ECF 51) ¶¶ 24, 35, 42.

Finally, the balance of equities and the public interest also differentiate this case from *IRAP/Hawai'i*. There, the government has argued that the stay was necessary to respond to national security threats and to conduct foreign relations in accordance with the worldwide review undertaken pursuant to the prior Executive Orders. App. to Stay, at 34-37, *available at* https://tinyurl.com/yaa7xxrh. Here, after reviewing the USRAP under EO-1 and EO-2 since January 2017, the Administration *still* has no justification for its SAO suspension beyond generalized concerns and a desire to continue review of the USRAP. *See* Mem. at 2. Refugees—particularly from the SAO countries—are already the most rigorously vetted group of people entering the United States. *See* Nat'l Sec. Decl. (ECF 46) ¶¶ 8-11. The balance of equities, as well as the public interest in the United States' statutorily codified commitment to refugee admissions, *see* Refugee Act of 1980, Pub. L. No. 96-212 § 101(b), 94 Stat. 102, weigh strongly in favor of Plaintiffs' request for preliminary relief—just as they did for EO-1 and EO-2, which also suspended the USRAP pending review. *See Washington v. Trump*, 847 F.3d 1151, 1168-69 (9th Cir. 2017); *Hawai'i v. Trump*, 859 F.3d 741, 783-85 (9th Cir. 2017), *vacated by* 874 F.3d 1112 (9th Cir. 2017).[1]

For all the reasons stated, the Supreme Court stay orders do not affect this Court's consideration of the pending preliminary injunction motions.

---

[1] Notably, the Supreme Court did not stay the injunctions as to EO-2's suspension of the USRAP, except for people lacking bona fide relationships to U.S. entities or persons, *Trump v. Int'l Refugee Assistance Project*, 137 S. Ct. 2080, 2089 (U.S. June 26, 2017)—a limitation that should not apply in this case given the record of harm to Plaintiffs, as explained in Plaintiffs' motion, *see* PI Mot. at 23-24.

PLAINTIFFS' SUPPLEMENTAL BRIEF
(No. 17-cv-01707-JLR) –3

137828647.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Respectfully submitted,

*/s/ Lauren Watts Staniar*
David Burman, WSBA No. 10611
Lauren Watts Staniar, WSBA No. 48741
Tyler Roberts, WSBA No. 52688
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
dburman@perkinscoie.com
lstaniar@perkinscoie.com
troberts@perkinscoie.com

Mariko Hirose, *Pro Hac Vice*
Deepa Alagesan, *Pro Hac Vice*
Linda Evarts, *Pro Hac Vice*
Kathryn C. Meyer, *Pro Hac Vice*
International Refugee Assistance Project
40 Rector Street, 9th Floor
New York, NY 10006
Tel: (646) 459-3044
mhirose@refugeerights.org
dalagesan@refugeerights.org
levarts@refugeerights.org
kmeyer@refugeerights.org

Elizabeth Sweet, *Pro Hac Vice*
Mark Hetfield, *Pro Hac Vice*
HIAS, Inc.
1300 Spring Street, Suite 500
Silver Spring, MD 20910
Tel: 301-844-7300
liz.sweet@hias.org
mark.hetfield@hias.org

DATED:  December 7, 2017

Justin B. Cox, *Pro Hac Vice*
National Immigration Law Center
PO Box 170208
Atlanta, GA  30317
Tel: (678) 279-5441
Fax: (213) 639-3911
cox@nilc.org

Karen C. Tumlin, *Pro Hac Vice*
Melissa S. Keaney, *Pro Hac Vice*
Esther H. Sung, *Pro Hac Vice*
National Immigration Law Center
3450 Wilshire Blvd, #108-62
Los Angeles, CA 90010
Tel: (213) 639-3900
Fax: (213) 639-3911
tumlin@nilc.org
keaney@nilc.org
sung@nilc.org

Lauren E. Aguiar, *Pro Hac Vice*
Mollie M. Kornreich, *Pro Hac Vice*
Abigail E. Davis, *Pro Hac Vice*
Four Times Square
New York, NY  10036
Tel: (212) 735-3000
Fax: (212) 735-2000
lauren.aguiar@probonolaw.com
mollie.kornreich@probonolaw.com
abigail.sheehan@probonolaw.com

*Counsel for Plaintiffs Jewish Family Service, et al.*

PLAINTIFFS' SUPPLEMENTAL BRIEF
(No. 17-cv-01707-JLR) –4

137828647.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all of the registered CM/ECF users for this case.

I hereby declare under penalty of perjury of the laws of the State of Washington that the foregoing in true and correct.

DATED this 7th day of December, 2017.

*/s/ Lauren Watts Staniar*
Lauren Watts Staniar, WSBA No. 48741

PLAINTIFFS' SUPPLEMENTAL BRIEF
(No. 17-cv-01707-JLR) –5

137828647.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000