The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN DOE, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>DONALD TRUMP, et al.,<br><br>        Defendants. | **Civil Action No. 2:17-cv-00178JLR** |
| JEWISH FAMILY SERVICE OF SEATTLE, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>DONALD TRUMP, et al.,<br><br>        Defendants. | **Civil Action No. 2:17-cv-01707JLR**<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF CONCERNING SUPREME COURT STAY ORDERS**<br><br>**(RELATING TO BOTH CASES)** |

SUPPLEMENTAL BRIEF CONCERNING SUPREME COURT STAY ORDERS
*Doe, et al. v. Trump, et al.*, No. 2:17-cv-00178 (JLR)
*Jewish Family Service of Seattle, et al. v. Trump, et al.*, No. 2:17-cv-01707 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 514-3259**

On December 5, 2017, this Court directed all parties to submit supplemental briefs addressing "what impact, if any, the Supreme Court's December 4, 2017, orders have concerning the two pending motions for preliminary injunction." ECF No. 68 at 2. Those Supreme Court orders, entered in *Trump v. Hawaii*, No. 17A550, 2017 WL 5987406 (U.S. Dec. 4, 2017), and *Trump v. IRAP*, No. 17A560, 2017 WL 5987435 (U.S. Dec. 4, 2017), stayed in full injunctions that district courts had entered against enforcement of portions of Presidential Proclamation No. 9645, titled "Enhancing Vetting Capabilities and Processes for Detecting Attempted Entry into the United States by Terrorists or Other Public-Safety Threats." *See* 82 Fed. Reg. 45,161 (Sept. 24, 2017) (hereafter "Proclamation"). Consequently, the Proclamation is now fully enforceable.

Although the Proclamation does not involve the refugee-related policies at issue in this case, the legal determinations underpinning the stay orders logically extend to the policies challenged in these consolidated cases and counsel against Plaintiffs' requested relief. In deciding whether to stay an injunction, the Supreme Court considers the same factors that govern the issuance of a preliminary injunction. *See Nken v. Holder*, 556 U.S. 418, 434 (2009). Accordingly, when the Supreme Court granted the Government's stay applications in *IRAP* and *Hawaii*, the Court necessarily determined that the Government had demonstrated a likelihood of success on the merits and that the Government's national-security and foreign-policy interests outweighed the plaintiffs' interests.

Here, the legal claims and equitable interests that Plaintiffs rely on in their challenges to the refugee policies overlap with those at issue in *IRAP* and *Hawaii*. In fact, several of Plaintiffs' arguments are even weaker here. For example, the Supreme Court stayed the injunctions in *IRAP* and *Hawaii* despite the plaintiffs' claim that the President had made statements purportedly showing that the Proclamation's entry restrictions were motivated by religious animus in violation of the Establishment Clause. Plaintiffs here, however, have not even attempted to allege any animus associated with the relevant decisionmakers for the Joint Memorandum's Security Advisory Opinion ("SAO") provision and following-to-join provision—*i.e.*, the Secretaries of

SUPPLEMENTAL BRIEF CONCERNING SUPREME COURT STAY ORDERS - 1
*Doe, et al. v. Trump, et al.*, No. 2:17-cv-00178 (JLR)
*Jewish Family Service of Seattle, et al. v. Trump, et al.*, No. 2:17-cv-01707 (JLR)

U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-3259

State and Homeland Security and the Director of National Intelligence. Plaintiffs' Establishment Clause claim is on even weaker footing than the claims in *IRAP* and *Hawaii*. And the Government has already explained in detail why Plaintiffs' claims that do not overlap with those in *IRAP* or *Hawaii* lack any merit. *See* ECF Nos. 51 & 77.

In terms of the equitable balance, moreover, the Government's national-security interests relating to the entry of refugees are every bit as weighty as its interests regarding the entry of other aliens from abroad. Yet Plaintiffs' interests here are significantly weaker than those of the plaintiffs in *IRAP* and *Hawaii*. The provisions of the Joint Memorandum that Plaintiffs challenge are temporary. The SAO provision calls for a 90-day review and reprioritization period, *see* ECF No. 46–2 at 2, and more than half of that period has already elapsed. The following-to-join provision establishes an implementation period to bring screening mechanisms for principal and following-to-join refugees into alignment. As soon as these mechanisms are in place, following-to-join refugee processing will resume worldwide. *See id.* at 3. The agencies are working "as expeditiously as possible" to implement these mechanisms, ECF No. 51–1 ¶ 16, and the State Department currently anticipates that the following-to-join implementation period will conclude and that consular officials will resume actively processing following-to-join refugee applications at almost all locations by February 1, 2018.[1] Moreover, the ordinary processing time for refugee applicants is significant and can vary, such that the challenged provisions may cause at most a limited interim delay for some applicants. Indeed, given that the review and implementation requirements under the challenged provisions will likely be completed in under two months, Plaintiffs' claims might very well be moot before this Court could rule on the pending motions.

---

[1] As set forth in the Declaration of Jennifer B. Higgins, ECF No. 51–1 ¶ 11, the Government is currently issuing travel authorizations to following-to-join refugee applicants "with approved Forms I-730 who have had their Forms I-730 processed by a[ resettlement support center] in Thailand or Kenya" (subject to other applicable restrictions on refugee admissions), as security procedures in those locations are already aligned with the procedures employed for principal refugees.

SUPPLEMENTAL BRIEF CONCERNING SUPREME COURT STAY ORDERS - 2
*Doe, et al. v. Trump, et al.*, No. 2:17-cv-00178 (JLR)
*Jewish Family Service of Seattle, et al. v. Trump, et al.*, No. 2:17-cv-01707 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-3259

The Supreme Court's determination that the Government's interests predominate over the *IRAP* and *Hawaii* plaintiffs' interests, at least for the length of time necessary for resolution of the issues by the courts of appeals and the Supreme Court, likewise means that the Government's interests in the secure vetting of potential refugees predominate over Plaintiffs' interests during the temporary period these refugee policies are in effect.  As in *IRAP* and *Hawaii*, the Government and the public would be irreparably harmed by being forced to admit refugee applicants for which the Government currently lacks sufficient information to assess the risk that they pose to the United States.  In short, the Supreme Court's stay orders counsel against relief as to the refugee policies, because on all of the relevant factors the Government is in at least the same position, if not a stronger position, as in *IRAP* and *Hawaii*.  Accordingly, this Court should deny Plaintiffs' motions for preliminary injunctive relief.

In addition, the Court should consider staying further proceedings in these cases pending completion of all appellate proceedings in *IRAP* and *Hawaii*.  Given the significant overlap between the Plaintiffs' challenges here and the legal claims at issue in *IRAP* and *Hawaii*, staying further proceedings—including postponement of the December 21, 2017, argument—pending further guidance from the appellate courts makes eminent sense, particularly in light of the Supreme Court's expectation that appellate proceedings will be conducted "with appropriate dispatch," *Trump v. Hawaii*, 2017 WL 5987406, at *1; *see also Washington v. Trump*, No. C17-0141JLR, 2017 WL 2172020, at *2-3 (W.D. Wash. May 17, 2017) (staying proceedings pending resolution of appeal involving overlapping legal questions).  Thus, the Supreme Court's recent orders warrant denying Plaintiffs' motions, or at a minimum staying consideration of those motions and any further proceedings in these cases pending completion of the appeals in *IRAP* and *Hawaii*.

DATED:  December 11, 2017               Respectfully submitted,

                                        CHAD A. READLER
                                        Principal Deputy Attorney General

SUPPLEMENTAL BRIEF CONCERNING SUPREME COURT STAY ORDERS - 3
*Doe, et al. v. Trump, et al.*, No. 2:17-cv-00178 (JLR)
*Jewish Family Service of Seattle, et al. v. Trump, et al.*, No. 2:17-cv-01707 (JLR)

U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-3259

```
 1                                    JENNIFER D. RICKETTS
                                      Director, Federal Programs Branch
 2
 3                                    JOHN R. TYLER
                                      Assistant Director, Federal Programs Branch
 4
                                      /s/ Joseph C. Dugan
 5                                    MICHELLE R. BENNETT
                                      DANIEL SCHWEI
 6                                    KEVIN SNELL
 7                                    JOSEPH C. DUGAN
                                      Trial Attorneys
 8                                    U.S. Department of Justice
                                      Civil Division, Federal Programs Branch
 9                                    20 Massachusetts Avenue, NW
                                      Washington, DC 20530
10                                    Tel: (202) 514-3259
                                      Fax: (202) 616-8470
11                                    Email: joseph.dugan@usdoj.gov
12
                                      Attorneys for Defendants
13
14
15
16
17
18
19
20
21
22
23
24
25
26
```

SUPPLEMENTAL BRIEF CONCERNING SUPREME COURT STAY ORDERS - 4

*Doe, et al. v. Trump, et al.*, No. 2:17-cv-00178 (JLR)

*Jewish Family Service of Seattle, et al. v. Trump, et al.*, No. 2:17-cv-01707 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 514-3259**

# CERTIFICATE OF SERVICE

I certify that on December 11, 2017, a copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

DATED this 11th day of December, 2017.

                                                /s/ Joseph C. Dugan
                                                JOSEPH C. DUGAN

SUPPLEMENTAL BRIEF CONCERNING SUPREME COURT STAY ORDERS - 5
*Doe, et al. v. Trump, et al.*, No. 2:17-cv-00178 (JLR)
*Jewish Family Service of Seattle, et al. v. Trump, et al.*, No. 2:17-cv-01707 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-3259