The Honorable James L. Robart

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JOHN DOE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD TRUMP, et al., <br><br> Defendants. | **Civil Action No. 2:17-cv-00178JLR** |
| JEWISH FAMILY SERVICE OF SEATTLE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD TRUMP, et al., <br><br> Defendants. | **Civil Action No. 2:17-cv-01707JLR** <br><br> **DEFENDANTS' MOTION FOR RECONSIDERATION CONCERNING THE SCOPE OF THE PRELIMINARY INJUNCTION** <br><br> **(RELATING TO BOTH CASES)** <br><br> NOTE ON MOTION CALENDAR: December 27, 2017 |

DEFS.' MOT. FOR RECONSIDERATION CONCERNING SCOPE OF PRELIM. INJ.
*Doe, et al. v. Trump, et al.*, No. 2:17-cv-00178 (JLR)
*Jewish Family Service of Seattle, et al. v. Trump, et al.*, No. 2:17-cv-01707 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 514-3259**

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7(h), Defendants respectfully move this Court to reconsider the scope of its preliminary injunction entered on December 23, 2017.[1]  In a footnote, this Court observed that the Ninth Circuit has interpreted the Supreme Court's "bona fide relationship" (BFR) standard as encompassing "refugee applicants covered by a formal assurance from a refugee resettlement agency."  *Doe v. Trump*, Nos. C17-0178JLR & C17-1707JLR, 2017 WL 6551491, at *25 n.31 (W.D. Wash. Dec. 23, 2017).  While it is true that, earlier this fall, the Ninth Circuit affirmed a district court order that recognized formal assurance as a BFR, the Supreme Court then stayed the Ninth Circuit's judgment.  Because the Supreme Court's stay order strongly indicates that the Court disagreed with the lower courts' analysis, because that analysis is inconsistent with the Supreme Court's own discussion of what constitutes a BFR, and because the analysis also cannot be squared with the role of a resettlement agency under the U.S. Refugee Admissions Program (USRAP), this Court should modify the preliminary injunction to exclude formal assurance by a refugee resettlement agency as a means of establishing a BFR.

## STANDARD OF REVIEW

"Motions to reconsider are generally left to the discretion of the trial court."  *Singleton v. Kernan*, No. 16-cv-02462-BAS-NLS, 2017 WL 4922849, at *2 (S.D. Cal. Oct. 31, 2017); *see also Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) ("A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e).").  Such motions may be appropriate where "the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *see also Nat'l Ctr. for Mfg.*

---

[1] In filing this motion for reconsideration challenging the scope of the preliminary injunction only, Defendants do not concede that the preliminary injunction was properly entered. Defendants preserve all prior arguments concerning the merits and the propriety of the injunction. Defendants are presently exploring their options for further review.

DEFS.' MOT. FOR RECONSIDERATION CONCERNING SCOPE OF PRELIM. INJ. - 1
*Doe, et al. v. Trump, et al.*, No. 2:17-cv-00178 (JLR)
*Jewish Family Service of Seattle, et al. v. Trump, et al.*, No. 2:17-cv-01707 (JLR)

U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-3259

*Scis. v. Dep't of Def.*, 199 F.3d 507, 511 (D.C. Cir. 2000) (motion for reconsideration was correctly granted "based upon what the court found to be clear errors of law"); *Hamby v. Walker*, No. 3:14-cv-00089-TMB, 2015 WL 12516788, at *1 (D. Alaska Sept. 2, 2015) (motion for reconsideration may be granted where court "misconceived a princip[le] of law that directly bears on the litigated issue").

## ARGUMENT

This Court should modify its preliminary injunction to exclude from coverage refugee applicants who seek to establish a BFR on the sole ground that they have received a formal assurance from a resettlement agency. The Supreme Court has signaled that resettlement assurance, without more, does not give rise to a BFR. Moreover, the assurance transaction, which reflects an agreement between a resettlement agency and *the federal government*, is far removed from the types of relationships that the Supreme Court has recognized as BFRs.

### I. The Supreme Court's Stay Orders Counsel in Favor of Modification

Three times, the Supreme Court has cast significant doubt on lower court rulings that would recognize formal assurance by a refugee resettlement agency as a BFR.

On March 15, 2017, the United States District Court for the District of Hawaii partially enjoined implementation of Executive Order No. 13,780 (commonly referred to as EO-2). *See Hawaii v. Trump*, 241 F. Supp. 3d 1119 (D. Haw. 2017). The Ninth Circuit largely affirmed the district court's injunction, though on different legal grounds, *Hawaii v. Trump*, 859 F.3d 741 (9th Cir. 2017) (per curiam), and the Government sought Supreme Court review. On June 26, 2017, the Supreme Court granted certiorari in the *Hawaii* case and in a parallel case litigated in the Fourth Circuit. The Supreme Court also stayed in part the lower court rulings, holding that the challenged sections of EO-2 could take effect as against all foreign nationals *except* those who "have a credible claim of a bona fide relationship with a person or entity in the United States." *Trump v. IRAP*, 137 S. Ct. 2080, 2088 (2017) (per curiam); *see also id.* at 2089 (extending the "bona fide relationship" standard to the portion of the *Hawaii* injunction addressing the USRAP).

DEFS.' MOT. FOR RECONSIDERATION CONCERNING SCOPE OF PRELIM. INJ. - 2
*Doe, et al. v. Trump, et al.*, No. 2:17-cv-00178 (JLR)
*Jewish Family Service of Seattle, et al. v. Trump, et al.*, No. 2:17-cv-01707 (JLR)

U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-3259

Shortly after the Supreme Court's ruling, the *Hawaii* plaintiffs filed an emergency motion in district court to clarify the scope of the preliminary injunction, which the court denied. *Hawaii v. Trump*, 258 F. Supp. 3d 1188, 1189 (D. Haw. 2017) (observing that any clarification concerning the Supreme Court's modification of the injunction "should be more appropriately sought in the Supreme Court"). The Ninth Circuit dismissed the plaintiffs' subsequent appeal. *Hawaii v. Trump*, 863 F.3d 1102, 1104 (9th Cir. 2017) (noting that "although the district court may not have the authority to *clarify* an order of the Supreme Court, it does possess the ability to interpret and enforce the Supreme Court's order, as well as the authority to enjoin against . . . a party's violation of the Supreme Court's order"). The plaintiffs then moved in the district court for enforcement or modification of the injunction, citing, as relevant here, the Government's position that formal assurance by a resettlement agency is not by itself sufficient to establish a qualifying relationship with an entity in the United States. The district court sided with the plaintiffs, and in a July 13, 2017, order, the court modified the injunction to provide, *inter alia*, that defendants were enjoined from enforcing EO-2 "to exclude refugees who . . . have a formal assurance from an agency within the United States that the agency will provide, or ensure the provision of, reception and placement services to that refugee." *Hawaii v. Trump*, 263 F. Supp. 3d 1049, 2017 WL 2989048, at *10 (D. Haw. 2017).

The Government sought immediate review in the Supreme Court. While declining the Government's request to clarify its June 26 order, the Supreme Court stayed the district court's order "modifying the preliminary injunction with respect to refugees covered by a formal assurance . . . pending resolution of the Government's appeal to the Court of Appeals for the Ninth Circuit." *Trump v. Hawaii*, 138 S. Ct. 34, 34 (2017) (mem.). Despite that stay order, the Ninth Circuit affirmed the district court's modified injunction on September 7, 2017. In so doing, the appellate court emphasized the "narrow standard" that governed its review: "We cannot say that the district court clearly erred in its factual findings or ultimately abused its discretion in holding

DEFS.' MOT. FOR RECONSIDERATION CONCERNING SCOPE OF PRELIM. INJ. - 3
*Doe, et al. v. Trump, et al.*, No. 2:17-cv-00178 (JLR)
*Jewish Family Service of Seattle, et al. v. Trump, et al.*, No. 2:17-cv-01707 (JLR)

U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-3259

that the written assurance an agency submits . . . meets the requirements set out by the Court." *Hawaii v. Trump*, 871 F.3d 646, 659, 662-63 (9th Cir. 2017).

The Supreme Court disagreed. In back-to-back orders dated September 11, 2017, and September 12, 2017, the Court first stayed the Ninth Circuit's mandate "with respect to refugees covered by a formal assurance" pending response by the plaintiffs, and then stayed the mandate "pending further order of this Court." *See Trump v. Hawaii*, 138 S. Ct. 1 (2017) (mem.); *Trump v. Hawaii*, 138 S. Ct. 49 (2017) (mem.). The Supreme Court ultimately vacated the Ninth Circuit's judgment in *Hawaii* regarding EO-2 and remanded the case for dismissal on mootness grounds. *See Trump v. Hawaii*, No. 16-1540, 2017 WL 4782860 (U.S. Oct. 24, 2017) (mem.). However, the Court's three stay orders together cast significant doubt on the lower courts' conclusion that mere coverage by a formal assurance qualifies a refugee as having a BFR. The Court's decision to stay an injunction is guided by essentially the same factors that inform the issuance of a preliminary injunction. *See Nken v. Holder*, 556 U.S. 418, 434 (2009). Thus, when the Court stayed the *Hawaii* courts' modification of the injunction to encompass resettlement assurance as a BFR, it necessarily found that the Government was "likely to succeed on the merits" and would be "irreparably injured absent a stay." *Id.* at 434 (citation omitted). Given that procedural history, and given the Ninth Circuit's narrow ruling in its September 7 opinion, this Court should reconsider its ruling that "refugees from SAO countries who have a formal assurance from . . . some . . . refugee resettlement agency or humanitarian organization[] would be covered by the preliminary injunction," *Doe*, 2017 WL 6551491, at *25 n.31. *See IRAP v. Trump*, No. TDC-17-0361, 2017 WL 4674314, at *39 (D. Md. Oct. 17, 2017) ("Pursuant to the Supreme Court's stay of the Ninth Circuit's determination that a refugee with a formal sponsorship assurance . . . has a bona fide connection to the United States, the Court concludes that clients of

DEFS.' MOT. FOR RECONSIDERATION CONCERNING SCOPE OF PRELIM. INJ. - 4
*Doe, et al. v. Trump, et al.*, No. 2:17-cv-00178 (JLR)
*Jewish Family Service of Seattle, et al. v. Trump, et al.*, No. 2:17-cv-01707 (JLR)

U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-3259

IRAP and HIAS . . . are not covered by the injunction absent a separate bona fide relationship . . . ."), *stay granted*, No. 17A560, 2017 WL 5987435 (U.S. Dec. 4, 2017) (mem.).[2]

## II.   Formal Assurance by a Resettlement Agency Does Not Give Rise to a BFR

In its June 26 order, the Supreme Court held that EO-2 could be enforced against all refugee applicants other than "an individual seeking admission as a refugee who can credibly claim a bona fide *relationship with* a person or entity in the United States." *IRAP*, 137 S. Ct. at 2089. Yet the resettlement assurance transaction typically does not directly involve the refugee applicant. Instead, it reflects an agreement between one of the nine resettlement agencies and the federal government—a promise to provide services for the refugee when he or she arrives in this country, notwithstanding that the agency typically does not have pre-arrival contact with the refugee.[3] An interpretation of the BFR standard that would encompass such an attenuated, indirect link between an agency and the refugee would read the "relationship with" language out of the Supreme Court's order. That cannot have been the Court's intent, particularly given its awareness of the substantial national-security interests at stake in the refugee admissions context. *See id.* ("[W]hen it comes to refugees who lack any [bona fide] connection to the United States . . . the balance tips in favor of the Government's compelling need to provide for the Nation's security.").

Moreover, there is no need for this Court to speculate about the Supreme Court's intent, because the Supreme Court provided clear examples in its June 26 order of the types of relationships that may qualify as BFRs. "For individuals," the Court wrote, "a close familial

---

[2] Indeed, the Ninth Circuit itself very recently recognized that the BFR standard encompasses close familial relationships and relationships with entities to the extent such relationships are "formal, documented, and formed in the ordinary course of business, rather than for the purpose of evading [Proclamation No. 9645]." *Hawaii v. Trump*, No. 17-17168, 2017 WL 6554184, at *25 (9th Cir. Dec. 22, 2017). The court said nothing about resettlement assurance.

[3] In the *Hawaii* litigation, the Government filed a Declaration by Lawrence E. Bartlett, Director of the Office of Admissions, Bureau of Population, Refugees, and Migration ("PRM") at the State Department. This Declaration, attached hereto as Exhibit A for the Court's convenience, provides a helpful overview of the USRAP and resettlement assurance.

DEFS.' MOT. FOR RECONSIDERATION CONCERNING SCOPE OF PRELIM. INJ. - 5
*Doe, et al. v. Trump, et al.*, No. 2:17-cv-00178 (JLR)
*Jewish Family Service of Seattle, et al. v. Trump, et al.*, No. 2:17-cv-01707 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-3259

relationship is required." *Id.* at 2088. "As for entities, the relationship must be formal, documented, and formed in the ordinary course," such as a relationship between a foreign student and an American university, or between a foreign worker and an American employer, or between a foreign lecturer and an American audience. *Id.* Unlike these types of relationships, refugees do not have any freestanding connection to resettlement agencies, apart from the refugee admissions process itself, by virtue of the agencies' assurance agreement with the federal government.

Nor can the exclusion of an assured refugee plausibly be thought to 'burden' a resettlement agency in the relevant sense. *See id.* at 2087-88. Loss of a future opportunity to perform resettlement services for which the government has contracted *if* a refugee is admitted does not establish any existing, formal relationship with that refugee. As an entity that performs services on behalf of the government in carrying out a governmental program, a resettlement agency has no legally cognizable interest in that program's application to the persons whom the program exists to benefit. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 883 (1990); *accord Air Courier Conference of Am. v. Am. Postal Workers Union, AFL-CIO*, 498 U.S. 517, 524-25 (1991). Further, any harm (economic or otherwise) that a resettlement agency might ostensibly experience if a refugee for whom it has agreed to provide services does not arrive does not flow from any independent, preexisting relationship with the refugee formed in the ordinary course. Rather, it exists solely as a result of the agency's contracts with the federal government. And the mere fact that a U.S. person may suffer an injury due to a refugee's inability to enter the country does not suffice under the Supreme Court's BFR standard. In balancing the equities, the Court required an injury to specific types of *relationships*, not any injury simpliciter.

In short, the extension of the preliminary injunction to refugee applicants whose sole connection to a U.S. entity is through the roundabout refugee assurance process is incompatible with the Supreme Court's express and implied guidance about what constitutes a BFR.

## CONCLUSION

The Court should grant Defendants' motion for reconsideration.

DEFS.' MOT. FOR RECONSIDERATION CONCERNING SCOPE OF PRELIM. INJ. - 6
*Doe, et al. v. Trump, et al.*, No. 2:17-cv-00178 (JLR)
*Jewish Family Service of Seattle, et al. v. Trump, et al.*, No. 2:17-cv-01707 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-3259

DATED: December 27, 2017  Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

JOHN R. TYLER
Assistant Director, Federal Programs Branch

*/s/ Joseph C. Dugan*
MICHELLE R. BENNETT
DANIEL SCHWEI
KEVIN SNELL
JOSEPH C. DUGAN
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC 20530
Tel: (202) 514-3259
Fax: (202) 616-8470
Email: joseph.dugan@usdoj.gov

*Attorneys for Defendants*

DEFS.' MOT. FOR RECONSIDERATION CONCERNING SCOPE OF PRELIM. INJ. - 7
*Doe, et al. v. Trump, et al.*, No. 2:17-cv-00178 (JLR)
*Jewish Family Service of Seattle, et al. v. Trump, et al.*, No. 2:17-cv-01707 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 514-3259**

## CERTIFICATE OF SERVICE

I certify that on December 27, 2017, a copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

DATED this 27th day of December, 2017.

                                         */s/ Joseph C. Dugan*
                                         JOSEPH C. DUGAN

DEFS.' MOT. FOR RECONSIDERATION CONCERNING SCOPE OF PRELIM. INJ. - 8
*Doe, et al. v. Trump, et al.*, No. 2:17-cv-00178 (JLR)
*Jewish Family Service of Seattle, et al. v. Trump, et al.*, No. 2:17-cv-01707 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-3259