UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN DOE, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>DONALD TRUMP, et al.,<br><br>   Defendants. | CASE NO. C17-0178JLR<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(RELATING TO BOTH CASES) |
| JEWISH FAMILY SERVICES, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>DONALD TRUMP, et al.,<br><br>   Defendants. | CASE NO. C17-1707JLR |

## I. INTRODUCTION

Before the court is Defendants Donald Trump, United States Department of State, Rex Tillerson, United States Department of Homeland Security, United States Customs and Border Protection, Kevin McAleenan, Michael James, Office of the Director of

ORDER - 1

National Intelligence, Elaine Duke, and Daniel Coats's (collectively, "Defendants") motion for reconsideration of the court's December 23, 2017, order granting a preliminary injunction in the consolidated cases. (MFR (Dkt. # 93); *see also* PI Order (Dkt. # 92).) The court directed Plaintiffs in the consolidated cases[1] to file a joint response to Defendants' motion. (12/29/17 Order (Dkt. # 94).) The court has considered the motion, Plaintiffs' joint response (Resp. (Dkt. # 98)), the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES the motion.

## II.  BACKGROUND & ANALYSIS

On December 23, 2017, the court issued a preliminary injunction in the consolidated cases against certain aspects of Executive Order No. 13,815 ("EO-4"), § 3(a), 82 Fed. Reg. 50,055 (Oct. 27, 2017), and its accompanying memorandum to President Trump, from Secretary of State Tillerson, Acting Secretary of the Department of Homeland Security ("DHS") Duke, and Director of National Intelligence ("DNI") Coats. (*See generally* PI Order; *see also* Lin Decl. (Dkt. # 46) ¶ 3, Ex. B (attaching a copy of the memorandum) (hereinafter, "Agency Memo").) A portion of the preliminary injunction enjoins Defendants[2] "from enforcing those provisions of the Agency Memo that suspend or inhibit, including through the diversion of resources, the processing of

---

[1] Plaintiffs in *Doe, et al. v. Trump, et al.*, No. C17-0178JLR (W.D. Wash.), include John Doe, Joseph Doe, James Doe, Jack Doe, Jason Doe, Jeffrey Doe, Episcopal Diocese of Olympia, and Council on American Islamic Relations–Washington. Plaintiffs in *Jewish Family Services, et al. v. Trump, et al.*, No. C17-1707JLR (W.D. Wash.), include Afkab Mohamed Hussein, Allen Vaught, John Does 1-3, Jane Does 4-6, John Doe 7, Jewish Family Service of Seattle ("JFS-S"), and Jewish Family Services of Silicon Valley ("JFS-SV").

[2] The preliminary injunction applies to all Defendants except for President Trump. (*See* PI Order at 64 n.32.)

refugee applications or the admission into the United States of refugees from SAO countries." (PI Order at 65.) The court, however, limited the scope of this aspect of the preliminary injunction to "refugees with a bona fide relationship to a person or entity within the United States." (*Id.* (citing *Trump v. Int'l Refugee Assistance Project*, --- U.S. ---, 137 S. Ct. 2080, 2088-89 (2017) ("*IRAP*")).) The Supreme Court has stated that for such a relationship to exist, it "must be formal, documented, and formed in the ordinary course, rather than for the purpose of evading [the Executive Order at issue]." *See IRAP*, 137 S. Ct. at 2088. Based on the Ninth Circuit's interpretation of that language in *Hawaii v. Trump*, 871 F.3d 646, 659-64 (9th Cir. 2017) ("*Hawaii II*"), this court held that "those refugees from [Security Advisory Opinion ("SAO") list] countries who have a formal assurance from JFS-S, JFS-SV, or some other refugee resettlement agency or humanitarian organization, would be covered by the preliminary injunction." (PI Order at 63 n.31.) Defendants ask the court to "modify its preliminary injunction to exclude from coverage refugee applicants who seek to establish a [bone fide relationship] on the sole ground that they have received a formal assurance from a resettlement agency." (MFR at 2.)

Motions for reconsideration "are disfavored." Local Rules W.D. Wash. LCR 7(h)(1). Ordinarily, the court will deny such motions in the absence of a showing of (1) "manifest error in the prior ruling," or (2) "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." *Id.* Defendants do not present any new legal authority that could not have been brought to the court's attention earlier with reasonable diligence. (*See generally* MFR.) Although

ORDER - 3

Defendants submit a new declaration from Lawrence E. Bartlett, the Director of the Office of Admissions, Bureau or Population, Refugees, and Migration ("PRM") (*see* Bartlett Decl. (Dkt. # 93-1)), the declaration was signed on July 3, 2017 (*see id.* at 8). Thus, Defendants also fail to present new facts that could not have been brought to the court's attention earlier with reasonable diligence. (*See generally id.*) The court, therefore, assumes that they are proceeding under the theory that there is "manifest error in the prior ruling." *See* Local Rules W.D. Wash. LCR 7(h)(1).

In their motion, Defendants do not argue that the Ninth Circuit's ruling in *Hawaii II*, 871 F.3d at 659-64, calls for a different result than the one issued by this court. (*See* MFR at 3-4.) Instead, they argue that the court should ignore this binding precedent because the Supreme Court stayed the Ninth Circuit's decision. (*See id.* at 4 (citing *Trump v. Hawaii*, --- U.S. ---, 138 S. Ct. 1 (2017) and *Trump v. Hawaii*, --- U.S. ---, 138 S. Ct. 49 (2017)).) The Supreme Court, however, gave no reason for its stay orders, thus, it is impossible for this court to discern the Supreme Court's rationale. *See Hawaii v. Trump*, 138 S. Ct. at 1; *see also Hawaii v. Trump*, 138 S. Ct. at 49. Further, the Ninth Circuit's ruling in *Hawaii II* is not vacated and remains binding precedent upon this court. Once the Ninth Circuit decides an issue in a precedential opinion, the matter is resolved, unless the Ninth Circuit sitting en banc or the Supreme Court overrules the decision or Congress changes the law. *See Hart v. Massanari*, 266 F.3d 1155, 1171 & n.28 (9th Cir. 2001). The possible contingencies for overruling *Hawaii II* have not occurred here. Accordingly, this court is not at liberty to simply ignore binding Ninth Circuit precedent based on Defendants' divination of what the Supreme Court was

thinking when it issued the stay orders or what the Supreme Court's ultimate decision might have been had the appeals of EO-2 not become moot. *See Trump v. Hawaii*, 138 S. Ct. 377, 377 (2017) (remanding to the Ninth Circuit with instructions to dismiss as moot the challenge to Executive Order No. 13,780 ("EO-2") in *Hawaii v. Trump*, 859 F.3d 741 (9th Cir. 2017) ("*Hawaii I*") and "express[ing] no view on the merits").

Further, the court recognized that JFS-S and JFS-SV will suffer irreparable harm to their organizational missions and to their operations because Defendants' actions prevent the specific refugees that they have assured, and for whom they have already expended resources, from being resettled. (*See* PI Order at 25-28, 57-58.) Although Defendants argue that the Agency Memo does not impair JFS-S and JFS-SV's operations or missions "in any meaningful way," Defendants did not contest the relationship between JFS-S and JFS-SV and their respective assured refugees. (*See* Resp. to PI Mot. (17-1707 Dkt. # 77) at 8-9.) They cannot do so now through their newly filed declaration. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (holding that a motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation"). If the court's preliminary injunction excluded assured refugees, it would fail to avert the irreparable harm the Agency Memo causes Plaintiffs JFS-S and JFS-SV and fail to preserve the status quo while the merits of the case are finally determined.

In any event, the record before the Ninth Circuit included the same declaration from Mr. Bartlett that Defendants attach to their motion here. (*See* Bartlett Decl. at 1 (indicating that it was originally filed on July 3, 2017, in *Hawaii, et al. v. Trump, et al.*,

No. 1:17-cv-00050-DKW-KSC (D. Haw.)); *see also* MFR at 5 n.3 (acknowledging that the Government filed Mr. Bartlett's declaration in the *Hawaii* litigation).) Nevertheless, the Ninth Circuit concluded that assurances constitute bona fide relationships under the Supreme Court's definition of that term because they are "formal, documented, and formed in the ordinary course rather than to evade the Executive Order." *See Hawaii II*, 871 F.3d at 659. Central to the Ninth Circuit's analysis was the fact that resettlement agencies give assurances after individualized screening processes, and that the exclusion of an assured refugee inflicts a concrete hardship on the resettlement agency that had committed and planned to provide the refugee with specific services in a particular locale. *See id.* at 661. Moreover, the Ninth Circuit rejected the very argument Defendants make here—that a bona fide relationship cannot exist between a resettlement agency and refugees it has assured because the federal government serves as an intermediary. *Compare* MFR at 5-6 *with Hawaii II*, 871 F.3d at 663 & n.15 (explaining that "the Government's intermediary function does not diminish the bona fide relationship" because of the individualized placement process that occurs as part of each assurance, and noting that the Government conceded as much at oral argument). The Ninth Circuit's prior controlling decision on the very issue raised by Defendants determines the outcome here. Accordingly, the court denies Defendants' motion to reconsider a portion of the preliminary injunction.

//

//

//

## III. CONCLUSION

Based on the analysis and authority cited above, the court DENIES Defendants' motion to reconsider the court's preliminary injunction order (Dkt. # 93).

Dated this 5th day of January, 2018.

JAMES L. ROBART
United States District Judge