The Honorable James L. Robart

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JOHN DOE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD TRUMP, et al., <br><br> Defendants. | **Civil Action No. 2:17-cv-00178JLR** |
| JEWISH FAMILY SERVICE OF SEATTLE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD TRUMP, et al., <br><br> Defendants. | **Civil Action No. 2:17-cv-01707JLR** <br><br> **DEFENDANTS' MOTION TO STAY DISTRICT COURT PROCEEDINGS PENDING DISPOSITION OF CROSS-APPEALS** <br><br> **(RELATING TO *JEWISH FAMILY SERVICE*, NO. 17-1707)** <br><br> Noted for Consideration: <br> February 2, 2018 |

DEFS.' MOT TO STAY DISTRICT COURT PROCEEDINGS

*Doe, et al. v. Trump, et al.*, No. 2:17-cv-00178 (JLR)

*Jewish Family Service of Seattle, et al. v. Trump, et al.*, No. 2:17-cv-01707 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 514-3259**

Defendants hereby move the Court to stay district court proceedings in the *Jewish Family Service* ("*JFS*") case (No. 17-1707) pending the Ninth Circuit's disposition of the pending cross-appeals of the preliminary injunction entered on December 23, 2017.[1]

As explained below, the Ninth Circuit's disposition of these cross-appeals (whether on mootness grounds or otherwise) will provide this Court guidance as to how to proceed in this action. Proceeding in the absence of such guidance would be inefficient, waste the resources of the Court and the parties, and potentially result in rulings that would require subsequent modification or reconsideration in light of the Ninth Circuit's ruling(s). A stay would offer the added benefit of allowing the parties to account for any forthcoming changes in refugee-related policy following the conclusion of the 90-day Security Advisory Opinion ("SAO") review period, which is set to expire on January 22, 2018 (coincidentally, the same day that Defendants' response to *JFS* Plaintiffs' Complaint is presently due). Moreover, a stay of proceedings in the *JFS* case would ensure that this case remains on an even keel with *Doe v. Trump* (No. 17-178), the case with which this action is consolidated and in which no further dates and deadlines have been scheduled.

---

[1] Pursuant to LCR 7(d)(3), Defendants' motion to stay is a "Third Friday" motion, and so Defendants have noted it for consideration on February 2, 2018. However, Defendants' deadline to respond to the *Jewish Family Service* Plaintiffs' Complaint is January 22, 2018. Should the Court decline to alter that deadline, Defendants anticipate filing a motion to dismiss on or before that date. Defendants respectfully suggest that it would be inefficient and wasteful for the parties to begin another round of dispositive motions practice before the Court rules on this stay motion. Accordingly, Defendants request that the Court rule on this motion or on the concurrently filed extension motion (ECF No. 111) in advance of that January 22 deadline, or alternatively hold that deadline in abeyance pending resolution of these motions.

DEFS.' MOT TO STAY DISTRICT COURT PROCEEDINGS - 1
*Doe, et al. v. Trump, et al.*, No. 2:17-cv-00178 (JLR)
*Jewish Family Service of Seattle, et al. v. Trump, et al.*, No. 2:17-cv-01707 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-3259

*JFS* Plaintiffs will not be harmed by a stay while the Ninth Circuit considers the pending cross-appeals, as the relevant provisions of the October 23, 2017, Memorandum to the President ("Joint Memorandum" or "Agency Memo") are currently enjoined worldwide.[2]

## PROCEDURAL HISTORY

*JFS* Plaintiffs filed their Complaint on November 13, 2017. No. 2:17-cv-01707JLR, ECF No. 1. Three days later, on November 16, *JFS* Plaintiffs moved for a preliminary injunction, challenging two provisions of the Joint Memorandum (the 90-day SAO review period and the following-to-join implementation ("FTJ") period). ECF No. 42. On November 29, 2017, pursuant to a stipulation, the Court consolidated the *JFS* case with *Doe v. Trump*, No. 2:17-cv-00178JLR, ECF No. 61, a separate action in which the plaintiffs had moved to preliminarily enjoin the Joint Memorandum.[3]

After both preliminary injunction motions were fully briefed, the Court held a hearing on December 21, 2017. Two days later, the Court entered an Order granting the motions and enjoining Defendants from enforcing those provisions of the Joint Memorandum that "suspend the processing of FTJ refugee applications or suspend the admission of FTJ refugees into the United States," as well as those provisions that "suspend or inhibit . . . the processing of refugee applications or the admission into the United States of refugees from SAO countries." *Doe v. Trump*, Nos. C17-0178JLR & C17-1707JLR, 2017 WL 6551491, at *26 (W.D. Wash. Dec. 23, 2017). The injunction applies worldwide with respect to refugee applicants who have a bona fide

---

[2] Defendants contacted *JFS* Plaintiffs to inquire whether they opposed this motion. In a January 12, 2018, e-mail, counsel for *JFS* Plaintiffs stated that they "do not agree to a stay of Defendants' obligations under Rules 12 or 26."

[3] From this point forward, all ECF references in this brief are to filings on the *Doe* docket.

DEFS.' MOT TO STAY DISTRICT COURT PROCEEDINGS - 2
*Doe, et al. v. Trump, et al.*, No. 2:17-cv-00178 (JLR)
*Jewish Family Service of Seattle, et al. v. Trump, et al.*, No. 2:17-cv-01707 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-3259

relationship with a United States person or entity. *Id.* Following entry of the December 23 Order, Defendants moved for reconsideration as to the scope of the injunction, ECF No. 93, and for a stay of the injunction pending appeal, ECF No. 95. The Court denied both motions. *See* ECF Nos. 103 & 106.

On January 4, 2018, Defendants filed a notice of appeal of the preliminary injunction Order to the Ninth Circuit. ECF No. 99. A week later, *JFS* Plaintiffs filed a notice of cross-appeal on the preliminary injunction Order, ECF No. 107.

Defendants now respectfully submit this Motion to Stay District Court Proceedings Pending Disposition of Cross-Appeals, and concurrently submit a Motion for Extension of Time to Respond to Plaintiffs' Complaint (ECF No. 111). Unlike Defendants' emergency stay motion, which requested a stay of the preliminary injunction itself, this motion simply requests that the Court exercise its discretion to stay further district court litigation until the Ninth Circuit disposes of the pending cross-appeals, as this Court did previously in *Washington v. Trump*, No. C17-0141 JLR, 2017 WL 2172020, at *5 (W.D. Wash. May 17, 2017) ("*Washington II*"). Such a modest stay would not prejudice *JFS* Plaintiffs in light of the preliminary injunction currently in place. Indeed, as a practical matter, *JFS* Plaintiffs would be in the same position as *Doe* Plaintiffs in this consolidated action. Moreover, a stay would conserve resources of the Court and the parties while the parties present their claims and defenses to the Ninth Circuit. The Court should therefore grant Defendants' motion.

## STANDARD OF REVIEW

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). That power applies

DEFS.' MOT TO STAY DISTRICT COURT PROCEEDINGS - 3
*Doe, et al. v. Trump, et al.*, No. 2:17-cv-00178 (JLR)
*Jewish Family Service of Seattle, et al. v. Trump, et al.*, No. 2:17-cv-01707 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-3259

"especially in cases of extraordinary public moment," when "a plaintiff may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." *Id*. at 707.

The Ninth Circuit has described various factors that should be considered when evaluating a motion to stay:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). As to the last factor, courts frequently grant stays when resolution of another action may "bear upon the case," because a stay is most "efficient for [the court's] own docket and the fairest course for the parties[.]" *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

## ARGUMENT

**I.    A Stay Would Promote Judicial Economy Because the Ninth Circuit's Disposition of the December 23, 2017, Preliminary Injunction Order Is Likely to Provide Guidance on Jurisdictional and/or Other Issues in This Case.**

A stay of district court litigation while the parties' cross-appeals of the preliminary injunction proceed is the most prudent course at this juncture, as the Ninth Circuit's disposition of the cross-appeals should provide useful guidance to this Court. The disposition of the appeals could potentially shed light on questions such as the justiciability of Plaintiffs' claims, the viability of their statutory challenges, and, perhaps, the availability of their constitutional claims (particularly in light of Supreme Court stay orders in the litigation over Presidential Proclamation No. 9645).

DEFS.' MOT TO STAY DISTRICT COURT PROCEEDINGS - 4
*Doe, et al. v. Trump, et al.*, No. 2:17-cv-00178 (JLR)
*Jewish Family Service of Seattle, et al. v. Trump, et al.*, No. 2:17-cv-01707 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-3259

Moreover, the Ninth Circuit will likely confront the question whether the cross-appeals should be resolved on grounds of mootness. As the Government acknowledged at the December 21, 2017, hearing, the 90-day SAO review period is set to conclude on January 22, 2018, and the following-to-join implementation period is expected to conclude at almost all locations by February 1, 2018. Upon the conclusion of these two endeavors, Plaintiffs' challenge to the Joint Memorandum will become moot. *See Trump v. Hawaii*, 138 S. Ct. 377 (2017) (mem.); *Trump v. IRAP*, 138 S. Ct. 353 (2017) (mem.). It makes little sense to proceed with litigation regarding a policy that will soon be moot. Should a new refugee-related policy take effect in the future, and should Plaintiffs desire to challenge that new policy, Plaintiffs would need to amend their Complaint to challenge that policy. This Court could then determine how best to proceed at that time.

This Court has repeatedly recognized the value of a stay pending appeal. Specifically, in *Washington v. Trump*, No. C17-0141JLR, 2017 WL 2172020, at *5 (W.D. Wash. May 17, 2017), this Court stayed proceedings over plaintiffs' opposition while defendants appealed to the Ninth Circuit a preliminary injunction issued in *Hawaii v. Trump*, No. CV 17-00050 (D. Haw.), against enforcement of Executive Order No. 13,780 ("EO-2"). In doing so, this Court recognized that awaiting the Ninth Circuit's decision would "promote the orderly course of justice and judicial economy," that Defendants would "face hardship or inequity" without a stay because of the plaintiffs' discovery demands and the unique nature of the case involving the Chief Executive, and that the plaintiffs could not show harm justifying denial of a stay. *See id.* at *5.

Before entering that stay, this Court similarly *sua sponte* stayed consideration of the *Washington* plaintiffs' motion for a temporary restraining order against enforcement of EO-2 in

DEFS.' MOT TO STAY DISTRICT COURT PROCEEDINGS - 5
*Doe, et al. v. Trump, et al.*, No. 2:17-cv-00178 (JLR)
*Jewish Family Service of Seattle, et al. v. Trump, et al.*, No. 2:17-cv-01707 (JLR)

U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-3259

light of the District of Hawaii's decision. *Washington v. Trump*, No. C17-0141JLR, 2017 WL 1050354 (W.D. Wash. Mar. 17, 2017) ("*Washington I*"). This Court concluded that because "many of the legal arguments Plaintiffs raise[d] in their TRO motion [were] likely to be before the Ninth Circuit in *Hawaii*," it would "waste judicial resources to decide these issues . . . when guidance from the Ninth Circuit is likely to be available soon." *Id*. at 5. The Court found that "[t]he more efficient course" was to "wait for a decision from the Ninth Circuit," which might "resolve the primary issues." *Id*. The Court could then "resolve any remaining issues in this case with the benefit of the Ninth Circuit's analysis." *Id*. And in *Doe. v. Trump*, No. 2:17-cv-00178 (JLR), the case with which this action is consolidated, this Court entered a stipulated order staying proceedings pending the Ninth Circuit's resolution of the appeal in *Hawaii v. Trump*. ECF Nos. 34, 38.

Indeed, this Court is not alone in recognizing the appropriateness of a stay pending appeal in this context. After this Court entered a nationwide injunction in *Washington v. Trump*, No. C17-0141JLR, 2017 WL 462040 (W.D. Wash. Feb. 15, 2017), the U.S. District Court for the District of Hawaii stayed all deadlines in that parallel case pending resolution of the Government's appeal to the Ninth Circuit. The district court determined that "granting the stay while the nationwide injunction continue[d] in place pending the outcome of appellate proceedings would facilitate the orderly course of justice." *Hawaii v. Trump*, 233 F. Supp. 3d 850, 855 (D. Haw. 2017). The court noted in particular that the Ninth Circuit's ruling, as well as any subsequent appellate pronouncement, would "likely be dispositive of, or at least dispositive of many of the issued presented by," the motion for a temporary restraining order then pending in that court. *Id*.

DEFS.' MOT TO STAY DISTRICT COURT PROCEEDINGS - 6
*Doe, et al. v. Trump, et al.*, No. 2:17-cv-00178 (JLR)
*Jewish Family Service of Seattle, et al. v. Trump, et al.*, No. 2:17-cv-01707 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-3259

The same reasoning supports staying all district court proceedings in this case (including Defendants' upcoming deadline to respond to *JFS* Plaintiffs' Complaint and any discovery). The Ninth Circuit's disposition of the cross-appeals could have "significant relevance to—and potentially control"—this Court's analysis of forthcoming issues in this case. *See Washington I*, 2017 WL 1050354, at *5.

A stay would be particularly appropriate because *JFS* Plaintiffs have signaled, as recently as January 12, 2018, that they believe discovery must proceed without delay. The Government strongly disputes *JFS* Plaintiffs' view that they are entitled discovery. Discovery generally is not permitted for APA claims. *McCrary v. Gutierrez*, 495 F. Supp. 2d 1038, 1041 (N.D. Cal. 2007). And, as the Government has argued, Plaintiffs' constitutional claims are governed by *Kleindienst v. Mandel*, 408 U.S. 753 (1972), which does not permit looking beyond the face of a decision to exclude aliens abroad. If the Ninth Circuit finds Plaintiffs' challenges to the Joint Memorandum moot, then Plaintiffs would not be entitled to discovery. And if that court reaches the merits of Plaintiffs' claims, it may address the proper standard for resolving those claims and, in doing so, may signal whether Plaintiffs are entitled to any discovery or what such discovery might entail. This Court has already recognized that such circumstances favor a stay pending appeal. *See Washington II*, 2017 WL 2172020, at *2 (explaining that "[a]lthough the Ninth Circuit is not considering discovery issues on appeal, it is likely to decide legal issues that will impact the court's resolution of the parties' discovery disputes here by clarifying the applicable law or relevant landscape of facts that need to be developed" (citations and internal quotation marks omitted)); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) ("[T]he prospect of narrowing the factual and legal issues" counsels in favor of granting a stay.); *Fed. Home Loan*

DEFS.' MOT TO STAY DISTRICT COURT PROCEEDINGS - 7
*Doe, et al. v. Trump, et al.*, No. 2:17-cv-00178 (JLR)
*Jewish Family Service of Seattle, et al. v. Trump, et al.*, No. 2:17-cv-01707 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-3259

*Mortg. Corp. v. Kama*, No. 14-00137 ACK-KSC, 2016 WL 922780, at *9 (D. Haw. Mar. 9, 2016) (granting stay, including of discovery, where appeal of related cases would "help to clarify the issues and questions of law going forward"). Awaiting any such guidance may conserve resources in the end. For instance, if this Court were to find that discovery is appropriate, but the Ninth Circuit were to then hold that Plaintiffs' challenge to the Joint Memorandum has been rendered moot by subsequent events, the parties would have wasted resources on discovery. Relatedly, if this Court were to determine that some discovery is appropriate and some is not, and the Ninth Circuit's subsequent decision conflicts with whatever line the Court drew, the Court would need to reconcile its past decisions.

Discovery aside, the Ninth Circuit's guidance could also prove useful in other aspects of this case. If the case is not stayed, Defendants anticipate that they will move for dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In doing so, Defendants expect that they will raise many of the defenses and arguments they presented at the preliminary injunction stage. The Ninth Circuit has not yet considered those arguments in connection with the Joint Memorandum. Should the Ninth Circuit reach these issues, its analysis would provide this Court with guidance as to how to proceed. A stay is therefore warranted because "the Ninth Circuit's decision will also likely help the court in resolving Defendants' motion to dismiss," *Washington II*, 2017 WL 2172020, at *3, whether on mootness grounds or on other jurisdictional or merits bases. It would waste this Court's time and the parties' resources to conduct parallel briefing with that in the Ninth Circuit about policies that are currently enjoined. Moreover, another round of dispositive motions may also lead, upon a subsequent Ninth Circuit decision, to "inconsistent

DEFS.' MOT TO STAY DISTRICT COURT PROCEEDINGS - 8
*Doe, et al. v. Trump, et al.*, No. 2:17-cv-00178 (JLR)
*Jewish Family Service of Seattle, et al. v. Trump, et al.*, No. 2:17-cv-01707 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-3259

rulings" between the two courts that will need to be "disentangle[d]." *Washington I*, 2017 WL 1050354, at *5.

In short, the Ninth Circuit's decision could change "the applicable law or the relevant landscape of facts that need to be developed" in such a way that this Court's intervening rulings will be nullified or will need to be made anew. *Id.* at *5; *see Canal Props. LLC v. Alliant Tax Credit V, Inc.*, No. C04-03201 SI, 2005 WL 1562807, at *3 (N.D. Cal. June 29, 2005). A stay, therefore, is most "efficient for [the Court's] own docket and the fairest course for the parties[.]" *Leyva*, 593 F.2d at 863.

**II.    A Stay Would Keep the *JFS* and *Doe* Cases on an Even Trajectory.**

In *Doe*, the parties have agreed that Defendants' deadline to respond to the Third Amended Complaint is extended until the parties confer at a later date upon a schedule. *See* ECF No. 41. The Court appeared to recognize this state of affairs at the December 21, 2017, hearing, when it rescinded a text order that had imposed a December 22 deadline for the parties "to respond to the Order Regarding Initial Disclosures and Joint Status Report." *See* ECF No. 87. Given the close identity between the claims at issue in *Doe* and *JFS*, it makes no sense for litigation in one case to proceed while litigation in the other case remains in abeyance. And since both sets of plaintiffs benefit from the preliminary injunction, there is nothing to be gained from further proceedings in either case, at least until the Ninth Circuit disposes of the pending cross-appeals.

**III.   *JFS* Plaintiffs Will Not Be Harmed by a Stay of District Court Proceedings.**

In contrast to the wasteful drain on resources that will occur if this case proceeds before the cross-appeals are resolved, *JFS* Plaintiffs will not suffer any harm from a stay. The relevant provisions of the Joint Memorandum are currently enjoined worldwide. Once the cross-appeals are resolved (or the landscape otherwise shifts due to changes in refugee-related policy), *JFS*

DEFS.' MOT TO STAY DISTRICT COURT PROCEEDINGS - 9
*Doe, et al. v. Trump, et al.*, No. 2:17-cv-00178 (JLR)
*Jewish Family Service of Seattle, et al. v. Trump, et al.*, No. 2:17-cv-01707 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-3259

Plaintiffs could request whatever further proceedings, if any, they deem appropriate at that time. Under these circumstances, *JFS* Plaintiffs cannot plausibly claim they will suffer harm from a stay. And even if they could conceive of some harm, it would not outweigh the harm to Defendants from denying a stay. *See Washington II*, 2017 WL 2172020, at *4 ("In the context of this case, the 'high respect' owed to the Executive warrants a stay to protect Defendants from the burden of resource intensive discovery while the Ninth Circuit addresses issues that may inform the appropriateness, scope, and necessity of that discovery.").

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion Stay District Court Proceedings Pending Disposition of Cross-Appeals.

DATED: January 16, 2018                    Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

AUGUST E. FLENTJE
Special Counsel

JENNIFER D. RICKETTS
Director, Federal Programs Branch

JOHN R. TYLER
Assistant Director, Federal Programs Branch

*/s/ Joseph C. Dugan*
MICHELLE R. BENNETT
DANIEL SCHWEI
KEVIN SNELL
JOSEPH C. DUGAN
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC 20530
Tel: (202) 514-3259
Fax: (202) 616-8470
Email: joseph.dugan@usdoj.gov

DEFS.' MOT TO STAY DISTRICT COURT PROCEEDINGS - 10
*Doe, et al. v. Trump, et al.*, No. 2:17-cv-00178 (JLR)
*Jewish Family Service of Seattle, et al. v. Trump, et al.*, No. 2:17-cv-01707 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-3259

*Attorneys for Defendants*

DEFS.' MOT TO STAY DISTRICT COURT PROCEEDINGS - 11
*Doe, et al. v. Trump, et al.*, No. 2:17-cv-00178 (JLR)
*Jewish Family Service of Seattle, et al. v. Trump, et al.*, No. 2:17-cv-01707 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 514-3259**

# **CERTIFICATE OF SERVICE**

I certify that on January 16, 2018, a copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

DATED this 16th day of January, 2018.

                                              */s/ Joseph C. Dugan*
                                              JOSEPH C. DUGAN

DEFS.' MOT TO STAY DISTRICT COURT PROCEEDINGS - 12
*Doe, et al. v. Trump, et al.*, No. 2:17-cv-00178 (JLR)
*Jewish Family Service of Seattle, et al. v. Trump, et al.*, No. 2:17-cv-01707 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 514-3259**