The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN DOE, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>DONALD TRUMP, et al.,<br><br>        Defendants. | **Civil Action No. 2:17-cv-00178JLR** |
| JEWISH FAMILY SERVICE OF SEATTLE, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>DONALD TRUMP, et al.,<br><br>        Defendants. | **Civil Action No. 2:17-cv-01707JLR**<br><br>**DEFENDANTS' NOTICE OF COMPLIANCE WITH PRELIMINARY INJUNCTION**<br><br>**(RELATING TO BOTH CASES)** |

DEFS.' NOTICE OF COMPLIANCE WITH PRELIM. INJ.
*Doe, et al. v. Trump, et al.*, No. 2:17-cv-00178 (JLR)
*Jewish Family Service of Seattle, et al. v. Trump, et al.*, No. 2:17-cv-01707 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-3259

## INTRODUCTION

Defendants respectfully submit this Notice of Compliance with the Court's preliminary injunction Order dated December 23, 2017 ("PI Order"). As set forth below and in the attached Declarations, Defendants have acted promptly to comply with the injunction. In particular, Defendants have taken steps to include Security Advisory Opinion (SAO) nationals in this quarter's upcoming "circuit rides," and in furtherance of their compliance with the Court's Order, aim to establish a third-quarter schedule that will include trips to areas where more SAO nationals can be interviewed. These actions and others demonstrate Defendants' good-faith compliance with the injunction.

## PROCEDURAL HISTORY

On December 23, 2017, the Court preliminarily enjoined Defendants from enforcing two provisions of the October 23, 2017, Memorandum to the President ("Joint Memorandum" or "Agency Memo"). In that PI Order, the Court held that Defendants are enjoined from enforcing those provisions of the Joint Memorandum that "suspend the processing of [following-to-join (FTJ)] refugee applications or suspend the admission of FTJ refugees into the United States" and that "suspend or inhibit, including through the diversion of resources, the processing of refugee applications or the admission into the United States of refugees from SAO countries." *Doe v. Trump*, Nos. C17-0178JLR & C17-1707JLR, 2017 WL 6551491, at *26 (W.D. Wash. Dec. 23, 2017), *appeal docketed*, No. 18-35015.

Following entry of the PI Order, Defendants filed an emergency motion to stay the injunction pending appeal. The Court denied that emergency motion in a January 9, 2018, Order. *See Doe v. Trump*, Nos. C17-0178JLR & C17-1707JLR, 2018 WL 341597 (W.D. Wash. Jan. 9, 2018) ("Stay Denial Order"). In doing so, the Court suggested that Defendants may have attempted through their motion to "unilaterally modify the preliminary injunction." *Id.* at *2. The Court elaborated:

DEFS.' NOTICE OF COMPLIANCE WITH PRELIM. INJ. - 1
*Doe, et al. v. Trump, et al.*, No. 2:17-cv-00178 (JLR)
*Jewish Family Service of Seattle, et al. v. Trump, et al.*, No. 2:17-cv-01707 (JLR)

U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-3259

> At this point, the court declines to consider the possibility that Defendants' declaration is an improper attempt to excuse noncompliance with the court's order. The court simply notes that, in the absence of a stay, Defendants' failure to comply with the preliminary injunction could result in a possible finding of contempt and the possible imposition of sanctions.

*Id.* at *2 n.3.

Defendants respectfully submit that they made no attempt to modify the injunction. Defendants hereby offer this Notice to inform the Court of Defendants' efforts to scrupulously adhere to the Court's PI Order. The Court ordered "Defendants to take actions that are necessary to undo those portions of the Agency Memo that are enjoined." *Id.* at *3. As explained herein, Defendants have done exactly that.[1]

## STATEMENT OF COMPLIANCE

In support of this Notice of Compliance, Defendants offer two Declarations: the first by Kelly A. Gauger, Acting Director of the Admissions Office of the Bureau of Population, Refugees, and Migration at the Department of State ("Gauger Decl.," attached hereto as Exhibit A); and the second by Jennifer B. Higgins, Associate Director of the Refugee, Asylum and International Operations Directorate at the Department of Homeland Security ("Higgins Decl.," attached hereto as Exhibit B).

In its Stay Denial Order, the Court observed: "if Defendants sent guidance suspending the admission of FTJ refugees or refugees from SAO countries, they must rescind that guidance. If they issued instructions to de-prioritize the processing of applications from SAO countries, they must reverse those instructions." *Doe*, 2018 WL 341597, at *3. As the two attached Declarations explain, both State and USCIS issued prompt guidance directing their personnel to comply with the injunction. On December 24, 2017, State "issued guidance to its implementing partners at the Resettlement Support Centers (RSCs) overseas . . . so that the[se] implementing partners could

---

[1] The Court also observed in its Stay Denial Order that Defendants' prior arguments about the injunction's scope and impact were "conclusory and unsupported by any evidence." *Doe*, 2018 WL 341597, at *3. In order to avoid a similar conclusion here, Defendants proffer the two attached Declarations to substantiate their compliance.

DEFS.' NOTICE OF COMPLIANCE WITH PRELIM. INJ. - 2
*Doe, et al. v. Trump, et al.*, No. 2:17-cv-00178 (JLR)
*Jewish Family Service of Seattle, et al. v. Trump, et al.*, No. 2:17-cv-01707 (JLR)

U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-3259

implement the injunction immediately upon opening of business after the federal holiday on December 25, 2017." Gauger Decl. ¶ 2. "The guidance instructed the RSCs to resume processing all follow-to-join refugees . . . and nationals of . . . the 11 countries on the SAO list who have a bona fide relationship to a person or entity within the United States." *Id.* Further, the State Department's Bureau of Consular Affairs advised consular posts on December 23, 2017, to adjudicate FTJ applications as normal. *Id.* ¶ 3. USCIS apprised its personnel of the injunction's immediate impact on December 24, 2017. Higgins Decl. ¶ 2.

The Stay Denial Order addressed the agencies' scheduling of "circuit rides." State and DHS work closely with one another to schedule circuit rides, through which USCIS officers travel to different locations worldwide to interview refugee applicants. Gauger Decl. ¶ 4; Higgins Decl. ¶ 3. State typically submits requests for circuit rides to USCIS many weeks prior to each quarter of the fiscal year. *See* Gauger Decl. ¶ 4; Higgins Decl. ¶ 4. After a schedule is set, in-country RSCs slot in refugee applicants for interviews. Gauger Decl. ¶ 4. The schedule for circuit rides occurring in the second quarter of fiscal year 2018 (January 1 through March 31) is appended as Exhibit 1 to the Higgins Declaration.

The Court wrote that "nothing in the preliminary injunction requires Defendants to cancel any already-scheduled circuit rides or refugee interviews." *Doe*, 2018 WL 341597, at *3. Defendants have accordingly not done so, and instead, have attempted to add SAO nationals to the already-scheduled circuit rides. Specifically, on December 26, 2017, State reached out to the RSCs to inquire whether any SAO nationals might be ready for interviews at locations already included on the second-quarter calendar. Gauger Decl. ¶ 5. "As a result of this request, additional interviews for SAO nationals have been added to the circuit rides to Indonesia and to Nauru and Manus." *Id.*

The Court added that "[c]omplying with the preliminary injunction . . . require[s] Defendants to restore any circuit rides that they would have scheduled absent the Agency Memo." *Doe*, 2018 WL 341597, at *3. As the Higgins Declaration explains, it is not feasible to determine

DEFS.' NOTICE OF COMPLIANCE WITH PRELIM. INJ. - 3
*Doe, et al. v. Trump, et al.*, No. 2:17-cv-00178 (JLR)
*Jewish Family Service of Seattle, et al. v. Trump, et al.*, No. 2:17-cv-01707 (JLR)

U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-3259

with particularity what circuit rides or interviews would have been scheduled absent the Joint Memorandum. Higgins Decl. ¶ 4. Preparation for circuit rides is a complicated and time-consuming endeavor involving many factors, and as a result, circuit rides must be scheduled weeks, if not more than a month, in advance. *See id.* ¶¶ 3-4. USCIS officers must make travel arrangements, obtain visas, obtain and verify necessary vaccinations, secure country clearances, and schedule and deliver site-specific pre-departure trainings and in-country briefings on arrival. *Id.* ¶ 3. State and USCIS began scheduling second-quarter (January 1 through March 31, 2018) circuit rides in October 2017, long before the injunction took effect. *Id.* ¶ 4. As a result, these previously scheduled circuit rides did not include locations with relatively high numbers of SAO nationals. *Id.*

Nevertheless, the Government, in furtherance of its compliance with the Court's PI Order, aims to establish a schedule for its third-quarter circuit rides that would include locations where greater percentages of SAO nationals are ready for interviews, namely, Iraq, Jordan, Turkey, and, potentially Kenya. *See* Gauger Decl. ¶ 6; Higgins Decl. ¶ 7.[2] "Scheduling circuit rides to these locations in the relatively near future is far preferable from a programmatic perspective" to canceling planned circuit rides during the second quarter. Gauger Decl. ¶ 6. Cancellations of already-scheduled circuit rides would "waste resources, slow down the refugee pipeline overall (adversely affecting all refugee applicants), and cause undue hardship for those whose interviews were already scheduled to take place, especially those who have been notified of their upcoming interview." *Id.*

Adding such locations for third-quarter circuit rides makes sense for an additional reason: it is not feasible for the agencies to add new locations to the second-quarter schedule. As set forth in the Higgins Declaration, all available officers will be participating in the circuit rides already planned for this quarter. *See* Higgins Decl. ¶ 6. The agencies could not add new locations to the

---

[2] Once the locations for the third-quarter circuit rides are finalized, Defendants can share that information with the Court upon the Court's request.

DEFS.' NOTICE OF COMPLIANCE WITH PRELIM. INJ. - 4
*Doe, et al. v. Trump, et al.*, No. 2:17-cv-00178 (JLR)
*Jewish Family Service of Seattle, et al. v. Trump, et al.*, No. 2:17-cv-01707 (JLR)

U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-3259

second-quarter schedule without either reassigning personnel who are carrying out other governmental obligations or canceling already-scheduled circuit rides. *See id.* Neither possibility is reasonable or appropriate, as both would cause significant inefficiencies and hardship.

To summarize: the agencies promptly issued the necessary guidance to inform the field of its obligation to comply with the injunction. The agencies have also taken steps to include SAO nationals in the second-quarter circuit rides as scheduled, and aim to establish a third-quarter schedule that includes locations where greater percentages of SAO nationals are processed because it is not feasible to do so in the second quarter. These actions show the agencies' good faith commitment to compliance with the PI Order.

As the Court has allowed, the 90-day review for SAO countries has continued even as the agencies have implemented the PI Order. Defendants cannot know or determine with certainty the timing or impact of any further policies resulting from that review. Defendants intend to notify the Court of any new policy once a final determination has been made.

## CONCLUSION

For the reasons stated herein, Defendants respectfully submit that they are in compliance with the PI Order.

DATED: January 19, 2018               Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

AUGUST E. FLENTJE
Special Counsel

JENNIFER D. RICKETTS
Director, Federal Programs Branch

JOHN R. TYLER
Assistant Director, Federal Programs Branch

*/s/ Joseph C. Dugan*
MICHELLE R. BENNETT
DANIEL SCHWEI

DEFS.' NOTICE OF COMPLIANCE WITH PRELIM. INJ. - 5
*Doe, et al. v. Trump, et al.*, No. 2:17-cv-00178 (JLR)
*Jewish Family Service of Seattle, et al. v. Trump, et al.*, No. 2:17-cv-01707 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 514-3259**

| | |
|---|---|
| 1 | KEVIN SNELL |
| 2 | JOSEPH C. DUGAN |
|   | Trial Attorneys |
| 3 | U.S. Department of Justice |
|   | Civil Division, Federal Programs Branch |
| 4 | 20 Massachusetts Avenue, NW |
|   | Washington, DC 20530 |
| 5 | Tel: (202) 514-3259 |
|   | Fax: (202) 616-8470 |
| 6 | Email: joseph.dugan@usdoj.gov |
| 7 | *Attorneys for Defendants* |

DEFS.' NOTICE OF COMPLIANCE WITH PRELIM. INJ. - 6

*Doe, et al. v. Trump, et al.*, No. 2:17-cv-00178 (JLR)

*Jewish Family Service of Seattle, et al. v. Trump, et al.*, No. 2:17-cv-01707 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 514-3259**

## **CERTIFICATE OF SERVICE**

I certify that on January 19, 2018, a copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

DATED this 19th day of January, 2018.

>  */s/ Joseph C. Dugan*
>  JOSEPH C. DUGAN

DEFS.' NOTICE OF COMPLIANCE WITH PRELIM. INJ. - 7
*Doe, et al. v. Trump, et al.*, No. 2:17-cv-00178 (JLR)
*Jewish Family Service of Seattle, et al. v. Trump, et al.*, No. 2:17-cv-01707 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-3259