# Exhibit A

The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN DOE, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>DONALD TRUMP, et al.,<br><br>        Defendants. | Civil Action No. 2:17-cv-00178JLR |
| JEWISH FAMILY SERVICE OF SEATTLE, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>DONALD TRUMP, et al.,<br><br>        Defendants. | Civil Action No. 2:17-cv-01707JLR<br><br>**DECLARATION OF HILARY E. INGRAHAM SUPPORTING DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS**<br><br>(RELATING TO *JEWISH FAMILY SERVICE V. TRUMP*) |

I, Hilary E. Ingraham, for my declaration pursuant to 28 U.S.C. § 1746, hereby state and depose as follows:

1. I am the Director of the Refugee Processing Center within the Bureau of Population, Refugees, and Migration of the United States Department of State. I have served in this position since April 2014. In my current position, I am responsible for managing the

DECLARATION OF HILARY E. INGRAHAM- 1
*Doe, et al. v. Trump, et al.*, No. 2:17-cv-00178 (JLR)
*Jewish Family Service of Seattle, et al. v. Trump, et al.*, No. 2:17-cv-01707 (JLR)

U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-3259

Worldwide Refugee Admissions Processing System (WRAPS), which is the worldwide database used for processing refugees applying for resettlement to the United States. I submit this declaration in support of Defendants' reply in support of their motion to stay proceedings. The statements made herein are based on my personal knowledge and information made available to me in the course of carrying out my duties and responsibilities as Director of the Refugee Processing Center.

2. Section 6(a) of Executive Order No. 13,780 (EO-2) directed the Secretaries of State and Homeland Security to suspend travel of refugees and decisions on refugee applications under the U.S. Refugee Admissions Program (USRAP) for a period of 120 days to conduct a review of existing refugee procedures to "determine what additional procedures should be used to ensure that individuals seeking admission as refugees do not pose a threat to the security and welfare of the United States." 82 Fed. Reg. 13,209 (Mar. 6, 2017). On October 23, 2017, at the conclusion of the 120-day review, the Secretaries of State and Homeland Security and the Director of National Intelligence issued a Joint Memorandum entitled "Resuming the United States Refugee Admissions Program with Enhanced Vetting Capabilities." The Addendum to the Joint Memorandum provides a summary of additional security enhancements that were adopted as a result of the 120-day review that are applicable to refugee applicants seeking resettlement in the United States. As the Addendum explains, these security enhancements include, but are not limited to, the collection of additional data from all refugee applicants to enhance the effectiveness of biographic security checks; measures to ensure that new security checks are completed if new or updated information is obtained regarding an applicant; and

DECLARATION OF HILARY E. INGRAHAM- 2
*Doe, et al. v. Trump, et al.*, No. 2:17-cv-00178 (JLR)
*Jewish Family Service of Seattle, et al. v. Trump, et al.*, No. 2:17-cv-01707 (JLR)

U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-3259

expanding the classes of refugee applicants who require a Security Advisory Opinion (SAO).

3. To implement these additional security enhancements, the Government was required to make technical changes to WRAPS to enable it to collect the additional data now required of all applicants and to transmit that additional data through an automated request in WRAPS that is sent to the relevant interagency vetting partners that conduct SAO reviews. This process requires the WRAPS system to interface through a Consular Affairs system with the systems of the two vetting partners. In other words, information flows from WRAPS through the CA system and to the vetting partners' systems.

4. Immediately after October 24, 2017, the Refugee Processing Center began working with Consular Affairs and the vetting partners to make the necessary technical changes in both WRAPS and vetting partners' computer systems. The Refugee Processing Center's target date for deployment of the updated system across all agencies was January 19, 2018, which would have permitted automated SAO requests through WRAPS at that time.

5. During the period when these technical changes were being made to WRAPS, the Refugee Processing Center worked with the partner vetting agencies to develop a system to request SAOs manually, as opposed to through the automated system. This alternative was developed in order to process SAOs for those refugees who were being considered by the Department of Homeland Security for case-by-case admission under the Joint Memorandum's provisions. These cases generally involved refugees who required emergency medical treatment in the United States or who faced serious threats to their safety in the host country. After the preliminary injunction was issued on December 23,

DECLARATION OF HILARY E. INGRAHAM- 3
Doe, et al. v. Trump, et al., No. 2:17-cv-00178 (JLR)
Jewish Family Service of Seattle, et al. v. Trump, et al., No. 2:17-cv-01707 (JLR)

U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-3259

2017, this manual system was used to process refugees who were SAO nationals with a bona fide relationship to a U.S. person or entity, in compliance with the Court's injunction, because the automated processing system was not yet deployed. This manual process is extremely time consuming and resource intensive because it relies on personnel across the State Department and from all vetting agencies to pull, post, and review information manually.

6. The Refugee Processing Center could not submit automated SAO requests through WRAPS at the same time that it was performing the necessary technical changes to the WRAPS system because these requests would not include all of the relevant data needed for vetting purposes.

7. Deployment of the new functionality, which would allow for automated SAO requests through WRAPS to resume, was complete for all agencies by January 19, 2018. Unfortunately, a technical defect was identified immediately after deployment that prevented the additional data collected from refugee applicants from successfully reaching one of the vetting partners. The defect meant the vetting partner would be unable to take the additional data into account in conducting SAO reviews. The impacted agencies have been working together to understand the defect and develop solutions to fix it.

8. Once we have confirmed that the technical problem is fixed, processing SAOs will resume through the automated process, rather than the manual process. While the agencies have worked diligently to bring the automated system back online, they have also been processing cases through the manual system. Manual processing, however, requires significant time and dedicated human resources because each request needs to be processed separately across multiple agencies. Manual processing also raises the risk

DECLARATION OF HILARY E. INGRAHAM- 4
Doe, et al. v. Trump, et al., No. 2:17-cv-00178 (JLR)
Jewish Family Service of Seattle, et al. v. Trump, et al., No. 2:17-cv-01707 (JLR)

U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-3259

of manual errors, cannot scale close to the level of automated processing and takes staff away from and further adversely impacts progress on the automated process. Therefore, all agencies are focusing primary attention on resuming automated requests. As of February 2, 2017, 37 requests impacting 128 individuals have either been processed manually or are in the process of being reviewed manually. These numbers directly relate to the resource-intensive nature of the manual requests, including the increased risk of manual errors, which results in significant time spent on each request.

9. The technical difficulties discussed above only impact the time in which the Refugee Processing Center sends out an SAO request. These difficulties do not impact other aspects of processing for refugees from SAO countries, including speed of prescreening of new applicants by the Resettlement Support Centers, interviews by U.S. Citizenship and Immigration Services personnel, other security checks, medical exams, and assurances to a resettlement agency. In addition, the delay in SAO responses will not impact refugee applicants from SAO countries that do not require an SAO.

10. Based on the 120-day review changes that expanded the classes of refugee applicants subject to an SAO, as well as the additional data-gathering requirements, a greater proportion of refugee applicants now require an SAO.

11. As noted, the agencies have been working diligently to resolve the technological difficulties to enable the resumption of the automated request process as soon as possible. The agencies believe they have identified and repaired the problem and thus, beginning on February 3, 2018, Resettlement Support Centers will be permitted to resume requesting SAOs via WRAPS so that the agencies can test the system and confirm that it is working properly.

12. If the testing is successful, SAO requests can be automatically sent through WRAPS to the vetting partner agencies. The automatic system will permit more expeditious processing of SAOs than the manual system. However, on average, from the initial

DECLARATION OF HILARY E. INGRAHAM- 5
Doe, et al. v. Trump, et al., No. 2:17-cv-00178 (JLR)
Jewish Family Service of Seattle, et al. v. Trump, et al., No. 2:17-cv-01707 (JLR)

U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-3259

automated request through WRAPS, it can regularly take multiple months to complete an SAO, depending on the number of SAO requests pending and the vetting partners' capacity. Therefore, the number of completed SAOs will not significantly increase immediately upon completion and successful testing of the technical upgrades in WRAPS.

13. I declare under penalty of perjury that the foregoing is true and correct. Executed on February 2, 2018.

Hilary E. Ingraham

DECLARATION OF HILARY E. INGRAHAM- 6
Doe, et al. v. Trump, et al., No. 2:17-cv-00178 (JLR)
Jewish Family Service of Seattle, et al. v. Trump, et al., No. 2:17-cv-01707 (JLR)

U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-3259