THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN DOE, et al., | CASE NO. C17-0178-JLR |
| Plaintiffs, | |
| v. | **PLAINTIFFS' CROSS-MOTION FOR LIMITED EXPEDITED DISCOVERY ON COMPLIANCE WITH PRELIMINARY INJUNCTION** |
| DONALD TRUMP, et al., | |
| Defendants. | **NOTED FOR MARCH 2, 2018** |
| JEWISH FAMILY SERVICE, et al., | CASE NO. C17-1707-JLR |
| Plaintiffs, | |
| v. | (RELATING TO CASE NO. C17-1707-JLR) |
| DONALD TRUMP, et al., | |
| Defendants. | |

PLAINTIFFS' CROSS-MOTION FOR
DISCOVERY (No. 17-cv-1707-JLR)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

138600965.1

**INTRODUCTION**

In moving to stay proceedings pending appeal in this case, Defendants contended that the Court should disregard Plaintiffs' efforts to proceed to discovery because Plaintiffs have not filed a motion with the Court (ECF No. 120, at 3).[1]  Although Plaintiffs do not believe that a motion is necessary given that it is the Defendants who seek to stay the ordinary course of proceedings, including discovery,[2] Plaintiffs file this cross-motion in an abundance of caution.  To the extent that this Court does not permit the proceedings to continue as proposed by Plaintiffs in response to Defendants' motion to stay proceedings, this cross-motion seeks limited expedited discovery on Defendants' compliance with this Court's preliminary injunction, including disclosure of the unredacted version of the January 29 agency memorandum that Defendants referenced in their recent court filing.

**PROCEDURAL HISTORY**

Defendants filed a motion to stay proceedings pending appeal on January 16, 2018 ("MSP", ECF No. 110).  After filing that motion, Defendants filed a "Notice of Compliance with Preliminary Injunction" (ECF No. 114) on January 19 and a "Notice Following Conclusion of 90-day SAO Refugee Review" (ECF No. 119) on January 31.  On February 1, Plaintiffs asked Defendants for a copy of the memorandum referenced in, but not attached to, the January 31 Notice. *See* Declaration of Melissa Keaney ¶ 2, Ex. A.  Defendants produced a redacted copy of the memorandum a week later, on February 8.  *See* Keaney Decl. ¶¶ 3-4, Ex. B-C.  After reviewing the memorandum, Plaintiffs requested that Defendants reconsider the redaction and, if they refused, that they disclose the basis of the redaction.  *See* Keaney Decl. ¶ 5, Ex. D.  On

---

[1] All ECF citations are to *Doe v. Trump*, 2:17-cv-00178-JLR (W.D. Wash. Feb. 7, 2017), unless otherwise indicated.

[2] Although Defendants contend that this case is exempt from Rule 26(f) requirements, Plaintiffs' case is not limited to APA claims, *see* Complaint ¶¶ 199-201 (ECF No. 1), and Defendants did not raise this argument as a ground for refusing to confer with Plaintiffs, *see* Hirose Decl., Exs. B, D, F, I (ECF No. 117).

PLAINTIFFS' CROSS-MOTION FOR
DISCOVERY (No. 17-cv-1707-JLR)

138600965.1

1    February 13, Defendants refused to reconsider the redaction and argued that the redacted content

2    was subject to the law enforcement privilege.  *See* Keaney Decl. ¶ 6, Ex. E.

3           In the interim, Defendants filed a motion to dismiss their appeal in the Ninth Circuit,

4    seeking to vacate this Court's preliminary injunction as moot.  Plaintiffs intend to oppose the

5    motion and seek a remand to take discovery on mootness, which will largely overlap with the

6    compliance discovery proposed in this motion.[3]

7                                                **ARGUMENT**

8           Plaintiffs ask the Court to order limited expedited discovery on Defendants' compliance

9    with the preliminary injunction even if the Court decides that a stay of proceedings is appropriate

10   pending the disposition of the cross-appeals.  The Court may order expedited discovery before

11   the Rule 26(f) conference where, as here, Plaintiffs have shown "good cause."  *See Nat'l*

12   *Products Inc. v. Does 1-4*, No. C16-0702JLR, 2016 WL 2989971, at *2 (W.D. Wash. May 23,

13   2016) (Robart, J.); *see also Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76

14   (N.D. Cal. 2002) (adopting the "good cause" standard for expedited discovery).  In addition,

15   where "significant questions regarding noncompliance have been raised," the Ninth Circuit has

16   stated that "appropriate discovery should be granted."  *Cal. Dep't of Soc. Servs. v. Leavitt*, 523

17   F.3d 1025, 1034 (9th Cir. 2008) (reversing district court's denial of motion to enforce judgment

18   with instructions to address plaintiff's request to authorize discovery regarding compliance with

19   injunction and suggesting that plaintiff "appear[ed] to have a strong case for further discovery").

20   In *Leavitt*, the Ninth Circuit instructed that "a district court should give careful attention to a

21   request for discovery to establish noncompliance with one of its judgments," *id.* at 1033, and that

22   "the kind and amount of evidence of noncompliance required to justify discovery is, necessarily,

23   considerably less than that needed to show actual noncompliance," *id.* at 1034; *see also Nat'l*

---

24          [3] Although Plaintiffs understand that the Court may choose to wait to rule on this motion until the Ninth

25   Circuit has decided the motion to dismiss, Plaintiffs file this motion now because of the irreparable harm to
     Plaintiffs should the Defendants be out of compliance with the injunction and to avoid any delay in opening

26   discovery if the Ninth Circuit remands the case for a factual finding on mootness.

---

PLAINTIFFS' CROSS-MOTION FOR
DISCOVERY (No. 17-cv-1707-JLR) – 2

138600965.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    *Law Ctr. on Homelessness & Poverty v. U.S. Dep't of Veterans Affairs*, 842 F. Supp. 2d 127,

2    130-31 (D.D.C. 2012) (ordering discovery on compliance in an APA case under the federal

3    court's "broad discretion in using its inherent equitable powers to ensure compliance with its

4    orders").[4]

5        The record in this case raises sufficiently significant questions regarding compliance to

6    establish good cause for proceeding with limited discovery.  As explained in Plaintiffs'

7    opposition to the MSP, Defendants effectively conceded that they were not complying with the

8    injunction in their prior motion for a stay (ECF No. 95) and Defendants' notice of compliance

9    filing on January 19 (ECF No. 114) did nothing to assuage concerns about compliance, instead

10   raising a host of additional questions.  *See* Opp. to MSP at 5-9 (ECF No. 115).

11       Defendants' additional notice filed on January 31 similarly failed to include any concrete

12   information about what Defendants are now doing, instead referencing and summarizing,

13   without attaching, a January 29 memorandum that purportedly outlined "additional security

14   enhancements and recommendations to strengthen the integrity of the U.S. Refugee Admissions

15   Program (USRAP)."  Def.'s Notice Following Conclusion of 90-Day SAO Refugee Review at 1

16   (ECF No. 119).   Although the Defendants have now produced this memorandum to Plaintiffs,

17   the memorandum itself fails to provide any concrete information about these enhancements and

18   recommendations, instead referencing additional guidelines and training that could simply be a

19   continuation of the suspension prohibited by the preliminary injunction. *See* Keaney Decl. ¶ 4,

20   Ex. C at 2-3; *Washington v. Trump*, No. C17-0141JLR, 2017 WL 1045950, at *3 (W.D. Wash.

21   Mar. 16, 2017) (Robart, J.) ("Obviously, Defendants could not simply reissue EO1 under a new

22   name and number and implement it without violating the court's preliminary injunction.").

23   Defendants' assertion in the January 31 notice that they "do not understand the preliminary

24

25       [4] In *National Law Ctr.*, the court granted the plaintiffs' request for limited discovery to "facilitate its
     evaluation of the defendants' motion to vacate" the injunction without engaging in good cause analysis, instead
26   relying on its own discretion. 842 F. Supp.2d at 131.

PLAINTIFFS' CROSS-MOTION FOR
DISCOVERY (No. 17-cv-1707-JLR) – 3

138600965.1

injunction that is currently in place in this case to prohibit Defendants from implementing these enhancements and recommendations" is entirely conclusory—neither this Court nor Plaintiffs can assess the validity of that assertion without further information, including disclosure of the additional guidelines and training mentioned in the memorandum.[5]  *See* (ECF No. 31 at 1-2); *cf. National Law Ctr.*, 842 F.Supp.2d at 131 ("Equity would not be achieved if a court decided simply to rubber-stamp an enjoined party's unsupported self-assessment of its compliance with a court order.").

The Court should grant Plaintiffs' motion given these concerns about compliance with this Court's injunction, the irreparable harm Plaintiffs suffer if Defendants are not complying with the injunction,[6] *see* Order Issuing a Prelim. Inj. at 56-58 (ECF No. 92), as well as considerations relating to the administration of justice and lack of any prejudice to Defendants, *see* Opp. to MSP at 5, 9-12 (ECF No. 115).  *Semitool*, 208 F.R.D. at 276 ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.").  Specifically, Plaintiffs request that the Court order Defendants to answer Plaintiffs' document requests, which Plaintiffs will serve immediately after this Court grants this motion, within two weeks of service.  *See* Fed. R. Civ. P. 34(b)(2)(A) (permitting Court to order a specific time to respond to document requests). Plaintiffs' document requests will be limited to the following categories of documents:

- Documents relating to the implementation of the Agency Memo as it relates to follow-to-join refugees and refugees who are nationals of (and stateless persons who last habitually resided in) the SAO countries;

---

[5] The same is true of the conclusory assertion in the Department of Homeland Security's January 29 memorandum that Defendants are complying with this Court's injunction. *See Keaney Decl.* Ex. C at 1 n.2. In light of Defendants' representations to the Court to date, Plaintiffs cannot simply accept Defendants' assertions of compliance without the opportunity to understand what actions are being taken.

[6] In the opposition to the Motion to Stay Proceedings, Plaintiffs noted that they are aware of one client of JFS Seattle who has a travel date. Opp. to MSP at 6 n.8 (ECF No. 115). That client's travel date, however, has been rescheduled twice and the client has not been permitted to travel yet.

PLAINTIFFS' CROSS-MOTION FOR
DISCOVERY (No. 17-cv-1707-JLR) – 4

138600965.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

- Documents relating to actions taken by Defendants to comply with this Court's preliminary injunction dated December 23, 2017 and order denying Defendants' motion for stay pending appeal (ECF No. 106);

- Documents relating to actions taken by Defendants as a result of the end of the 90-day review for SAO countries and as a result of the implementation of the additional vetting procedures for follow-to-join refugees; and

- Policy documents and data relating to the processing of refugee applications and admission of refugees to the United States from October 23, 2017 to the date of production.

As part of this document discovery, Plaintiffs request that the Court order production of the unredacted version of the January 29, 2018 memorandum. Defendants have claimed that the redaction is justified under the law enforcement privilege. *See* Keaney Decl. ¶ 6, Ex. E. As an initial matter, the Ninth Circuit has yet to recognize the law enforcement privilege. *See, e.g.*, *Shah v. Dep't of Justice*, 2017 WL 4812585, *1 n.1 (9th Cir. Oct. 25, 2017) (noting that the U.S. Supreme Court and the Ninth Circuit have yet to recognize or reject this privilege). But even assuming that the privilege exists in this circuit, it is a limited one. To invoke it, the Defendants must satisfy three requirements: (1) the head of the department having control over the information must make a formal claim of privilege, (2) this claim must be based on actual personal consideration, and (3) Defendants must provide an explanation for why specific information falls within the scope of the privilege. *See Wagafe v. Trump*, No. C17-94 RAJ, 2017 WL 5990134, *2 (W.D. Wash. Oct. 19, 2017) (citing *In re Sealed Case*, 856 F.2d 268, 271 (D.C. Cir. 1988)). Moreover, the privilege is qualified, such that the need for the litigant to access the information can outweigh the public interest in non-disclosure. *Id.* (holding that the need for plaintiffs to obtain the information, weighed against the government's vague and speculative reasons for withholding, favors disclosure); *see also Perez v. Guardian Roofing LLC*, No. 3:15-cv-05623-RJB, 2016 WL 1408027, *3 (W.D. Wash. Apr. 11, 2016) (holding that the balance

PLAINTIFFS' CROSS-MOTION FOR
DISCOVERY (No. 17-cv-1707-JLR) – 5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

138600965.1

1    weighs in favor of disclosure in the case).  "When the records are both 'relevant and essential' to

2    the presentation of the case on the merits, 'the need for disclosure outweighs the need for

3    secrecy,' and the privilege is overcome."  *Hemstreet v. Duncan*, No CV-07-732-ST, 2007 WL

4    4287602, at *2 (D. Or. Dec. 4, 2007) (quoting *In re Search of Premises Known as 1182 Nassau*

5    *Averill Park Rd.*, 203 F.Supp.2d 139, 140 (N.D.N.Y. 2002)).  Here, the need for Plaintiffs to

6    understand Defendants' compliance with the injunction certainly outweighs Defendants'

7    speculative assertion that disclosure of this limited information "may lead some nefarious actors

8    to conceal information" because the redacted information is currently not public, Keaney Decl. ¶

9    6, Ex. E.

10         Plaintiffs propose to confer with Defendants on the need for additional discovery, such as

11    depositions, as appropriate after the production of the documents.

12                                    **CONCLUSION**

13         For the reasons stated above, Plaintiffs respectfully request that the Court grant this

14    motion as an alternative to proceeding as proposed in Plaintiffs' opposition to Defendants'

15    motion to stay proceedings (ECF No. 115).

16

17

18

19

20

21

22

23

24

25

26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1   Respectfully submitted,                    DATED:  February 15, 2018

2   /s/ Lauren Watts Staniar
    David Burman, WSBA No. 10611              Justin B. Cox, *Pro Hac Vice*
3   Lauren Watts Staniar, WSBA No. 48741     National Immigration Law Center
    Tyler Roberts, WSBA No. 52688            PO Box 170208
4   Perkins Coie LLP                          Atlanta, GA  30317
    1201 Third Avenue, Suite 4900            Tel: (678) 279-5441
5   Seattle, WA  98101-3099                  Fax: (213) 639-3911
6   Telephone:  206.359.8000                 cox@nilc.org
    Facsimile:  206.359.9000
7   dburman@perkinscoie.com                  Karen C. Tumlin, *Pro Hac Vice*
    lstaniar@perkinscoie.com                 Melissa S. Keaney, *Pro Hac Vice*
8   troberts@perkinscoie.com                 Esther H. Sung, *Pro Hac Vice*
                                             National Immigration Law Center
9   Mariko Hirose, *Pro Hac Vice*            3450 Wilshire Blvd, #108-62
10  Deepa Alagesan, *Pro Hac Vice*           Los Angeles, CA  90010
    Linda Evarts, *Pro Hac Vice*             Tel: (213) 639-3900
11  Kathryn C. Meyer, *Pro Hac Vice*         Fax: (213) 639-3911
12  International Refugee Assistance Project  tumlin@nilc.org
    40 Rector Street, 9th Floor              keaney@nilc.org
13  New York, NY  10006                      sung@nilc.org
    Tel: (646) 459-3044
14  mhirose@refugeerights.org                Lauren E. Aguiar, *Pro Hac Vice*
15  dalagesan@refugeerights.org              Mollie M. Kornreich, *Pro Hac Vice*
    levarts@refugeerights.org                Abigail E. Davis, *Pro Hac Vice*
16  kmeyer@refugeerights.org                 Four Times Square
                                             New York, NY  10036
17  Elizabeth Sweet, *Pro Hac Vice*          Tel: (212) 735-3000
    Mark Hetfield, *Pro Hac Vice*            Fax: (212) 735-2000
18  HIAS, Inc.                               lauren.aguiar@probonolaw.com
    1300 Spring Street, Suite 500            mollie.kornreich@probonolaw.com
19  Silver Spring, MD  20910                 abigail.sheehan@probonolaw.com
20  Tel: 301-844-7300
    liz.sweet@hias.org
21  mark.hetfield@hias.org

22                                           ***Counsel for Plaintiffs Jewish Family Service, et
                                             al.***
23

24

25

26

PLAINTIFFS' CROSS-MOTION FOR
DISCOVERY (No. 17-cv-1707-JLR) – 7

138600965.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all of the registered CM/ECF users for this case.

I hereby declare under penalty of perjury of the laws of the State of Washington that the foregoing is true and correct.

DATED this 15th day of February, 2018.

_____/s/ Lauren Watts Staniar_____
Lauren Watts Staniar, WSBA No. 48741

PLAINTIFFS' CROSS-MOTION FOR
DISCOVERY (No. 17-cv-1707-JLR) – 8

138600965.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000