UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN DOES, et al.,<br>                        Plaintiffs,<br>  v.<br><br>DONALD TRUMP, et al.,<br>                        Defendants. | CASE NO. C17-0178JLR<br><br>ORDER FOLLOWING REMAND ORDER FROM THE NINTH CIRCUIT COURT OF APPEALS<br><br>(RELATING TO BOTH CASES) |
| JEWISH FAMILY SERVICE OF SEATTLE, et al.,<br>                        Plaintiffs,<br>  v.<br><br>DONALD TRUMP, et al.,<br>                        Defendants. | CASE NO. C17-1707JLR |

Before the court is the March 29, 2018, order of the Ninth Circuit Court of Appeals remanding this matter to the district court to address the issue of mootness. (9th Cir. Order (Dkt. # 126).) The Ninth Circuit has not yet issued its mandate. (*See generally* Dkt.) Nevertheless, the remand implicates both of the presently pending

motions. (*See* MTS (Dkt. # 110); MFD (Dkt. # 121).) Assuming the mandate issues,[1] the court is likely to deny as moot Defendants' motion to stay these proceedings pending the disposition of the cross-appeals in *Jewish Family Service of Seattle, et al. v. Donald Trump, et al.*, No. C17-1707JLR ("JFS Case"). (*See* MTS.) The court also recognizes that JFS Case Plaintiffs' pending cross-motion for limited expedited discovery concerning Defendants' compliance with the preliminary injunction may implicate the issue of mootness. (*See* MFD at 3 ("Plaintiffs intend to oppose the motion [before the Ninth Circuit to dismiss the appeal and to vacate the preliminary injunction as moot] and seek a remand to take discovery on mootness, which will largely overlap with the compliance discovery proposed in this motion.").) Thus, JFS Case Plaintiffs may wish to incorporate their discovery arguments into any briefing concerning the issue of mootness following issuance of the Ninth Circuit's mandate.

Accordingly, pending the filing of the Ninth Circuit's mandate, the court DIRECTS the Clerk to remove the two pending motions on the docket from its calendar (Dkt. ## 110, 121). The court also ORDERS the parties to file a joint status report within three (3) days of the filing of the Ninth Circuit's mandate proposing how the court should proceed on remand in addressing the issue of mootness. The parties should attempt to agree in good faith on a unified approach. If they cannot so agree, they may outline their

---

[1] If any party knows of any reason why the mandate is unlikely to issue in this matter, or if the parties believe that it is unnecessary for the court to wait for the mandate before proceeding to address the issue of mootness, they should so inform the court in writing on the docket as soon as is practicable.

disparate suggestions in the joint status report.  If for any reason the Ninth Circuit does not issue a mandate, the court will revisit this order.

Dated this 9th day of April, 2018.

_____
JAMES L. ROBART
United States District Judge