THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN DOE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD TRUMP, et al., <br><br> Defendants. | CASE NO. C17-0178JLR <br><br> **PLAINTIFFS' JOINT RESPONSE TO DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS** |
| JEWISH FAMILY SERVICE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD TRUMP, et al., <br><br> Defendants. | CASE NO. C17-1707JLR <br><br> (RELATING TO BOTH CASES) |

PLS.' J. RESP. TO DEFS.' MOT. TO STAY
(No. 17-cv-0178-JLR; No. 17-cv-1707-JLR)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
T: 206.359.8000 / F: 206.359.9000

1   Plaintiffs jointly and respectfully oppose, in part, Defendants' Motion to Stay All Proceedings ("Defs.' Mot."), Dkt. No. 172, which wrongly claims that Department of Justice attorneys are prohibited from working on these consolidated cases. Plaintiffs oppose Defendants' request to indefinitely extend the paper discovery deadlines pending the end of the partial government shutdown, but are prepared to meet and confer with Defendants as to a reasonable extension if actually needed. Given that the depositions would be most efficiently conducted after the production of written discovery in any event, however, Plaintiffs do not oppose a modest extension of the deadline for Defendants to produce deponents pursuant to this Court's Order Granting in Part and Denying in Part Plaintiffs' Joint Motion to Compel, Dkt. No. 171.[1]

Defendants' Motion suggests that good cause[2] exists to modify the current case scheduling order—in particular, to extend indefinitely Defendants' February 3 deadline to produce supplemental discovery—because the partial government shutdown means that Defendants' counsel is "prohibited from working on this matter" by the Antideficiency Act, 31 U.S.C. § 1342. *See* Defs.' Mot. at 2. But Defendants are simply wrong on the law, as this case falls well within the activities permitted under both the Antideficiency Act and the Department of Justice's own Fiscal Year 2019 Contingency Plan for operations during a lapse in appropriations.

The Antideficiency Act prohibition does not apply to "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 3142. That standard is met when there is "some reasonable and articulable connection between the function to be performed and the safety of human life or the protection of property" and "some reasonable likelihood that the safety of human life or the protection of property would be compromised, in some degree, by delay in the performance of the function in question." 43 Op. Att'y Gen. 293, 302 (Jan. 16, 1981). As its Contingency Plan notes, the Department of Justice's mission and duties mean that the Department "has a high percentage of activities and employees that are excepted from the Antideficiency Act

---

[1] Unless otherwise noted, all citations are to the docket in *Doe v. Trump*, C17-0178JLR.

[2] Because it seeks to modify the Court's scheduling order, Defendants' Motion is governed by the "good cause" standard of Federal Rule of Civil Procedure 16(b)(4) and Local Rule 16(b)(5). *See* Order, Dkt. No. 171, at 17 (discussing this standard).

PLS.' J. RESP. TO DEFS.' MOT. TO STAY
(No. 17-cv-0178-JLR; No. 17-cv-1707-JLR) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
T: 206.359.8000 / F: 206.359.9000

restrictions and can continue during a lapse in appropriations." DOJ Contingency Plan at 1, *available at* https://www.justice.gov/jmd/page/file/1015676/download; *see also id.* at 2 (reporting that, as of the beginning of Fiscal Year 2019, 84% of DOJ employees would continue working in the event of a lapse in appropriations). As to civil litigation specifically, the Plan explains that DOJ attorneys should seek to stay cases only if doing so would not "significant[ly]" affect "the safety of human life or the protection of property." *Id.* at 3. That determination, however, is ultimately a legal one that is up to the courts, as the Plan explains: "If a court denies such a request and orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue." *Id.*

Under the case-by-case approach required by the Antideficiency Act and the DOJ's own Contingency Plan, this case falls within the scope of activities the Department of Justice is authorized to continue notwithstanding the lapse in appropriations. By definition, refugees awaiting resettlement through USRAP—including Individual Plaintiffs and the clients of the Organizational Plaintiffs in these consolidated cases—have been determined by the U.S. government to be at risk of persecution because of a protected characteristic (race, religion, nationality, membership in a particular social group, or political opinion). *See* 8 U.S.C. § 1101 (a)(42) (definition of "refugee"). Most of them, also by definition, have fled their home countries because of that risk of persecution. *See id.* (providing a limited exception to the requirement that an individual be outside of their home country to be considered for refugee status). Of the world's refugees, moreover, fewer than 1% are referred for a resettlement. *JFS*, Compl. ¶ 30, Dkt. No. 1. Those who are resettled through USRAP are the "most vulnerable" refugees at the "highest risk" of further persecution or other forms of violence. Dep't of State, Refugee Admissions, www.state.gov/j/prm/ra/ (last visited Jan. 3, 2019); *accord JFS*, Compl. ¶ 30, Dkt. No. 1; *Doe*, Compl. ¶ 107, Dkt. No. 42. And as the Court is aware, this case challenges Defendants' unlawful extension of the time refugees must stay in their precarious circumstances, *see, e.g.*, Order, Dkt. No. 92, at 34; and the limited discovery that remains outstanding is targeted specifically at compliance with this Court's order requiring Defendants to undo the effects of two specific,

PLS.' J. RESP. TO DEFS.' MOT. TO STAY
(No. 17-cv-0178-JLR; No. 17-cv-1707-JLR) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
T: 206.359.8000 / F: 206.359.9000

unlawful delays they imposed on large categories of refugees. *See generally* Order, Dkt. No. 171.

The Antideficiency Act does not bar the Department of Justice from continuing to work on these cases, as other courts have recently held in similar circumstances. *See* Order, *Doe v. Nielsen*, No. 5:18-cv-02349 (N.D. Cal. Jan. 3, 2019), ECF No. 147 (denying government request to stay discovery and deadlines in case challenging the government's decision to deny resettlement through USRAP, en masse, to 87 Iranian refugees "currently 'in limbo' in Vienna, Austria" due in large part to the U.S. government's "unsubstantiated rejections of their applications for refugee resettlement"); Minute Order, *O.A. v. Trump*, No. 18-cv-02718 (D.D.C. Dec. 27, 2018) (denying government's request to stay briefing deadlines in action challenging the recently issued asylum ban targeting Central American migrants requesting asylum—notwithstanding that ban being currently subject to a nationwide preliminary injunction (in a different case) that both the Ninth Circuit and the Supreme Court recently refused to stay pending appeal, *see E. Bay Sanctuary Covenant v. Trump*, 909 F.3d 1219 (9th Cir. 2018)—because there was "some reasonable and articulable connection between" the continuation of the case "and the safety of human life or the protection of property" (citation omitted)); Minute Order, *Ramirez v. U.S. Immigration & Customs Enf't*, No. 1:18-cv-508 (D.D.C. Dec. 31, 2018) (denying the government's unopposed motion to stay discovery and other proceedings in an action challenging "the allegedly unnecessary and illegal detention" of immigrant teenagers in "restrictive detention facilities").[3]

To be clear, Plaintiffs are sympathetic to the possibility that the lapse in appropriations could reasonably cause Defendants and/or their counsel delay in meeting the current deadline, notwithstanding their best efforts and all due diligence, particularly if necessary agency personnel are furloughed.[4] Plaintiffs, moreover, are willing to meet and confer with Defendants to discuss

---

[3] *See also* Order, *New York v. U.S. Dep't. of Labor*, No. 1:18-cv-1747 (D.D.C. Dec. 28, 2018), ECF No. 71 (denying government's stay request in action challenging new rule related to Affordable Care Act plan requirements); Text Order, *California v. Health & Hum. Servs.*, No. 4:17-cv-05783 (N.D. Cal. Dec. 27, 2018), ECF No. 183 (denying government's motion for a stay given the effective date of the challenged rules for insurance coverage for contraceptives).

[4] Defendants' Motion is silent on the effect of the lapse in appropriations on Defendants themselves but, per public reporting, an estimated 87% of DHS employees continue to work notwithstanding the partial government shutdown. *See* Ted Mellnik & Kate Rabinowitz, *Who Gets Sent Home When the Government*

PLS.' J. RESP. TO DEFS.' MOT. TO STAY
(No. 17-cv-0178-JLR; No. 17-cv-1707-JLR) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
T: 206.359.8000 / F: 206.359.9000

necessary accommodations of the current schedule.[5] For example, Plaintiffs do not oppose a short extension of the deadline to complete the four depositions, which Plaintiffs believe would best occur after the production of document discovery regardless. Likewise, Plaintiffs would understand if Defendants need slightly more time to answer the set of six interrogatories. But there is no reason to believe that the rest of the discovery ordered by this Court—the re-production of a limited set of documents without particular redactions, and the production of eight specific policy/training documents previously withheld as "non-responsive"—should require much in the way of time or effort. More importantly, the only basis Defendants have provided for a stay or extension of the discovery deadline is their erroneous legal conclusion that Defendants' counsel are prohibited from working on the case. The stakes are too high for Plaintiffs to agree to indefinitely draw out the what remains of this case, particularly the deadlines for production of the paper discovery, which—although not burdensome—all further progress of this case depends.

In light of the foregoing, Plaintiffs do not oppose a short extension of the deadline for Defendants to produce the deponents—Plaintiffs suggest extending that deadline to two weeks after Defendants have completed the production of the paper discovery ordered by this Court on December 20—but they do respectfully oppose Defendants' Motion to the extent that it seeks a modification of the paper discovery deadlines. Plaintiffs would have no objection to Defendants renewing their motion as to the deadline to produce particular discovery after the parties have met and conferred and upon a showing of good cause.

---

*Shuts Down*, Wash. Post (Dec. 22, 2018), https://wapo.st/2RtxaL3. Current State Department numbers are not publicly available, *see id.*, but during the 16-day government shutdown in 2013, it "furlough[ed] only a few hundred of its 70,000 employees." Eric Katz, *Agencies to Start Increasing Furlough Numbers as Shutdown Drags On*, Gov. Exec. (Dec. 28, 2018), https://bit.ly/2SyAKAX.

[5] The entirety of the parties' correspondence since this Court granted in part Plaintiffs' Joint Motion to Compel on December 20, 2017 is attached hereto as Exhibit A.

PLS.' J. RESP. TO DEFS.' MOT. TO STAY
(No. 17-cv-0178-JLR; No. 17-cv-1707-JLR) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
T: 206.359.8000 / F: 206.359.9000

Respectfully submitted,

*s/ Lauren Watts Staniar*
Linda Evarts, *Pro Hac Vice*
Mariko Hirose, *Pro Hac Vice*
Kathryn C. Meyer, *Pro Hac Vice*
Deepa Alagesan, *Pro Hac Vice*
International Refugee Assistance Project
40 Rector Street, 9th Floor
New York, NY 10006
Tel: (646) 459-3044
levarts@refugeerights.org
mhirose@refugeerights.org
kmeyer@refugeerights.org
dalagesan@refugeerights.org

David Burman, WSBA No. 10611
Lauren Watts Staniar, WSBA No. 48741
Tyler Roberts, WSBA No. 52688
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
dburman@perkinscoie.com
lstaniar@perkinscoie.com
troberts@perkinscoie.com

Elizabeth Sweet, *Pro Hac Vice*
Mark Hetfield, *Pro Hac Vice*
HIAS, Inc.
1300 Spring Street, Suite 500
Silver Spring, MD 20910
Tel: 301-844-7300
liz.sweet@hias.org
mark.hetfield@hias.org

DATED:  January 3, 2019

Justin B. Cox, *Pro Hac Vice*
International Refugee Assistance Project
PO Box 170208
Atlanta, GA  30317
Tel: (678) 404-9119
jcox@refugeerights.org

Melissa S. Keaney, *Pro Hac Vice*
Esther H. Sung, *Pro Hac Vice*
National Immigration Law Center
3450 Wilshire Blvd, #108-62
Los Angeles, CA 90010
Tel: (213) 639-3900
Fax: (213) 639-3911
keaney@nilc.org
sung@nilc.org

Lauren E. Aguiar, *Pro Hac Vice*
Mollie M. Kornreich, *Pro Hac Vice*
Abigail E. Davis, *Pro Hac Vice*
Four Times Square
New York, NY  10036
Tel: (212) 735-3000
Fax: (212) 735-2000
lauren.aguiar@probonolaw.com
mollie.kornreich@probonolaw.com
abigail.sheehan@probonolaw.com

*Counsel for Plaintiffs Jewish Family Service, et al.*

PLS.' J. RESP. TO DEFS.' MOT. TO STAY
(No. 17-cv-0178-JLR; No. 17-cv-1707-JLR) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
T: 206.359.8000 / F: 206.359.9000

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON FOUNDATION | KELLER ROHRBACK L.L.P. |

By: /s/ Emily Chiang
    /s/ Lisa Nowlin
Emily Chiang, WSBA # 50517
Lisa Nowlin, WSBA # 51512
901 Fifth Avenue, Suite 630
Seattle, WA 98164
Telephone: (206) 624-2184
Email:   echiang@aclu-wa.org
          lnowlin@aclu-wa.org

*Counsel for Plaintiffs Doe, et al.*

By: /s/ Lynn Lincoln Sarko
By: /s/ Tana Lin
By: /s/ Amy Williams-Derry
By: /s/ Derek W. Loeser
By: /s/ Alison S. Gaffney
Lynn Lincoln Sarko, WSBA # 16569
Tana Lin, WSBA # 35271
Amy Williams-Derry, WSBA # 28711
Derek W. Loeser, WSBA # 24274
Alison S. Gaffney, WSBA # 45565
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
Email:   lsarko@kellerrohrback.com
          tlin@kellerrohrback.com
          awilliams-derry@kellerrohrback.com
          dloeser@kellerrohrback.com
          agaffney@kellerrohrback.com

By: /s/ Laurie B. Ashton
Laurie B. Ashton (admitted pro hac vice)
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012-2600
Telephone: (602) 248-0088
Facsimile: (602) 248-2822
Email:   lashton@kellerrohrback.com

By: /s/ Alison Chase
Alison Chase (admitted pro hac vice)
1129 State Street, Suite 8
Santa Barbara, CA 93101
Telephone: (805) 456-1496
Facsimile: (805) 456-1497
Email:   achase@kellerrohrback.com

*Attorneys for Plaintiffs Doe, et al./Cooperating Attorneys for the American Civil Liberties Union of Washington Foundation*

PLS.' J. RESP. TO DEFS.' MOT. TO STAY
(No. 17-cv-0178-JLR; No. 17-cv-1707-JLR) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
T: 206.359.8000 / F: 206.359.9000

**CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2019, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all of the registered CM/ECF users for this case.

DATED this 3rd day of January, 2019.

*/s/ Lauren Watts Staniar*

CERTIFICATE OF SERVICE
(No. 17-cv-0178-JLR) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
T: 206.359.8000 / F: 206.359.9000