UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN DOES, et al.,<br><br>               Plaintiffs,<br>   v.<br>DONALD TRUMP, et al.,<br><br>               Defendants. | CASE NO. C17-0178JLR<br><br>ORDER DENYING MOTION TO STAY<br><br>(RELATING TO BOTH CASES) |
| JEWISH FAMILY SERVICES, et al.,<br><br>               Plaintiffs,<br>   v.<br>DONALD TRUMP, et al.,<br><br>               Defendants. | CASE NO C17-1707JLR |

Before the court is Defendants' motion for a stay of all proceedings because on December 21, 2018, the appropriations act that had been funding the Department of Justice ("DOJ") expired. (Mot. (Dkt. # 172).) Plaintiffs in both of the consolidated cases

ORDER - 1

oppose the motion.  (Resp. (Dkt # 173).)  Defendants did not file a reply.  (*See generally* Dkt.)  The court has considered the motion, Plaintiffs' response, other relevant portions of the record, and the applicable law.  Being fully advised,[1] the court DENIES Defendants' motion for a stay as MOOT.

On December 20, 2018, the court ordered the parties to engage in supplemental jurisdictional discovery.  (12/20/18 Order (Dkt. # 171).)  On December 21, 2018, the appropriations act, which provided DOJ's funding, lapsed.  (*See* Mot. at 2.)  Defendants' motion suggests that good cause under Federal Rule of Civil Procedure 16(b)(4) exists to extend Defendants' February 3, 2019, deadline to produce supplemental discovery because Defendants are "prohibited from working on this matter" by the Antideficiency Act, 31 U.S.C. § 1342.  (Mot. at 2.)  As discussed below, the court disagrees.

The Antideficiency Act prohibition does not apply to "emergencies involving the safety of human life or the protection of property."  31 U.S.C. § 1342.  That standard is met when there is "some reasonable and articulable connection between the function to be performed and the safety of human life or the protection of property" and "some reasonable likelihood that the safety of human life or the protection of the property would be compromised, in some degree, by delay in the performance of the function in questions."  43 Op. Att'y Gen. 293, 302 (Jan. 16, 1981).  By definition, refugees awaiting resettlement through the United States Refugee Admission Program ("USRAP") have

---

[1] No party requests oral argument (*see generally* Mot.; Resp.), and the court has determined that oral argument would not be of assistance in deciding the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

been determined by the United States government to be at risk of persecution because of a protected characteristic (race, religion, nationality, membership in a particular social group, or political opinion).  *See* 8 U.S.C. § 1101(a)(42) (defining a "refugee").  On December 23, 2017, the court preliminary enjoined Defendants' suspension of the processing of certain categories of refugees and the admission of those refugees into the United States.  (*See* 12/23/17 Order (Dkt. # 92).)  The jurisdictional discovery that remains at issue involves Defendants' compliance with that preliminary injunction.  (*See* 7/27/18 Order (Dkt. # 155).)  Thus, the court concludes that the Antideficiency Act does not bar DOJ or other federal government agencies from continuing to work on these consolidated cases because there is a "reasonable and articulable connection" between the resolution of these consolidated cases and the safety of the refugees at issue and "some reasonable likelihood" that the safety of those refugees would be compromised by a continued delay in these consolidated cases.  *See* 43 Op. Att'y Gen. at 302.

      Nevertheless, on Friday, January 25, 2019, President Donald Trump signed into law House Joint Resolution 28, the "Further Additional Continuing Appropriations Act, 2019," which includes a short-term continuing resolution that provides fiscal year 2019 appropriations through February 15, 2019.  Thus, the federal government has restored the lapsed funding upon which Defendants' motion was premised.  (*See* Mot. at 2.)  Accordingly, Defendants' motion for a stay based on a lapse in funding is now moot, and the court denies it on that basis.

      Notwithstanding the court's ruling, the court recognizes that Defendants may have experienced disruptions as a result of the lapse of federal funding.  Accordingly, the court

ORDERS the parties to meet and confer by telephone no later than Thursday, January 31, 2019, to discuss any necessary, short adjustments to the current discovery schedule. The court further ORDERS the parties to file a stipulation and proposed order concerning any such necessary, short adjustments to the current discovery schedule. If the parties are unable to reach an agreement, the court ORDERS the parties to file separate proposals no later than January 31, 2019, limited to no more than three pages, respectively.

Dated this 31st day of January, 2019.

JAMES L. ROBART
United States District Judge