THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN DOES, et al., | CASE NO. C17-0178JLR |
| Plaintiffs, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| DONALD TRUMP, et al., | |
| Defendants. | |
| JEWISH FAMILY SERVICE, et al., | |
| Plaintiffs, | CASE NO. C17-1707JLR |
| v. | |
| DONALD TRUMP, et al., | (RELATING TO BOTH CASES) |
| Defendants. | |

STIPULATED PROTECTIVE ORDER
(No. 17-cv-1707-JLR; No. 17-cv-1707-JLR)

143146712.1

1. PURPOSES AND LIMITATIONS

By order dated December 20, 2018, this Court ordered Defendants to un-redact or otherwise produce two categories of information pursuant to an appropriate protective order: (a) information that would tend to reveal names of countries on a list that would trigger a Security Advisory Opinion ("SAO") requirement for refugee applicants from those countries, which shall be marked "Attorneys' Eyes Only"; and (b) personally identifying information of individual refugee applicants. *See* Order Granting in Part & Denying in Part Plaintiffs' Motion to Compel, Dkt. #171, at 23-24, 27. In accordance with that Order, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information specified herein, and it does not presumptively entitle parties to file Confidential information under seal.

2. "CONFIDENTIAL" MATERIAL

"Confidential" material refers to (a) the personally identifying information of individual refugee applicants; and (b) information that would tend to reveal the identification of those countries on a list that would trigger an SAO requirement for refugee applicants from those countries.

3. SCOPE

The protections conferred by this agreement cover not only Confidential material (as defined above), but also (1) any information copied or extracted from Confidential material; (2) all copies, excerpts, summaries, or compilations of Confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. <u>ACCESS TO AND USE OF CONFIDENTIAL MATERIAL</u>

4.1 <u>Basic Principles</u>. A receiving party may use Confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, except for information that would tend to reveal names of countries on a list that would trigger an SAO requirement for refugee applicants from those countries, which information is designated as "Attorney's Eyes Only";

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of Confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential material to third parties and to immediately return all originals and copies of any Confidential material;

1              (f)      during their depositions, witnesses in the action to whom disclosure is

2     reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

3     (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court. Pages of

4     transcribed deposition testimony or exhibits to depositions that reveal Confidential material must

5     be separately bound by the court reporter and may not be disclosed to anyone except as permitted

6     under this agreement; and

7              (g)      the author or recipient of a document containing the information or a

8     custodian or other person who otherwise possessed or knew the information.

9         4.3    Filing Confidential Material. Before filing Confidential material or discussing or

10    referencing such material in court filings, the filing party shall confer with the designating party,

11    in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will

12    remove the Confidential designation, whether the document can be redacted, or whether a motion

13    to seal or stipulation and proposed order is warranted. During the meet and confer process, the

14    designating party must identify the basis for sealing the specific Confidential information at issue,

15    and the filing party shall include this basis in its motion to seal, along with any objection to sealing

16    the information at issue.  Local Civil Rule 5(g) sets forth the procedures that must be followed and

17    the standards that will be applied when a party seeks permission from the Court to file material

18    under seal.  A party who seeks to maintain the confidentiality of its information must satisfy the

19    requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal.

20    Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with

21    the strong presumption of public access to the Court's files.

22    5.     DESIGNATING PROTECTED MATERIAL

23        5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party

24    or non-party that designates information or items for protection under this agreement must take

25    care to limit any such designation to specific material that qualifies under the appropriate

26

1   standards. The designating party must designate for protection only those parts of material,
2   documents, items, or oral or written communications that qualify, so that other portions of the
3   material, documents, items, or communications for which protection is not warranted are not swept
4   unjustifiably within the ambit of this agreement.

5   Mass, indiscriminate, or routinized designations are prohibited. Designations that are
6   shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to
7   unnecessarily encumber or delay the case development process or to impose unnecessary expenses
8   and burdens on other parties) expose the designating party to sanctions.

9   If it comes to a designating party's attention that information or items that it designated for
10  protection do not qualify for protection, the designating party must promptly notify all other parties
11  that it is withdrawing the mistaken designation.

12  5.2   Manner and Timing of Designations. Except as otherwise provided in this
13  agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or
14  ordered, disclosure or discovery material that qualifies for protection under this agreement must
15  be clearly so designated before or when the material is disclosed or produced.

16  (a)   Information in documentary form: (*e.g.*, paper or electronic documents and
17  deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),
18  the designating party must affix the word "CONFIDENTIAL" to each page that contains
19  Confidential material. The designating party must also affix the phrase "ATTORNEYS' EYES
20  ONLY" to any page or portion therewith that warrants that protection under this Court's December
21  20, 2018 Order.

22  For documents Defendants produced prior to December 20, 2018 in redacted form
23  and with redacted portions clearly identified: If, after the re-production of those documents
24  hereunder, Plaintiffs are unable to determine which part of a page marked "CONFIDENTIAL"
25  Defendants intend to designate as covered by this order, Plaintiffs shall so notify Defendants.
26

STIPULATED PROTECTIVE ORDER
(No. 17-cv-1707-JLR; No. 17-cv-1707-JLR) – 4

143146712.1

1   Within five (5) business days after that notification, or some other timeframe agreed upon between

2   the parties, Defendants shall re-produce the page(s) identified by Plaintiffs with the protected

3   portion(s) clearly identified (*e.g.*, by making appropriate markings in the margins), unless the

4   parties agree to some other means of identifying the protected material.

5            For documents produced by Defendants for the first time after December 20, 2018:

6   If only a portion or portions of the material on a page qualifies for protection under this order,

7   Defendants must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in

8   the margins).

9            (b)    <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties

10  and any participating non-parties must identify on the record, during the deposition or other pretrial

11  proceeding, all protected testimony, without prejudice to their right to so designate other testimony

12  after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the

13  transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or

14  exhibits thereto, as Confidential. If a party or non-party desires to protect Confidential information

15  at trial, the issue should be addressed during the pre-trial conference.

16           (c)    <u>Other tangible items</u>: the producing party must affix in a prominent place

17  on the exterior of the container or containers in which the information or item is stored the word

18  "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,

19  the producing party, to the extent practicable, shall identify the protected portion(s).

20  5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to

21  designate qualified information or items does not, standing alone, waive the designating party's

22  right to secure protection under this agreement for such material. Upon timely correction of a

23  designation, the receiving party must make reasonable efforts to ensure that the material is treated

24  in accordance with the provisions of this agreement.

25

26

STIPULATED PROTECTIVE ORDER
(No. 17-cv-1707-JLR; No. 17-cv-1707-JLR) – 5

143146712.1

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

     6.1    <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

     6.2    <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding Confidential designations without court involvement. Any motion regarding Confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

     6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as Confidential until the Court rules on the challenge.

7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential material may be affected.

8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures and all steps to remediate that unauthorized disclosure; (b) use its best efforts to retrieve all unauthorized copies of the protected material, or request that the unauthorized recipient delete and/or destroy the Confidential material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement; and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.    NON-TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all Confidential material to the producing party, including all copies, extracts

1    and summaries thereof. Alternatively, the parties may delete and/or destroy the Confidential

2    material.

3         Notwithstanding this provision, counsel are entitled to retain archival copies of all

4    documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

5    deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

6    product, even if such materials contain Confidential material.

7         The confidentiality obligations imposed by this agreement shall remain in effect until a

8    designating party agrees otherwise in writing or a court orders otherwise.

9

10              IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

11   DATED: 01/30/2019                    /s/ Tana Lin
                                          Attorney for *Doe* Plaintiffs
12
     DATED: 01/30/2019                    /s/ Justin B. Cox
13                                        Attorney for *JFS* Plaintiffs

14   DATED: 01/30/2019                    /s/ Joseph C. Dugan
                                          Attorney for Defendants
15

16         PURSUANT TO STIPULATION, IT IS SO ORDERED

17

18   DATED: 30th January 2019

19

20                                        Honorable James L. Robart
                                          United States District Court Judge
21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER
(No. 17-cv-1707-JLR; No. 17-cv-1707-JLR) – 8

143146712.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print  or  type  full  name],  of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on _____ [date]

in the case of *Doe, et al. v. Trump, et al.*, No. 17-cv-00178 (JLR) and in the case of *Jewish Family*

*Service of Seattle, et al. v. Trump, et al.*, No. 17-cv-01707 (JLR). I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that is subject to

this Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

4825-5629-9398, v. 1

STIPULATED PROTECTIVE ORDER
(No. 17-cv-1707-JLR; No. 17-cv-1707-JLR) – 9

143146712.1