

**U.S. Department of Justice**

Civil Division, Federal Programs Branch

---

Joseph C. Dugan  Tel.: (202) 514-3259
Trial Attorney  E-mail: joseph.dugan@usdoj.gov

February 19, 2019

Hon. James L. Robart
U.S. District Court for the Western District of Washington
700 Stewart Street
Seattle, WA 98101

      Re:    *Doe v. Trump*, No. 2:17-00178 (W.D. Wash.); *Jewish Family Service of Seattle v. Trump*, No. 2:17-01707 (W.D. Wash.)

Your Honor:

      In authorizing limited jurisdictional discovery, the Court ruled that "jurisdictional discovery is appropriate because additional facts regarding Defendants' efforts to implement the preliminary injunction and their efforts to restore the status quo following its imposition would be useful to the court's consideration of mootness." Order Granting Mot. for Disc. & Denying Mot. to Dismiss Without Prejudice at 25, ECF No. 155. Accordingly, the Court "specifically limit[ed] Plaintiffs to requesting document[s]" related to (1) "implementation of the Agency Memo"; (2) "actions taken by Defendants to comply with this Court's" Orders; (3) "actions taken by Defendants as a result of the end of the 90-day review for SAO countries and as a result of the implementation of the additional vetting procedures for [FTJ] refugees"; and (4) "the processing of refugee applications and admission of refugees" since October 23, 2017. *Id.* at 28-29. The Court added that any deposition request by Plaintiffs "must be narrowly tailored and proportional in light of the limited purpose of the authorized discovery." *Id.* at 29.

      In subsequent briefing, Plaintiffs stated that they had requested two Rule 30(b)(6) depositions to resolve purported "inconsistencies and . . . gaps in the written discovery Defendants have produced thus far." Pls.' Reply Mem. of Law in Supp. of their J. Mot. to Compel at 3, ECF No. 170. Plaintiffs added that they had requested two fact depositions to "depose these witnesses specifically about their declarations that Defendants have submitted." *Id.* at 3 n.5. The Court allowed the depositions to proceed, though it did "find Plaintiffs' request for two fact and two Rule 30(b)(6) deponents to be 'expansive.'" Order Granting in Part & Denying in Part Pls.' Mot. to Compel at 22 n.14, ECF No. 171. The fact depositions took place last week, and the Rule 30(b)(6) depositions are scheduled for this week. Notwithstanding Plaintiffs' prior representations, they spent minimal time questioning the fact deponents about their declarations and instead focused intensely on topics utterly irrelevant to the mootness issue and outside the bounds of authorized discovery, such as the formation of the Agency Memo (a topic that plainly corresponds to the merits of Plaintiffs' case, *e.g.*, Third Am. Class Action Compl. ¶ 312, ECF No. 42) and the non-lawyer deponents' legal conclusions and interpretations. Plaintiffs also sought privileged information about an inter-agency deliberative process. The

Court should reject Plaintiffs' demands for such information because (1) the challenged questions would reveal core privileged material; (2) Plaintiffs have no need for such information to address the mootness issue; and (3) the Court did not authorize such discovery.

The deliberative process privilege applies to information that reflects opinions, recommendations, and deliberations that are part of a governmental decisionmaking process. *Hongsermeier v. Comm'r*, 621 F.3d 890, 904 (9th Cir. 2010) (citation omitted). Plaintiffs asked many questions during the first fact deposition about a working group's findings and recommendations and how those findings and recommendations may have informed the determinations in the Agency Memo. As just one example, Plaintiffs asked: "[I]s it correct that the working group recommended that refugee process[ing] restart for all nationalities?" *Id.* at 84:9-11. Such questions were intended to elicit predecisional, deliberative material that the Government is entitled to protect so its officials are not forced to operate in a fishbowl. The privilege extends to concerns or opinions that may have been shared by other Executive Branch officials with the working group or agency decisionmakers. Plaintiffs could not circumvent the privilege by requesting purportedly "factual" information, as they claimed at certain points to do, *e.g.*, Higgins Dep. at 62:8-10, to the extent such information would reveal the working group's deliberations. *See, e.g.*, *United States v. Hamilton*, No. CR11-415-JCC, 2012 WL 5834893, at *5 (W.D. Wash. Oct. 4, 2012). Nor could Plaintiffs viably contend that the Government waived its privilege assertion, given that no subject-matter waiver applies to executive privileges, *see, e.g.*, *In re Sealed Case*, 121 F.3d 729, 741 (D.C. Cir. 1997). Any assertion that Plaintiffs' need for this material outweighs the Government's interest in nondisclosure fails: such discovery on the merits would not bear on the limited mootness dispute here and cannot occur unless it is finally determined that the Court retains subject-matter jurisdiction. Nor could Plaintiffs overcome the Government's assertion of privilege during the second fact deposition, in which the Government instructed the witness not to answer whether there was "any discussion of whether PRM needed to add a certain number of interviews in order to comply with the injunction." Gauger Dep. at 98:22-24. Internal agency discussion about circuit ride planning in furtherance of injunction compliance is outside the scope of jurisdictional discovery, as this Court "specifically limit[ed]" discovery in relevant part to "*actions* taken by Defendants to comply with this Court's" Orders. ECF No. 155 at 29 (emphasis added).

Finally, Plaintiffs have indicated that they intend to challenge the Government's redactions on one document pursuant to the law enforcement privilege, which is "designed to prevent disclosure of information that would be contrary to the public interest in the effective functioning of law enforcement." *Chinn v. Blankenship*, No. 09-5119 RJB, 2010 WL 11591399, at *6 (W.D. Wash. Feb. 26, 2010) (citation omitted). The redacted column is sensitive because it identifies (a) a database whose function with respect to refugee vetting is not publicly known and (b) the status of security checks for specific refugee applicants. Defendants are willing to lift the redactions covered by (b) provided that Plaintiffs' counsel inform the Government in confidence of the identities of the pseudonymous Plaintiffs, and provided further that the Government determines that the redacted text does not reveal adverse vetting results for any Plaintiff.

Respectfully Submitted,
*/s/ Joseph C. Dugan*
One of Defendants' counsel