

February 19, 2019

**Via ECF**
The Hon. James L. Robart
United States Courthouse           Re:    *Doe v. Trump*, C17-0178JLR, et al.
700 Stewart Street, Suite 14128           Plaintiffs' Joint Letter re privilege disputes
Seattle, WA 98101-9906                    arising in depositions.

Dear Judge Robart:

Plaintiffs jointly submit this letter brief challenging Defendants' privilege invocations during the depositions in these cases, which challenge the 2017 Agency Memo's suspension of Security Advisory Opinion ("SAO") and Follow-to-Join ("FTJ") refugees.[1] The deliberative process privilege is "narrowly construed," and the burden of proof is on Defendants. *Greenpeace v. Nat'l Marine Fisheries Serv.*, 198 F.R.D. 540, 543 (W.D. Wash. 2000).

**1. Reasons for the SAO Refugees Suspension**.  Defendants invoked the deliberative process privilege in response to Plaintiffs' questions to Ms. Jennifer Higgins about why the Agency Memo suspended SAO refugee processing, including whether a working group formed under Executive Order 13,780 (EO-2) to review refugee processing had recommended the suspension. (*See, e.g.*, Higgins Dep. 73:4-76:4, 90:7-92:1, 95:22-96:22, 101:2-102:7, 103:16-105:2.)[2] Defendants, however, waived any privilege by allowing other testimony regarding the working group. For example, Ms. Higgins testified that the working group had recommended other changes to refugee processing in the Agency Memo. (Dep. 82:10-84:13, 93:17-94:19.) Defendants stopped Ms. Higgins from testifying *only* as to whether the working group had *also* recommended the SAO suspension. Further, Ms. Higgins ▮▮▮▮▮▮▮▮▮▮▮▮ with the account that Ms. Barbara Strack, the former Division Chief for the Refugee Affairs Division, gave to the National Public Radio in September of last year, in which Ms. Strack reported that the working group did not recommend the SAO suspension, but it was included because of intervention by the White House, which specifically wanted to ban ▮▮▮ refugees. (Dep. 97:17-102:17; *see* Ex. C.) Only after Ms. Higgins ▮▮▮▮▮▮▮▮▮▮▮ with that account did Defendants object to the remainder of the questioning on that topic.[3] (Dep. 103:16-105:2.) Especially given that Defendants previously asserted that the working group's review "was the basis for the SAO provision" in opposing the preliminary injunction, (PI Opp. at 21 (ECF 77)),[4] and that the

---

[1] Excerpts of transcripts are attached as Exhibit A (Jennifer Higgins) and Exhibit B (Kelly Gauger).
[2] Jennifer Higgins is the Associate Director of the Refugee Asylum and International Operations Directorate (RAIO) of USCIS. (Dep. 8:10-18.) She reviewed the recommendations of the working group and drafted and edited portions of the Agency Memo. (Dep. 56:22-58:18.)
[3] Defendants also invoked the presidential communications privilege in response to this line of questioning, but withdrew that objection by email dated February 17, 2019.
[4] If this is not accurate, Defendants have the independent obligation to correct the record. If it is accurate, the deliberative process privilege would not apply because Defendants have admitted that the working group's recommendation reflects the agency's effective law and policy.  *See, e.g.*, *ACLU of N. Cal. v.*

143355509.1

Agency Memo (ECF No. 43-1, Ex. B) itself makes representations about the working group's recommendations, Defendants cannot invoke the deliberative process privilege in the selective way they have—as a sword and as a shield. *See Viet. Veterans of Am. v. C.I.A.*, No. 09-CV-0037 CW JSC, 2012 WL 1895985, at *3 (N.D. Cal. May 23, 2012) (holding that Defendants cannot selectively assert the deliberative process privilege); *Pac. Gas & Elec. Co. v. Lynch*, No. C-01-3023 VRW, 2002 WL 32812098, at *3 (N.D. Cal. Aug. 19, 2002) (holding that "Courts ordinarily do not countenance" the use of the privilege "as both a sword and a shield").

Even had Defendants not waived the privilege, it does not apply to "[p]urely factual material," and in any case can be overcome when the "need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure." *F.T.C. v. Warner Commc'ns, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). This balancing is determined by "1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *Id.* Here, Plaintiffs need to understand *why* the Agency Memo suspended refugee processing to understand whether Defendants fully complied with the preliminary injunction and to confirm that Defendants have not continued the suspensions; for example, if the White House suspended SAO refugees because of ▬▬▬, the status of ▬▬▬ refugee processing would be of interest in resolving this issue. Defendants have sole access to this information and should not be permitted to shield the information from disclosure given that this is at the heart of this litigation. *See Greepeace*, 198 F.R.D. at 543 (stating that "the privilege may be inapplicable where the agency's decision-making process is itself at issue"); *Karnoski v. Trump*, 328 F. Supp. 3d 1156, 1161-62 (W.D. Wash. 2018) (rejecting deliberative process privilege in a case where the evidence of deliberations is important to the case, is in the hands of the government, and the government is a party to the litigation).

**2. Circuit Rides.** Defendants also invoked the deliberative process privilege with respect to Plaintiffs' questioning of Ms. Kelly Gauger about statements made in her declaration regarding Defendants' stated attempts to comply with this court's injunction by adding additional countries to the third quarter circuit ride schedule. (Gauger Dep. 97:8-100:14.) Here again, Defendants have waived this privilege by putting it at issue in Ms. Gauger's declaration (ECF 114-1) and permitting Ms. Higgins to respond at length to nearly verbatim questions (*compare* Gauger Dep. 98:20-99:7 *with* Higgins Dep. 157:12-22). Moreover, the privilege does not apply to purely factual matters, including whether the agency considered additional countries to add to the third quarter circuit ride, and the basis for adding the relatively few circuit ride interviews of SAO nationals that they did.

Respectfully submitted,

/s Justin B. Cox
Justin B. Cox
*For the Doe and JFS Plaintiffs*

---

*DOJ*, 880 F.3d 473, 490 (9th Cir. 2018) (describing how a document loses its deliberative quality to the extent that it reflects "the agency's effective law and policy" (citation omitted)).