

International Refugee
Assistance Project

November 12, 2019

**Via ECF**
The Hon. James L. Robart
United States Courthouse                    Re: *Doe v. Trump*, C17-0178JLR, et al.
700 Stewart Street, Suite 14128            Plaintiffs' Joint Letter re discovery disputes
Seattle, WA 98101-9906

Dear Judge Robart:

Plaintiffs jointly submit this letter brief challenging Defendants' refusal to produce a narrow set of documents used to educate and refresh the recollections of Defendants' Rule 30(b)(6) deponents[1] in preparation for their depositions. These documents—which include charts showing circuit rides eliminated due to the Agency Memo, *see* Ex. A (DHS Tr. at 14-15, 105-08, 132-34) and a timeline of "key events," *see* Ex. B (DHS errata sheet at 330)[2]—go to the heart of the mootness inquiry: they show actions Defendants took to implement the Agency Memo and the Court's preliminary injunction, and they suggest actions Defendants could have but did not take to restore the *status quo ante*. For example, the circuit ride charts are directly relevant to the Court's admonition that "[c]omplying with the preliminary injunction . . . require[s] Defendants to restore any circuit rides that they would have scheduled absent the Agency Memo." Order, Dkt. No. 106 at 7. These documents were responsive to Plaintiffs' Request for Production, but Defendants failed to produce them. Plaintiffs were not aware of their existence until the depositions or, for certain documents, until the DHS deponent acknowledged their existence in an errata sheet. *See* Ex. B.

Defendants have never asserted any privilege over the documents; they have argued only that they are not required to produce them.[3] Defendants are incorrect: absent any claim of privilege, Plaintiffs are entitled to production of documents used to refresh the deponents' memory before they testified. *See, e.g.*, *United States v. 22.80 Acres of Land*, 107 F.R.D. 20, 22-25 (N.D. Cal. 1985) (ordering documents used to refresh witness recollection before deposition that were not

---

[1] Excerpts of the transcript of the deponent of the Department of Homeland Security ("DHS"), Jennifer Higgins, are attached as Exhibit A, and the errata sheet of the DHS deponent is attached as Exhibit B. Excerpts of the transcripts of the deponent of the Department of State ("DOS"), Hilary Ingraham, are attached as Exhibit C, and excerpts of the fact deposition of Jennifer Higgins as Exhibit D.

[2] Plaintiffs seek all documents that the Rule 30(b)(6) deponents reviewed to refresh their recollection in preparation for their depositions, which also includes emails about the government's request to the Court to stay the preliminary injunction, Ex. A (DHS Tr. at 179), emails relating to SAO cases that DOS asked DHS to consider for waiver, *id.* (DHS Tr. at 140-43), and emails relating to "guidance to [DOS] partners" after the Agency Memo and soon after the preliminary injunction, Ex. C (DOS Tr. at 12-13).

[3] The parties met and conferred about this dispute by telephone and exchanged no fewer than 12 emails and letters about it between February and July 2019. Plaintiffs repeatedly requested that Defendants provide a privilege log explaining any interests against disclosure, but Defendants refused.

subject to privilege had to be produced); *Lubritz v. AIG Claims, Inc.*, No. 17-CV-2310 (APG), 2018 U.S. Dist. LEXIS 65951, *8 (D. Nev. Apr. 18, 2018) (same).

Even if Defendants assert privilege at this late date, courts routinely order production of documents used to refresh a witness's recollection for deposition testimony. Although the Ninth Circuit has not adopted a uniform approach, many courts have held that the use of privileged documents to refresh a deponent's recollection automatically waives privilege under Federal Rule of Evidence 612. *See Mattel, Inc. v. MGA Entm't, Inc.*, No. 04-CV-9049 (DOC), 2010 WL 3705782, at *5 (C.D. Cal. Aug. 3, 2010) (Fed. R. Evid. 612 "renders discoverable" documents reviewed before deposition and "[a]ny privilege or work product protection against disclosure is deemed waived as to those portions so reviewed"); *Adidas Am., Inc. v. TRB Acquisitions LLC*, 324 F.R.D. 389, 397 (D. Or. 2017) (collecting cases) *see, e.g.*, *Hallam v. Gemini Ins. Co.*, No. 12-CV-2442 (CAB), 2015 WL 11237637 (S.D. Cal. June 19, 2015); *United States ex rel. Bagley v. TRW, Inc.*, 212 F.R.D. 554, 556 (C.D. Cal. 2003). Here, Plaintiffs established that the deponents used the disputed documents to refresh their recollection. DOS deponent Ingraham testified that the emails she reviewed were "primarily to help recollect my memory since it was quite some time ago" and affirmed that she "reviewed those E-mails to refresh [her] recollection for [the deposition]." Ex. C (DOS Tr. at 11-12.) DHS deponent Higgins testified, for example, that she reviewed the circuit ride charts, Ex. A (DHS Tr. at 14-15), and then testified in detail about the substance of those charts. *See id.* (DHS Tr. at 105, 108, 129-30, 132-34.) She also testified that she had "reviewed an E-mail [about SAO cases DOS identified]" and on that basis "suspect[ed] that [the DOS deponent was] misremembering" details about their correspondence. *Id.* (DHS Tr. at 141.) Notably, at deponent Higgins' fact deposition a week earlier, she testified that she did not know or did not remember key facts that she would later recall at her 30(b)(6) deposition. *Compare* Ex. D (Higgins Tr. at 155-57 (deponent did not recall government's motion to stay or court's stay order, and "d[id]n't remember the specifics" of conversations about adding SAO nationals to circuit rides)), *with* Ex. A (DHS Tr. at 179, 181-85 (deponent said her memory of stay motion had been refreshed since her prior deposition because she "read the preliminary injunction and read through some old E-mails about it" and describing steps considered to add SAO nationals to circuit rides)); *see generally Adidas*, 324 F.R.D. at 400 (where 30(b)(6) deponent "testifies on topics of which he denies any personal knowledge . . . he is an 'empty vessel' and documents reviewed on those topics in preparation for the deposition necessarily informed his testimony" (citation omitted)).

Even courts that do not use the automatic approach require production of privileged documents where, as here, (1) the deponent used the document to refresh her memory, (2) the deponent used the document for the purpose of testifying, and (3) the court determines that production is necessary in the interests of justice. *See, e.g.*, *Sporck v. Peil*, 759 F.2d 312, 317-18 (3d Cir. 1985) (deriving test from Fed. R. Evid. 612). In the context of a 30(b)(6) deposition, where the deposing party has a heightened need to discover documents used to prepare witnesses, courts in this circuit have applied a rebuttable presumption that the first two factors are met and the final factor weighs in favor of disclosure. *See Adidas*, 324 F.R.D. at 401 (ordering privileged documents to be produced); *Hsingching Hsu v. Puma Biotech., Inc.*, No. 15-CV-00865 (AGS), 2018 WL 3078589, at *10-11 (C.D. Cal. June 20, 2018) (same). Here, justice weighs heavily in favor of disclosure because the documents in dispute will test the agencies' assertions, which they will re-raise on their motion to dismiss, that they have compiled with the injunction and reversed the effects of the Agency Memo.

Respectfully submitted,

/s Linda B. Evarts
Linda Evarts
*For the Doe and JFS Plaintiffs*