THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN DOE, et al.,

                              Plaintiffs,

        v.

DONALD TRUMP, et al.,

                              Defendants.

CASE NO. C17-0178JLR

**STIPULATED DISMISSAL PURSUANT TO F.R.C.P. 41(A)(1)(A)(II)**

JEWISH FAMILY SERVICES, et al.,

                              Plaintiffs,

        v.

DONALD TRUMP, et al.,

                              Defendants.

CASE NO. C17-1707JLR

**(RELATING TO BOTH CASES)**

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2       IT IS HEREBY STIPULATED AND AGREED by and between all parties, through their

3   respective counsel, that the above-captioned actions are voluntarily dismissed, with prejudice,

4   against all Defendants, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  Each party

5   shall bear its own fees and costs, and Plaintiffs may enforce the terms of the Settlement

6   Agreement entered into in this case (attached as Exhibit A) as described therein.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED DISMISSAL - 1
Case No. 2:17-cv-00178-JLR

1

RESPECTFULLY SUBMITTED BY:

2

*s/ Lauren Watts Staniar*
3
David Burman, WSBA No. 10611
Lauren Watts Staniar, WSBA No. 48741
4
Tyler Roberts, WSBA No. 52688
Perkins Coie LLP
5
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
6
Telephone:  206.359.8000
Facsimile:  206.359.9000
7
dburman@perkinscoie.com
lstaniar@perkinscoie.com
8
troberts@perkinscoie.com

9

Max S. Wolson, *Pro Hac Vice*
10
National Immigration Law Center
3450 Wilshire Blvd, #108-62
11
Los Angeles, CA 90010
Tel: (213) 639-3900
12
Fax: (213) 639-3911
wolson@nilc.org
13

14

Lauren E. Aguiar, *Pro Hac Vice*
15
Mollie M. Kornreich, *Pro Hac Vice*
Abigail E. Davis, *Pro Hac Vice*
16
Four Times Square
New York, NY  10036
17
Tel: (212) 735-3000
Fax: (212) 735-2000
18
lauren.aguiar@probonolaw.com
19
mollie.kornreich@probonolaw.com
abigail.sheehan@probonolaw.com
20

21

22

23

24

25

26

DATED this 10th day of February, 2020

*s/ Mariko Hirose*
Mariko Hirose, *Pro Hac Vice*
Deepa Alagesan, *Pro Hac Vice*
Linda Evarts, *Pro Hac Vice*
Kathryn C. Meyer, *Pro Hac Vice*
International Refugee Assistance Project
40 Rector Street, 9th Floor
New York, NY 10006
Tel: (646) 459-3044
mhirose@refugeerights.org
dalagesan@refugeerights.org
levarts@refugeerights.org
kmeyer@refugeerights.org

Justin B. Cox, *Pro Hac Vice*
International Refugee Assistance Project
PO Box 170208
Atlanta, GA  30317
Tel: (678) 279-5441
jcox@refugeerights.org

Melissa S. Keaney, *Pro Hac Vice*
International Refugee Assistance Project
PO Box 2291
Fair Oaks, CA 95628
Tel: (916) 546-6125
mkeaney@refugeerights.org

Elizabeth Sweet, *Pro Hac Vice*
Mark Hetfield, *Pro Hac Vice*
HIAS, Inc.
1300 Spring Street, Suite 500
Silver Spring, MD 20910
Tel: 301-844-7300
liz.sweet@hias.org
mark.hetfield@hias.org

*Counsel for Plaintiffs Jewish Family Service, et al.*

STIPULATED DISMISSAL - 2
Case No. 2:17-cv-00178-JLR

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2

3
AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION

KELLER ROHRBACK L.L.P.

4
By: /s/ Lisa Nowlin

By: /s/ Lynn Lincoln Sarko

5
    Lisa Nowlin, WSBA # 51512
    P.O. Box 2728

By: /s/ Tana Lin
By: /s/ Derek W. Loeser

6
    Seattle, WA  98111
    Tel.: (206) 624-2184

By: /s/ Alison S. Gaffney
    Lynn Lincoln Sarko, WSBA # 16569

7
    Email: lnowlin@aclu-wa.org

    Tana Lin, WSBA # 35271
    Derek W. Loeser, WSBA # 24274

8
***Attorneys for Plaintiffs***

    Alison S. Gaffney, WSBA # 45565
    1201 Third Avenue, Suite 3200

9
    Seattle, WA  98101

10
    Tel.: (206) 623-1900
    Fax: (206) 623-3384

11
    Email: lsarko@kellerrohrback.com
        tlin@kellerrohrback.com

12
        dloeser@kellerrohrback.com
        agaffney@kellerrohrback.com

13

14
By: /s/ Laurie B. Ashton

15
    Laurie B. Ashton (admitted *pro hac vice*)
    3101 North Central Avenue, Suite 1400

16
    Phoenix, AZ  85012-2600
    Tel.: (602) 248-0088

17
    Fax: (602) 248-2822
    Email: lashton@kellerrohrback.com

18
By: /s/ Alison Chase

19
    Alison Chase (admitted *pro hac vice*)
    1129 State Street, Suite 8

20
    Santa Barbara, CA  93101
    Tel.: (805) 456-1496

21
    Fax: (805) 456-1497
    Email: achase@kellerrohrback.com

22

23
***Attorneys for Plaintiffs/Cooperating***
***Attorneys for the American Civil Liberties***
***Union of Washington Foundation***

24

25

26

STIPULATED DISMISSAL - 3
Case No. 2:17-cv-00178-JLR

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

JOSEPH H. HUNT
Assistant Attorney General

AUGUST E. FLENTJE
Special Counsel

JENNIFER D. RICKETTS
Director, Federal Programs Branch

JOSHUA E. GARDNER
Special Counsel, Federal Programs Branch

*/s/ Joshua Kolsky*
JOSHUA KOLSKY
KEVIN SNELL
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-7664
Fax: (202) 616-8470
Email: joshua.kolsky@usdoj.gov

*Counsel for Defendants*

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# Exhibit A

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement") is entered into between all Plaintiffs in *Doe et al. v. Trump et al.*, No. 17-0178 (W.D. Wash) ("*Doe* Case"), all Plaintiffs in *Jewish Family Service of Seattle et al. v. Trump et al.*, No. 17-1707 (W.D. Wash.) ("*JFS* Case"),[1] (hereinafter collectively referred to as "Plaintiffs" and "Cases"), and all Defendants in the Cases.[2]  Plaintiffs and Defendants are referred to herein as "the Parties."  Plaintiffs in the *Doe* Case filed a third amended complaint on November 6, 2017 (ECF No. 42), and Plaintiffs in the *JFS* Case filed a complaint on November 13, 2017 (ECF No. 1 in Docket Number 17-1707).[3] The Cases relate to Executive Order 13,815, 82 Fed. Reg. 50,055 (Oct. 24, 2017), and an accompanying memorandum by Defendants Secretary of State, Secretary of Homeland Security, and Director of National Intelligence that was dated October 23, 2017 ("Agency Memo").

The Parties mutually desire to resolve all of the claims asserted by Plaintiffs in the Cases without the need for further litigation, and without any admission of liability by any party.  The Parties do hereby settle all claims, issues, complaints, or actions that Plaintiffs have or could have asserted in the Case in which they are Plaintiffs against Defendants, or any of Defendants' employees, including but not limited to past and present U.S. Government officials and

---

[1] The settling Plaintiffs in the *Doe* Case are the Episcopal Diocese of Olympia, Joseph Doe, Jeffrey Doe, and, for purposes of this Settlement Agreement, includes Sophonie Bizimana, a declarant in the *Doe* Case. Plaintiffs in the *JFS* Case are Jewish Family Service of Seattle, Jewish Family Services of Silicon Valley, Allen Vaught, Afkab Mohamed Hussein, John Doe 1, John Doe 2, John Doe 3, Jane Doe 4, Jane Doe 5, Jane Doe 6, and John Doe 7. The identities of the pseudonymous plaintiffs, which Defendants agree to use only for the purposes of implementing and enforcing this Settlement Agreement, are listed in Exhibit B to this Agreement.

[2] Defendants in the *Doe* Case are Donald Trump, in his official capacity as President of the United States; U.S. Department of Homeland Security; Chad Wolf, in his official capacity as Acting Secretary of Homeland Security; U.S. Customs and Border Protection; Mark A. Morgan, in his official capacity as Acting Commissioner of U.S. Customs and Border Protection; Adele Fasano, in her official capacity as Field Director of the Seattle Field Office of U.S. Customs and Border Protection; U.S. Department of State; Michael Pompeo, in his official capacity as Secretary of State; the Office of the Director of National Intelligence; and Joseph Maguire, in his official capacity as Acting Director of National Intelligence.

     Defendants in the *JFS* Case are Donald Trump, in his official capacity as President of the United States; U.S. Department of Homeland Security; Chad Wolf, in his official capacity as Acting Secretary of Homeland Security; U.S. Department of State; Michael Pompeo, in his official capacity as Secretary of State; the Office of the Director of National Intelligence; and Joseph Maguire, in his official capacity as Acting Director of National Intelligence.

[3] The Cases were consolidated (ECF No. 61).  Unless otherwise specified, ECF citations herein refer to civil docket number 17-0178 (W.D. Wash.).

employees, including but not limited to past and present U.S. Government officials and employees, prior to the date that this Settlement Agreement is executed by the Parties ("Effective Date.").

      1.    **Consideration by Defendants:**  In consideration for the promises of Plaintiffs set forth herein, Defendants agree as follows:

      a.  The U.S. Department of State ("State") and United States Citizenship and Immigration Services ("USCIS") shall prioritize the processing of the cases identified in Exhibit A,[4] to the extent the individuals who are included in such cases have not been granted or denied refugee admission or have pending Requests for Review ("Pending Cases").  Unless otherwise stated herein, prioritization means moving an individual to the front of other similarly situated cases in the processing queue for each applicable processing step; non-similarly situated cases are urgent cases based on medical or other urgent humanitarian needs.  In the context of interviews, prioritization means offering the individual the opportunity to have an interview at the next time a circuit ride is deployed to the individual's location or, where possible, conducting the re-interview by videoconference.  The Pending Cases in Exhibit A include I-590, *Registration as Classification for a Refugee*, cases in which one or more case members require a Security Advisory Opinion ("SAO case"), and cases that involve an I-730, *Refugee/Asylee Relative Petition* cases ("FTJ case").  The Pending Cases in Exhibit A are comprised of the following cases:

      i.  Seven (7) FTJ cases and forty-one (40) SAO cases identified in Exhibit A-Part 1 by case number and number of individuals who are included in each case.  These cases are the cases that remain pending as of January 17, 2020 of  the cases that were designated Ready for Departure in State's Worldwide Refugee Admissions Processing System ("WRAPS") on October 23, 2017;

---

[4] Exhibit A has been designated as confidential under the January 31, 2019 Stipulated Protective Order.  *See Doe*, Dkt. No. 177.

ii.   Fifty-eight (58) FTJ cases identified in Exhibit A-Part 2 by case number and
      number of individuals who are included in each case.  These cases are cases that
      remain pending as of January 17, 2020 of the cases that were designated "pending
      completion granted" in USCIS's Case and Activity Management for International
      Operations ("CAMINO") database as of December 23, 2017;

iii.  Two (2) FTJ cases identified in Exhibit A-Part 3 by case number and number of
      individuals who are included in each case.  These cases are cases that remain
      pending as of January 17, 2020 of the cases that, according to the USCIS
      CAMINO database, had a medical clearance expire between October 23, 2017
      and February 1, 2018;

iv.   Twenty-eight (28) FTJ cases identified in Exhibit A-Part 4 by case number and
      number of individuals who are included in each case.  These cases are cases that
      remain pending as of January 17, 2020 of the cases that, according to the USCIS
      CAMINO database, had a security clearance expire between October 23, 2017
      and February 1, 2018;

v.    Fourteen (14) SAO cases identified in Exhibit A-Part 5 by case number and
      number of individuals who are included in each case.  These cases are cases that
      remain pending as of January 17, 2020 of the thirty-two (32) cases previously
      selected by Plaintiffs from among those in the digital stamping queue in State's
      WRAPS system between October 23, 2017 and February 1, 2018;

vi.   The six (6) cases listed in Exhibit A-Part 6: cases UG-941117, UG-762618, UG-
      762628, UG-762624 and UG-762607, which are the case numbers of *Doe* Case
      plaintiff Sophonie Bizimana and case numbers associated with that case, and case

3

number KE-529632, which is the case number associated with *Doe* Case plaintiff
Jeffrey Doe;[5]

vii.    The seven (7) cases listed in Exhibit A-Part 7.  Case numbers EG-109707, IZ-
212849, EG-113835, IZ-138422, IZ-303562, KE569925, and KE-569926, which
are the cases of *JFS* Case plaintiffs Doe 1, Doe 2, Doe 4, Doe 5, Doe 7, and
Afkab Mohamed Hussein; and

viii.   The twenty-two (22) cases identified in Exhibit A-Part 8, by case number and
number of individuals who are included in each case.  These cases are cases that
remain pending as of January 17, 2020 of the thirty-three (33) cases that had an
assurance to Plaintiffs Jewish Family Service of Seattle, Jewish Family Services
of Silicon Valley, and the Episcopal Diocese of Olympia on October 23, 2017 or
January 31, 2018.

b.   For SAO cases within Exhibit A, the Bureau of Population, Refugees, and
Migration at State ("State/PRM") shall prioritize the remaining processing steps for
such cases, as applicable.  Specifically, State/PRM will: (1) instruct Resettlement
Support Centers ("RSCs") to upgrade the urgency level to level one for these cases; (2)
instruct RSCs to request any pending security checks where security checks are needed;
(3) ask the United States government agencies who provide information to State and
USCIS in support of refugee vetting ("Vetting Support Agencies") to prioritize the
Pending Cases for whom security checks are or have been requested, with the
understanding that State/PRM cannot require a Vetting Support Agency to complete a
security check in any particular timeframe; (4) instruct RSCs to prioritize medical
exams where such exams are required; and (5) request resettlement agencies to
promptly submit an assurance within one week of receiving medical information.

---

[5] Should *Doe* case plaintiff Joseph Doe provide Defendants with the refugee case number for his mother within 60
days of the Effective Date, Defendants will make a good faith effort to prioritize the processing of her case in
accordance with the terms of this Agreement, to the extent that the refugee case number is valid and to the extent
that her case was already pending on the Effective Date.

c. For FTJ cases within Exhibit A that are processed in Kenya, Burundi, Uganda or Thailand, State/PRM shall prioritize the remaining processing steps for such cases, as applicable.  Specifically, State/PRM will:  (1) instruct RSCs to upgrade the urgency level to level one for these cases; (2) instruct RSCs to work with USCIS to facilitate scheduling of interviews; (3) instruct RSCs to request any pending security checks where security checks are needed; (4) ask the Vetting Support Agencies to prioritize the Pending Cases for whom security checks are or have been requested, with the understanding that State/PRM cannot require a Vetting Support Agency to complete a security check in any particular timeframe; (5) instruct RSCs to prioritize medical exams where such exams are required; and (6) request resettlement agencies to promptly submit an assurance within one week of receiving medical information.

d. For FTJ cases within Exhibit A that are not processed in Kenya, Burundi, Uganda or Thailand, State/PRM shall prioritize the following processing step: request resettlement agencies to promptly submit an assurance within one week of receiving medical information.

e. For FTJ cases within Exhibit A that are processed by USCIS, USCIS will prioritize the remaining processing steps for such cases, as applicable.  Specifically, USCIS will: (1) prioritize interviewing or re-interviewing these cases; (2) ask the Vetting Support Agencies to prioritize these cases that are pending security checks with the understanding that USCIS cannot require a Vetting Support Agency to complete a security check in any particular timeframe, or, for cases pending SAOs, coordinate with State to request prioritization; (3) prioritize requesting medical exams on these cases; (4) prioritize submitting these cases for assurances; and (5) prioritize preparation or submission of these cases for travel documentation.[6]

---

[6] For the case of Plaintiff Afkab Mohamed Hussein, in addition to any other prioritization required by this Settlement Agreement, USCIS will prioritize consideration of Mr. Hussein's child born in January 2020 to be authorized for parole into the United States, provided that an application for parole is submitted to USCIS within 120 days of the Effective Date.

f.  For any FTJ cases within Exhibit A that are processed by the Bureau of Consular Affairs at State ("State/CA"), State/CA will prioritize the remaining processing steps for such cases, as applicable.  Specifically, State/CA will: (1) instruct consular sections to expedite the scheduling of interviews for these cases; (2) instruct consular sections to request any pending security checks for these cases where security checks are needed; (3) ask the Vetting Support Agencies to prioritize these cases for whom security checks are or have been requested, with the understanding that State/CA cannot require a Vetting Support Agency to complete a security check in any particular timeframe; (4) instruct consular sections to request and prioritize medical exams for these cases where such exams are required; and (5) request resettlement agencies to promptly submit an assurance for these cases within one week of receiving medical information.

g.  For any Pending Cases that are pending USCIS and/or State review of derogatory information and/or pending final decision on the refugee adjudication or follow-to-join refugee travel eligibility determination or I-730 petition, USCIS and/or State will prioritize review of these cases before other similarly situated cases. Resolving security checks may include talking to and receiving responses from other partners.  For those still pending security checks from Vetting Support Agencies, USCIS and/or State will ask the Vetting Support Agencies to prioritize those cases with the understanding that USCIS and/or State cannot require a Vetting Support Agency to complete a security check in any particular timeframe.

h.  For any Pending Case that is eligible to submit a Request for Review ("RFR") and that may be denied after December 3, 2019, the individuals included in such case will have 90 days after receipt of the Notice of Ineligibility for Resettlement to submit an RFR which will be reviewed by USCIS.  These RFRs, and the RFR associated with case number IZ-138422, will be prioritized by USCIS for review and adjudication ahead of others that are similarly situated.  USCIS does not agree to prioritize any

subsequent RFR submitted by an individual after that individual has already submitted one RFR.

2.  **Good-Faith Processing.** The Parties agree that State and USCIS will undertake the prioritized processing under this Settlement Agreement in good faith and Defendants will not retaliate against any individual because of this Settlement Agreement.

3.  **Any Admissions of Refugees.**  The Parties agree that this Settlement Agreement does not entitle any individual to admission, including any individual included in any of the Pending Cases. Any individual included in a Pending Case who is admitted to the United States as a result of the Settlement Agreement shall be admitted as a refugee and counted as part of the numerical limitation for admission of refugees set by Presidential Determination No. 2017-3 of September 29, 2017, 82 FR 49083 (Presidential Determination on Refugee Admissions for Fiscal Year 2018).[7] The resettlement agencies resettling the Pending Cases under the Settlement Agreement, including but not limited to those affiliated with organizational plaintiffs Jewish Family Service of Seattle, Jewish Family Services of Silicon Valley, and the Episcopal Diocese of Olympia, shall be paid for each Pending Case that is resettled as provided under, and to the extent required by, the cooperative agreements in place with the agencies as of the Effective Date.

4.  **Notice.**  Beginning ninety (90) days from the Effective Date, and every ninety (90) days thereafter until each individual included in a Pending Case is either admitted to the United States or is denied refugee resettlement, and any RFRs that have been filed within ninety (90) days of a denial pursuant to paragraph 1(h) above are adjudicated, State and USCIS shall provide Plaintiffs written notice that includes the following regarding the Pending Cases for each Part of Exhibit A: the number of cases and individuals admitted, the number of cases and individuals denied, and the number of cases and individuals remaining to be processed.

---

[7] To the extent that any individual included in a Pending Case was admitted to the United States prior to the Effective Date, that individual will be counted as part of the numerical limitation for admission of refugees set by the Presidential Determination for the fiscal year in which the individual was admitted.

Decisions on any RFRs on cases covered by this settlement will also be included in the report. Within twenty-eight (28) days of the last case listed in Exhibit A either being admitted to the United States or denied, and the resolution of any RFRs that have been filed within ninety (90) days of a denial pursuant to paragraph 1(h) above, State and USCIS shall serve a notice to Plaintiffs' counsel informing them that they have completed all consideration that Defendants agreed to perform herein (hereinafter referred to as "Notice of Completion").  At that point, Defendants will have satisfied their obligations under this Settlement Agreement.

5.     **Consideration by Plaintiffs.** In consideration of the promises of Defendants set forth in this Settlement Agreement, Plaintiffs hereby release, waive, acquit, and forever discharge Defendants from, and are hereby forever barred and precluded from prosecuting, any and all claims, causes of action, or requests for any monetary, declaratory, and/or injunctive relief (whether in administrative or judicial proceedings), whether presently known or unknown, that have been or could have been asserted in the Case in which they are Plaintiffs by reason of, with respect to, in connection with, or which arise out of, any matters alleged in the Case in which they are Plaintiffs that the Plaintiffs in the Case have against the United States government, or any Defendants.  For purposes of this Settlement Agreement, Sophonie Bizimana is considered a plaintiff in the *Doe* Case.

6.     **Waiver of Fees and Costs.** The Parties and Parties' Counsel release and forever discharge all claims against the other Party for monetary relief they have asserted or could have asserted in these Cases for attorneys' fees, costs, and expenses incurred to date and through the Effective Date, including but not limited to fees or expenses associated with this Settlement Agreement.

7.     **No Appeal or Review of Prior Orders.** The Parties agree that they shall not seek appellate or mandamus review or reconsideration of any order entered in the Cases.

8.     **Enforcement.** Contemporaneously with the execution of the Settlement Agreement by all Parties, Plaintiffs will file with the Court a Stipulated Dismissal of these Cases pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) in the form of Exhibit C. The Parties agree that upon

the basis of an alleged breach of this Settlement Agreement, Plaintiffs may file a Motion for Relief from a Judgment or Order pursuant to Fed. R. Civ. P. 60(b)(6) with the Court seeking relief from the Court's November 13, 2019 Orders of Dismissal (ECF No. 202 in civil docket number 17-0178 (W.D. Wash) and ECF No. 105 in civil docket number 17-1707 (W.D. Wash.)) and the Stipulated Dismissal, subject to the limitations prescribed below.  The exclusive procedure to bring a claim to enforce the terms and conditions of this Settlement Agreement pursuant to this paragraph shall be as follows:

a.  Prior to filing any motion pursuant to this Paragraph, counsel for Plaintiffs shall submit a written notice alleging a breach of this Settlement Agreement to counsel for Defendants. Such notice shall be submitted by first-class mail and electronic mail, and shall specify the basis for the alleged breach, including the case number(s) and refugee(s) as to which a breach is asserted, shall describe with particularity all of the facts and circumstances supporting such claim to the extent they are reasonably known to Plaintiffs, and shall state that Plaintiffs intend to seek relief from the Court through a motion filed under Fed. R. Civ. P. 60(b)(6) as set forth in Paragraph 8, *supra*. Plaintiffs shall not inform the Court of their allegation(s) at that time.

b.  Plaintiffs may not file a Rule 60(b)(6) motion unless they have provided notice of any alleged breach by Defendants within sixty (60) calendar days of Plaintiffs receiving notice of, or becoming aware of, the alleged breach.

c.  Defendants shall have a period of thirty (30) calendar days after the receipt of such notice described in Paragraph 8(a) to take appropriate action to resolve the alleged breach.  The initiation of action to resolve an alleged breach may constitute such "appropriate action," even if the action is not completed within the thirty (30) calendar day period.  If requested to do so, Plaintiffs shall provide to Defendants any information and materials available to Plaintiffs that support the violation alleged in the notice.

d.  If any assertion of breach by a Plaintiff is not resolved after consultation between the Parties' counsel within the thirty (30) calendar day period set forth in Paragraph 8(c), or if prior to the expiration of such thirty (30) calendar day period, counsel for Defendants advise counsel for Plaintiffs that no further action will be taken by Defendants, Plaintiffs may seek relief from the Court as set forth in this Paragraph (Paragraph 8). Under no other circumstances may Plaintiffs seek such relief from the Court.

e.  If Defendants are reasonably prevented from or delayed in performing any of the obligations set forth in Paragraph 1, *supra*, by the existence of extraordinary circumstances as designated in writing by Defendants with notice to Plaintiffs' counsel, the period set forth in Paragraph 8(c) shall be extended for a reasonable time.

    i.      The extension set forth in Paragraph 8(e) shall be for a minimum of thirty (30) calendar days beyond the period set forth in Paragraph 8(c) without requiring action by any party other than Defendants, and may be longer than thirty (30) calendar days beyond that period pursuant to written agreement among the Parties.

    ii.      If, upon request by Defendants for an extension of the period set forth in Paragraph (c) by more than thirty (30) calendar days upon a designation of extraordinary circumstances, as set forth in Paragraph 8(e), Plaintiffs decline to agree to such extension, Defendants shall nonetheless be permitted to oppose the filing for a Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(6) as set forth in Paragraph 8, *supra*, upon the grounds of such extraordinary circumstances.

f.  Insofar as a motion asserted pursuant to this Paragraph is consistent with the requirements and limitations herein, Defendants hereby agree not to oppose the filing of such motion and to agree that a breach of the Settlement Agreement is sufficient to constitute a "reason that justifies relief" under Fed. R. Civ. P. 60(b)(6). Other than

Defendants' agreement that a breach of the Settlement Agreement is sufficient to constitute a "reason that justifies relief" under Fed. R. Civ. P. 60(b)(6), Defendants' non-opposition to the filing of such motion shall not be deemed to waive any available defenses to the substance of such motion, including without limitation any right or authority to contend that no breach of this Settlement Agreement has occurred.

g.  Plaintiffs' right to seek relief pursuant to Paragraph 8 as to any and all assertions of breach of this Settlement Agreement shall be subject to the limitations period set forth in Paragraph 8(b), and any and all assertions of breach shall be forever waived if not asserted within the applicable limitations period.

h.  Notwithstanding the limitation period set forth in Paragraph 8(b), Plaintiffs' right to seek relief as to any assertion of breach of this Settlement Agreement pursuant to Paragraph 8 of this Settlement Agreement shall terminate sixty (60) calendar days after State and USCIS provide Plaintiffs the Notice of Completion under Paragraph 4.

9.      **No Admission of Liability.**  This Settlement Agreement is not and shall not be construed as an admission by Defendants of the truth of any allegation or the validity of any argument or claim asserted in the Cases, or of Defendants' liability therein.  Furthermore, the Parties shall not offer into evidence the terms of the Settlement Agreement in any civil, criminal or administrative action or proceeding other than proceedings that may be necessary to consummate or enforce this Settlement Agreement.

10.      **No Assignment.**  Plaintiffs represent and warrant that they are the sole and lawful owners of all right, title and interest in and to every claim and other matter which they purport to release herein, and that they have not heretofore assigned or transferred, or purported or attempted to assign or transfer to any person or entity any claims or other matters herein released. The Plaintiffs shall indemnify Defendants, and any of their departments, components and current or former employees, whether in their official or individual capacities, against, and defend and hold harmless from, any claims arising out of or relating to any such assignment or transfer of any claims or other matters released herein.

11.     **Entire Agreement**.  This Settlement Agreement contains the entire agreement between the Parties, and the Parties acknowledge and agree that no promise or representation not contained in this Settlement Agreement has been made to them, and they acknowledge and represent that this Settlement Agreement contains the entire understanding between the Parties, and contains all terms and conditions pertaining to the compromise and settlement of the disputes referenced herein.  No statement, remark, agreement, or understanding, oral or written, that is not contained herein shall be recognized or enforced, nor does this Settlement Agreement reflect any agreed-upon purpose other than the desire of the Parties to reach a full and final conclusion of the Cases and to resolve the Cases without the time and expense of further litigation.

12.     **Rule of Construction**.  The Parties through their counsel have negotiated the terms of this Settlement Agreement.  Any rule of construction providing that ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Settlement Agreement.  This Settlement Agreement shall be construed as if drafted by both Parties.

13.     **Collateral Use of Settlement Agreement Prohibited.**  The Parties have entered into this Settlement Agreement as a compromise measure to resolve all issues of controversy between them.  The terms of this Settlement Agreement, its substance, the negotiations leading up to the Settlement Agreement, and the information exchanged by the Parties in the course of those negotiations may not be offered, taken, construed or introduced as evidence by the Parties for any purpose, either in the Cases or in any pending or subsequent proceeding of any nature, except that in any subsequent action involving the enforcement, construction, or application of this Settlement Agreement, a copy of the Settlement Agreement may be presented to verify its contents.

14.     **Headings.**  The headings in this Settlement Agreement are for the convenience of the Parties only and shall not limit, expand, modify, or aid in the interpretation or construction of this Settlement Agreement.

15.     **Amendments; Waivers.**  This Settlement Agreement cannot be modified or amended except by an instrument in writing, agreed to and signed by the Parties or their counsel, nor shall any provision hereof be waived other than by a written waiver, signed by the Parties or their counsel.  Express waiver of any one provision shall not be deemed a waiver of any other provision.

16.     **Binding Nature of Settlement Agreement.**  This Settlement Agreement constitutes a final resolution of all claims brought by Plaintiffs in the Case in which they are Plaintiffs arising from acts allegedly taken against Plaintiffs in that Case by Defendants occurring prior to the Effective Date.  This Settlement Agreement shall be binding upon and inure to the benefit of the Plaintiffs and the Defendants and their respective heirs, executors, successors, assigns, entities, and personal representatives, including any person, entity, department, or agency succeeding to the interests or obligations of any party hereto, or having an interest herein.

17.     **Severability.**  The provisions of this Settlement Agreement shall be deemed severable, and any invalidity or unenforceability of any one or more of its provisions shall not affect the validity or enforceability of the other provisions herein.

18.     **Execution.**  This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, and all of which together shall be deemed one and the same instrument.  Facsimiles and electronic versions of signatures shall constitute acceptable, binding signatures for purposes of this Settlement Agreement.

19.     **Authorization.**  The Parties hereby warrant, represent, and guarantee that the person(s) executing this Settlement Agreement on their behalves are fully authorized to execute, deliver and perform this Settlement Agreement.

DATED: February 7, 2020

KELLER ROHRBACK L.L.P.

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION

By: _____

By: _____

Lynn Lincoln Sarko, WSBA # 16569
Tana Lin, WSBA # 35271
Derek W. Loeser, WSBA # 24274
Alison S. Gaffney, WSBA # 45565
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
Email: lsarko@kellerrohrback.com
       tlin@kellerrohrback.com
       dloeser@kellerrohrback.com
       agaffney@kellerrohrback.com

Lisa Nowlin, WSBA # 51512
P.O. Box 2728
Seattle, WA 98111
Tel.: (206) 624-2184
Email: lnowlin@aclu-wa.org

Laurie B. Ashton (admitted *pro hac vice*)
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012-2600
Tel.: (602) 248-0088
Fax: (602) 248-2822
Email: lashton@kellerrohrback.com

Alison Chase (admitted *pro hac vice*)
1129 State Street, Suite 8
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
Email: achase@kellerrohrback.com

*Counsel for Doe Case Plaintiffs/Cooperating
Attorneys for the American Civil Liberties
Union of Washington Foundation*

14

David Burman, WSBA No. 10611
Lauren Watts Staniar, WSBA No. 48741
Tyler Roberts, WSBA No. 52688
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
dburman@perkinscoie.com
lstaniar@perkinscoie.com
troberts@perkinscoie.com

Max S. Wolson, *Pro Hac Vice*
National Immigration Law Center
3450 Wilshire Blvd, #108-62
Los Angeles, CA 90010
Tel: (213) 639-3900
Fax: (213) 639-3911
wolson@nilc.org

Lauren E. Aguiar, *Pro Hac Vice*
Mollie M. Kornreich, *Pro Hac Vice*
Abigail E. Davis, *Pro Hac Vice*
Four Times Square
New York, NY 10036
Tel: (212) 735-3000
Fax: (212) 735-2000
lauren.aguiar@probonolaw.com
mollie.kornreich@probonolaw.com
abigail.sheehan@probonolaw.com

Elizabeth Sweet, *Pro Hac Vice*
Mark Hetfield, *Pro Hac Vice*
HIAS, Inc.
1300 Spring Street, Suite 500
Silver Spring, MD 20910
Tel: 301-844-7300
liz.sweet@hias.org
mark.hetfield@hias.org

Mariko Hirose, *Pro Hac Vice*
Deepa Alagesan, *Pro Hac Vice*
Linda Evarts, *Pro Hac Vice*
Kathryn C. Meyer, *Pro Hac Vice*
International Refugee Assistance Project
40 Rector Street, 9th Floor
New York, NY 10006
Tel: (646) 459-3044
mhirose@refugeerights.org
dalagesan@refugeerights.org
levarts@refugeerights.org
kmeyer@refugeerights.org

Justin B. Cox, *Pro Hac Vice*
International Refugee Assistance Project
PO Box 170208
Atlanta, GA 30317
Tel: (678) 279-5441
jcox@refugeerights.org

Melissa S. Keaney, *Pro Hac Vice*
International Refugee Assistance Project
PO Box 2291
Fair Oaks, CA 95628
Tel: (916) 546-6125
mkeaney@refugeerights.org

*Counsel for JFS Case Plaintiffs*

15

JOSEPH H. HUNT
Assistant Attorney General

AUGUST E. FLENTJE
Special Counsel

ALEXANDER K. HAAS
Director, Federal Programs Branch

JOSHUA E. GARDNER
Special Counsel, Federal Programs Branch

JOSHUA KOLSKY
KEVIN SNELL
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-7664
Fax: (202) 616-8470
Email: joshua.kolsky@usdoj.gov

*Counsel for Defendants*

Exhibit A -- Summary

Each case is only counted once in the below numbers. Thus, if a case appears on multiple tabs, it will only be counted on the first tab on which it is included. The below displays the total number of cases on each tab excluding cases that have already appeared on an earlier tab.

| Totals for Each Tab | Cases | Inds |
|---|---|---|
| Part 1 | 47 | 112 |
| Part 2 | 56 | 60 |
| Part 3 | 1 | 1 |
| Part 4 | 19 | 23 |
| Part 5 | 14 | 42 |
| Part 6 | 6 | 18 |
| Part 7 | 4 | 4 |
| Part 8 | 20 | 55 |
| Grand Total | 167 | 315 |

Data extracted from the Worldwide Refugee Admissions Processing System (WRAPS).
RPC/rpt_PRM/Litigation Reports/Litigation Exhibit A Parts 1-8
Report Run Date: 1/17/2020 9:39:47 AM

Filed Under Seal

**Exhibit A -- Lead Sheet**

**Part 1  FTJ and SAO cases designated Ready for Departure in WRAPS on October 23, 2017**

7 FTJ cases (defined as Follow to Join cases) and 40 SAO cases (defined as Refugee cases) identified in Exhibit A-Part 1 by case number and number of individuals who are included in each case.  These cases are the cases that remain pending as of January 17, 2020 of  the cases that were designated Ready for Departure in State's Worldwide Refugee Admissions Processing System ('WRAPS') on October 23, 2017

**Part 2  FTJ cases which were designated "pending completion granted" in CAMINO as of December 23, 2017**

58 FTJ cases identified in Exhibit A-Part 2 by case number and number of individuals who are included in each case.  These cases are cases that remain pending as of January 17, 2020 of the cases that were designated 'pending completion granted' in USCIS's Case and Activity Management for International Operations ('CAM NO') database as of December 23, 2017

**Part 3  FTJ cases which according to CAMINO, had a medical clearance expire between October 23, 2017 and February 1, 2018**

2 FTJ cases identified in Exhibit A-Part 3 by case number and number of individuals who are included in each case.  These cases are cases that remain pending as of January 17, 2020 of the cases that, according to the USCIS CAM NO database, had a medical clearance expire between October 23, 2017 and February 1, 2018

**Part 4  FTJ cases according to CAMINO, had a security clearance expire between October 23, 2017 and February 1, 2018**

28 FTJ cases identified in Exhibit A-Part 4 by case number and number of individuals who are included in each case.  These cases are cases that remain pending as of January 17, 2020 of the cases that, according to the USCIS CAM NO database, had a security clearance expire between October 23, 2017 and February 1, 2018

**Part 5  Cases previously selected by Plaintiffs from among those in the digital stamping queue in WRAPS between October 23, 2017 and February 1, 2018.**

14 SAO cases identified in Exhibit A-Part 5 by case number and number of individuals who are included in each case.  These cases are cases that remain pending as of January 17, 2020 of the thirty-two (32) cases previously selected by Plaintiffs from among those in the digital stamping queue in State's WRAPS system between October 23, 2017 and February 1, 2018

**Part 6  Cases of the Doe Case plaintiffs**

The 6 are the case numbers associated with Doe Case plaintiff Jeffrey Doe and Sophonie Bizimana

**Part 7  Cases of JFS Case plaintiffs Doe**

 The 7 cases listed in Exhibit A-Part 7 are the cases of JFS Case plaintiffs Doe 1, Doe 2, Doe 4, Doe 5, Doe 7, and Afkab Mohamed Hussein

**Part 8  Cases assured to 3 organizational plaintiffs - Plaintiffs Jewish Family Service of Seattle, Jewish Family Services of Silicon Valley, and the Episcopal Diocese of Olympia on October 23, 2017 or January 31, 2018.**

The 22 cases identified in Exhibit A-Part 8, by case number and number of individuals who are included in each case.  These cases are cases that remain pending as of January 17, 2020 of the thirty-three (33) cases that had an assurance to Plaintiffs Jewish Family Service of Seattle, Jewish Family Services of Silicon Valley, and the Episcopal Diocese of Olympia on October 23, 2017 or January 31, 2018

Filed Under Seal

Filed Under Seal

Filed Under Seal

Filed Under Seal

# Filed Under Seal

# Filed Under Seal

# Filed Under Seal

Filed Under Seal

Filed Under Seal

Exhibit A -- Part 8

Part 8  Cases assured to 3 organizational plaintiffs - Plaintiffs Jewish Family Service of Seattle, Jewish Family Services of Silicon Valley, and the Episcopal Diocese of Olympia on October 23, 2017 or January 31, 2018.

| Case Number | Case Size | Plaintiff Name |
|---|---|---|
| ET-944193 | 1 | Episcopal Diocese of Olympia |
| KE-529632* | 13 | Episcopal Diocese of Olympia |
| KE-565736 | 4 | Episcopal Diocese of Olympia |
| KU-101009 | 9 | Episcopal Diocese of Olympia |
| KU-101010 | 1 | Episcopal Diocese of Olympia |
| KU-101029 | 9 | Episcopal Diocese of Olympia |
| KU-101030 | 1 | Episcopal Diocese of Olympia |
| KU-101031 | 1 | Episcopal Diocese of Olympia |
| R-118486 | 1 | Jewish Family Services of Silicon Valley |
| R-119806 | 1 | Jewish Family Services of Silicon Valley |
| R-121453 | 1 | Jewish Family Services of Silicon Valley |
| IZ-143071 | 5 | Jewish Family Services of Silicon Valley |
| IZ-303562* | 1 | Plaintiffs Jewish Family Service of Seattle |
| IZ-303623 | 1 | Plaintiffs Jewish Family Service of Seattle |
| JO-124030 | 2 | Plaintiffs Jewish Family Service of Seattle |
| JO-129361 | 1 | Plaintiffs Jewish Family Service of Seattle |
| JO-129362 | 1 | Plaintiffs Jewish Family Service of Seattle |
| KE-563457 | 3 | Plaintiffs Jewish Family Service of Seattle |
| TC-101056 | 5 | Plaintiffs Jewish Family Service of Seattle |
| TU-405215 | 1 | Plaintiffs Jewish Family Service of Seattle |
| TU-405216 | 3 | Plaintiffs Jewish Family Service of Seattle |
| TU-408124 | 4 | Plaintiffs Jewish Family Service of Seattle |
| **Total Cases** | **22** | |
| **Total Inds** | **69** | |

**Exhibit B: Identities of Pseudonymous Plaintiffs**

*Doe et al. v. Trump et al.*, No. 17-0178 (W.D. Wash) ("*Doe* Case")

| Pseudonym | Real name |
|-----------|-----------|
| Joseph Doe | Joseph Doe ████████ |
| Jeffrey Doe | Jeffrey Doe ████ |

*Jewish Family Service of Seattle et al. v. Trump et al.*, No. 17-1707 (W.D. Wash.)

| Pseudonym | Real name |
|-----------|-----------|
| John Doe 1 | Doe 1 ████████████████ |
| John Doe 2 | Doe 2 ██████████████ |
| John Doe 3 | Doe 3 █████████ |
| Jane Doe 4 | Doe 4 ██████████████ |
| Jane Doe 5 | Doe 5 █████████ |
| Jane Doe 6 | Doe 6 █████ |
| John Doe 7 | Doe 7 ██████ |

Exhibit C

1
2

The Honorable James L. Robart

3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

| | |
|---|---|
| JOHN DOE, et al., | CASE NO. C17-0178JLR |
| Plaintiffs, | |
| v. | **STIPULATED DISMISSAL PURSUANT TO F.R.C.P. 41(A)(1)(A)(II)** |
| DONALD TRUMP, et al., | |
| Defendants. | |
| JEWISH FAMILY SERVICES, et al., | CASE NO. C17-1707JLR |
| Plaintiffs, | |
| v. | **(RELATING TO BOTH CASES)** |
| DONALD TRUMP, et al., | |
| Defendants. | |

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

STIPULATED DISMISSAL
(2:17-cv-00178-JLR)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

IT IS HEREBY STIPULATED AND AGREED by and between all parties, through their respective counsel, that the above-captioned actions are voluntarily dismissed, with prejudice, against all Defendants, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Each party shall bear its own fees and costs, and Plaintiffs may enforce the terms of the Settlement Agreement entered into in this case (attached as Exhibit A) as described therein.

STIPULATED DISMISSAL - 1
Case No. 2:17-cv-00178-JLR

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

RESPECTFULLY SUBMITTED BY:

DATED this ___th day of February, 2020

*s/ Lauren Watts Staniar*
David Burman, WSBA No. 10611
Lauren Watts Staniar, WSBA No. 48741
Tyler Roberts, WSBA No. 52688
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
dburman@perkinscoie.com
lstaniar@perkinscoie.com
troberts@perkinscoie.com

Max S. Wolson, *Pro Hac Vice*
National Immigration Law Center
3450 Wilshire Blvd, #108-62
Los Angeles, CA 90010
Tel: (213) 639-3900
Fax: (213) 639-3911
wolson@nilc.org

Lauren E. Aguiar, *Pro Hac Vice*
Mollie M. Kornreich, *Pro Hac Vice*
Abigail E. Davis, *Pro Hac Vice*
Four Times Square
New York, NY  10036
Tel: (212) 735-3000
Fax: (212) 735-2000
lauren.aguiar@probonolaw.com
mollie.kornreich@probonolaw.com
abigail.sheehan@probonolaw.com

*s/ Mariko Hirose*
Mariko Hirose, *Pro Hac Vice*
Deepa Alagesan, *Pro Hac Vice*
Linda Evarts, *Pro Hac Vice*
Kathryn C. Meyer, *Pro Hac Vice*
International Refugee Assistance Project
40 Rector Street, 9th Floor
New York, NY 10006
Tel: (646) 459-3044
mhirose@refugeerights.org
dalagesan@refugeerights.org
levarts@refugeerights.org
kmeyer@refugeerights.org

Justin B. Cox, *Pro Hac Vice*
International Refugee Assistance Project
PO Box 170208
Atlanta, GA  30317
Tel: (678) 279-5441
jcox@refugeerights.org

Melissa S. Keaney, *Pro Hac Vice*
International Refugee Assistance Project
PO Box 2291
Fair Oaks, CA 95628
Tel: (916) 546-6125
mkeaney@refugeerights.org

Elizabeth Sweet, *Pro Hac Vice*
Mark Hetfield, *Pro Hac Vice*
HIAS, Inc.
1300 Spring Street, Suite 500
Silver Spring, MD 20910
Tel: 301-844-7300
liz.sweet@hias.org
mark.hetfield@hias.org

*Counsel for Plaintiffs Jewish Family Service, et al.*

1

2

3

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION

KELLER ROHRBACK L.L.P.

4

By: /s/ Lisa Nowlin
    Lisa Nowlin, WSBA # 51512
    P.O. Box 2728
    Seattle, WA  98111
    Tel.: (206) 624-2184
    Email: lnowlin@aclu-wa.org

    *Attorneys for Plaintiffs*

5

6

7

8

By: /s/ Lynn Lincoln Sarko
By: /s/ Tana Lin
By: /s/ Derek W. Loeser
By: /s/ Alison S. Gaffney
    Lynn Lincoln Sarko, WSBA # 16569
    Tana Lin, WSBA # 35271
    Derek W. Loeser, WSBA # 24274
    Alison S. Gaffney, WSBA # 45565
    1201 Third Avenue, Suite 3200
    Seattle, WA  98101
    Tel.: (206) 623-1900
    Fax: (206) 623-3384
    Email: lsarko@kellerrohrback.com
           tlin@kellerrohrback.com
           dloeser@kellerrohrback.com
           agaffney@kellerrohrback.com

9

10

11

12

13

14

15

16

17

By: /s/ Laurie B. Ashton
    Laurie B. Ashton (admitted *pro hac vice*)
    3101 North Central Avenue, Suite 1400
    Phoenix, AZ  85012-2600
    Tel.: (602) 248-0088
    Fax: (602) 248-2822
    Email: lashton@kellerrohrback.com

18

19

20

21

By: /s/ Alison Chase
    Alison Chase (admitted *pro hac vice*)
    1129 State Street, Suite 8
    Santa Barbara, CA  93101
    Tel.: (805) 456-1496
    Fax: (805) 456-1497
    Email: achase@kellerrohrback.com

22

23

24

*Attorneys for Plaintiffs/Cooperating
Attorneys for the American Civil Liberties
Union of Washington Foundation*

25

26

STIPULATED DISMISSAL - 3
Case No. 2:17-cv-00178-JLR

1

2  JOSEPH H. HUNT
Assistant Attorney General

3

4  AUGUST E. FLENTJE
Special Counsel

5

6  JENNIFER D. RICKETTS
Director, Federal Programs Branch

7  JOSHUA E. GARDNER
Special Counsel, Federal Programs Branch

8

9    _/s/ Joshua Kolsky_____

10  JOSHUA KOLSKY
KEVIN SNELL

11  Trial Attorneys
U.S. Department of Justice

12  Civil Division, Federal Programs Branch
1100 L Street, NW

13  Washington, DC 20005
Tel: (202) 305-7664

14  Fax: (202) 616-8470
Email: joshua.kolsky@usdoj.gov

15

16  *Counsel for Defendants*

17

18

19

20

21

22

23

24

25

26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000